Trina Realmuto (CA SBN 201088)
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
Facsimile: (202) 742-5619
Email: trealmuto@immcouncil.org

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Case No. _____ <br><br> **Complaint for Declaratory and Injunctive Relief Under the Freedom of Information Act** <br><br> **Class Action** |

*(counsel for Plaintiffs continued)*

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com

Matt Adams (WSBA No. 28287)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
Email: matt@nwirp.org

Mary Kenney (DC 1044695)*
Claudia Valenzuela (IL 6279472)*
Emily Creighton (DC 1009922)*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile: (202) 742-5619
Email: mkenney@immcouncil.org
cvalenzuela@immcouncil.org
ecreighton@immcouncil.org

Counsel for Plaintiffs

*Applications for admission pro hac vice forthcoming*

### INTRODUCTION

1.      Plaintiffs are three immigration attorneys and two noncitizens who filed Freedom of Information Act ("FOIA") requests for individual immigration case files, also known as Alien Registration Files or A-Files. These A-File FOIA requests are pending with Defendants U.S. Citizenship and Immigration Services ("USCIS") or U.S. Immigration and Customs Enforcement ("ICE"), both component agencies within the U.S. Department of Homeland Security ("DHS"). Defendants have failed to make determinations within the statutory timeframe mandated by the FOIA statute. 5 U.S.C. § 552(a)(6)(A), (B). Instead, Plaintiffs and the classes of similarly situated FOIA requesters they seek to represent must wait for prolonged periods—generally months—before receiving complete A-Files.

2.      A-Files contain information that is critical to determining noncitizens' eligibility to apply for an immigration benefit or status, including lawful permanent resident status, or to defend against deportation. The ability to do either is stymied for as long as an individual's A-File FOIA request continues to linger—unprocessed—at USCIS or ICE.

3.      Plaintiffs seek to represent two nationwide classes of similarly situated individuals to challenge Defendants' pattern or practice of violating the FOIA statute in making timely determinations: (1) all individuals who filed, or will file, A-File FOIA requests with USCIS which have been pending, or will be pending, with USCIS for more than 30 business days without a determination; and (2) all individuals who filed, or will file, A-File FOIA requests with USCIS that USCIS has referred, or will refer, to ICE and which have been pending, or will be pending, for more than 30 business days from the date of the initial filing with USCIS without a determination.

4.      Defendants USCIS and ICE both have FOIA backlogs which contribute to delays in processing A-File FOIA requests. FOIA backlogs are defined as "[t]he number of requests or

administrative appeals that are pending at an agency at the end of the fiscal year that are beyond the statutory time period for a response."[1]

5.      Neither agency has allocated sufficient resources to the handling of FOIA requests. Defendant DHS is aware of these backlogs and has not acted to reduce them.

6.      Plaintiffs and members of the proposed classes they seek to represent suffer harm due to Defendants' failure to make timely determinations on their A-File FOIA requests. Without the information that they have requested through FOIA, Plaintiffs lack the documentation needed to assess their or their clients' immigration history. This history includes past applications or petitions filed with USCIS and past interactions with DHS enforcement agencies, which are often critical to assessing immigration options and potential defenses against deportation.

7.      Defendants' delays also prevent Plaintiffs and members of the proposed classes from moving forward with petitions and applications for which they or their clients may be eligible. This causes unnecessary emotional and financial hardship for individuals left in legal limbo while they wait to obtain the records that hold the key to assessing their immigration options in the United States.

8.      Due to Defendants' delays and the ensuing harm they cause, Plaintiffs seek class certification, declaratory relief, and injunctive relief ordering USCIS and ICE to respond to A-File FOIA requests and referrals, respectively, which have been pending for more than 30 business days without a determination and ordering USCIS and ICE to make timely determinations as required by FOIA. 5 U.S.C. § 552(a)(3), (a)(6).

---

[1]      DHS, 2018 Freedom of Information Report to the Attorney General of the United States and the Director of the Office of Government Information Services ("FY 2018 DHS FOIA Report") vii (2019), https://www.dhs.gov/sites/default/files/publications/DHS%20FY2018%20FOIA%20Report.pdf.

Complaint for Decl. and Inj. Relief

2

**JURISDICTION AND VENUE**

9.     This Court has jurisdiction under 5 U.S.C. § 552, *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

10.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendants are federal agencies; Plaintiffs Nightingale, McDermed, and Carandang reside in this District; and there is no real property involved in this action.

11.     Defendants' failure to make determinations concerning Plaintiffs' requests for A-Files within the statutory time period constitutes a constructive denial of Plaintiffs' requests. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**INTRADISTRICT ASSIGNMENT**

12.     The claims of Plaintiff Nightingale arise in the county of San Francisco, in the city of San Francisco. Therefore, assignment to the San Francisco Division of this Court is proper under N.D. Local Rule 3-2(d).

**PARTIES**

13.     Plaintiff Zachary Nightingale is an immigration attorney with an office in San Francisco, California. He has multiple numerous A-File FOIA requests filed with USCIS on behalf of his clients that have been pending for over 30 business days. USCIS has referred many of his clients' A-File FOIA requests to ICE, and several of these referrals have been pending for over 30 business days.

14.     Plaintiff Courtney McDermed is an immigration attorney with an office in Oakland, California. She currently has multiple A-File FOIA requests filed with USCIS on behalf of her clients that have been pending for over 30 business days. USCIS has referred many of her A-File FOIA requests to ICE, and several of these referrals have been pending for over 30

business days.

15.     Plaintiff Cheryl David is an immigration attorney with an office in New York, New York. She currently has multiple A-File FOIA requests filed with USCIS on behalf of her clients that have been pending for over 30 business days. USCIS has referred many of her A-File FOIA requests to ICE, and at least two of these referrals have been pending for over 30 business days.

16.     Plaintiff Pao Lopa resides in University Place, Washington. He currently has an A-File FOIA request filed with USCIS that has been pending for over seven months.

17.     Plaintiff Maribel Carandang resides in Freemont, California. She currently has an A-File FOIA request that USCIS referred to ICE. The request has been pending with USCIS and/or ICE for over thirteen months.

18.     Defendant USCIS is a component agency of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for adjudicating petitions and applications for certain immigration benefits in the United States. USCIS has in its possession, custody, and control Alien Registration Files, also known as A-Files.

19.     Defendant ICE is a component agency of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1). ICE is responsible for enforcing federal laws governing border control, customs, trade, and immigration. ICE has in its possession, custody, and control documents encompassed in Alien Registration Files, also known as A-Files.

20.     Defendant DHS is an executive agency of the United States and an agency within the meaning of 5 U.S.C. § 552(f)(1). Its responsibilities include enforcement and administration of the immigration laws of the United States. USCIS and ICE are component agencies within DHS. DHS has ultimate responsibility for ensuring that its components comply with the law, including the FOIA.

## FACTUAL ALLEGATIONS

### *USCIS's and ICE's FOIA Processing Times and Backlog*

21.     The statutory time period for a determination on a FOIA response is 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

22.     An agency may invoke an additional 10 business days to make a determination in the case of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

23.     USCIS has a pattern or practice of failing to comply with these statutory deadlines. USCIS's FOIA backlog—which has more than doubled between FY 2015 and FY 2017—is evidence of this pattern or practice. In FY 2015, the USCIS FOIA backlog stood at 16,247.[2] In FY 2017, the backlog had grown to 37,877.[3] By the end of FY 2018, USCIS reported a backlog of 41,329 pending requests.[4]

24.     There was no corresponding increase in FOIA requests to account for this increase in the backlog. In fact, the growth in number of requests during FY 2018 was less than one percent.[5] In the past decade, when USCIS experienced small increases in FOIA requests, it was able to significantly reduce the size of its backlog. In contrast, over the past few years, when USCIS has experienced only incremental increases in requests, the backlog has continued to grow.

25.     USCIS's FOIA backlog now exceeds the backlog of any other DHS component.

---

[2]     DHS Privacy Office, 2015 Freedom of Information Report to the Attorney General of the United States 18 (2016), https://www.dhs.gov/sites/default/files/publications/dhs-foia-annual-report-fy-2015.pdf.
[3]     DHS, 2017 Freedom of Information Report to the Attorney General of the United States and the Director of the Office of Government Information Services 17 (2018), https://www.dhs.gov/sites/default/files/publications/FY%202017%20DHS%20FOIA%20Annual%20Report.pdf.
[4]     FY 2018 DHS FOIA Report, at 19.
[5]     FY 2018 DHS FOIA Report, at 21.

In FY 2018, the DHS component agency with the second largest FOIA backlog after USICS was CBP at 6,600 cases.[6] USCIS's backlog is over 6 times that of CBP.

26. According to USCIS, the average current A-File FOIA request processing time exceeds the statutory deadline. Although there are slight variations in processing times from day to day, the average processing time for an A-File FOIA request was between 55 and 90 days, not including appeals, on the date of filing this Complaint.[7] By its own public accounting, USCIS is in violation of the FOIA statute. This time range does not include the large number of FOIA requests referred from USCIS to ICE, which often extends the processing times by months.

27. When USCIS finally responds to A-File FOIA requests, it routinely fails to produce the entire A-File. Rather, USCIS refers portions of responsive A-Files to ICE for it to make a determination about disclosure pursuant to regulations providing that an agency "may refer the responsibility for responding to the request or portion of the request to the component or agency best able to determine whether to disclose the relevant records, or to the agency that created or initially acquired the record as long as that agency is subject to the FOIA." Responsibility for Responding to Requests, 6 C.F.R. § 5.4(d)(3) (2019).

28. Even when USCIS transfers the responsibility for making a determination regarding an A-File FOIA request to ICE, the regulations make clear that "[a]ll . . . referrals received by DHS will be handled according to the date that the FOIA request initially was received by the first component or agency, not any later date." Responsibility for Responding to Requests, 6 C.F.R. § 5.4(g) (2019).

29. Nonetheless, following a referral from USCIS, ICE regularly exceeds the 20-

---

[6]    *Id.*
[7]    *Check Status of FOIA Request*, USCIS, https://first.uscis.gov/#/check-status (last visited June 19, 2019).

Complaint for Decl. and Inj. Relief

6

business day statutory timeframe for making determinations on A-File FOIA requests. ICE must treat the referred request as having been received on the date it was received by USCIS, but it routinely fails to make a determination before the statutory deadline.

30.     As of the close of FY 2018, ICE's FOIA backlog was 1,332.[8] However, as reported in the FY 2018 DHS FOIA Report, ICE did not provide an accurate accounting of the USCIS FOIA referrals it receives. In its report, DHS noted that "[d]ue to a tracking error, ICE did not account for 17,043 referrals that it received from USCIS during the reporting period."[9] Thus, ICE's FOIA backlog is higher than its public reporting.

31.     In an April 2012 report, the Government Accountability Office ("GAO") determined that the referral process between USCIS and ICE resulted in inefficiencies. Specifically, the referral process often results in an unnecessary duplication of efforts, which increases costs (and processing times) in responding to FOIA requests.[10]

32.     To address these deficiencies, GAO recommended that USCIS and ICE assess the viability of renewing a prior agreement that had permitted USCIS to process FOIA requests that included documents originating with ICE, such as A-File FOIA requests.[11] On information and belief, to date, USCIS and ICE have not entered into any new agreements that would address the GAO's key recommendation.

33.     USCIS has failed to make determinations on Plaintiffs' A-File FOIA requests within the timeframe required by statute. Exceptional circumstances do not justify USCIS's delay in processing Plaintiffs' and proposed class members' A-File FOIA requests.

---

[8]     FY 2018 DHS FOIA Report, at 19.
[9]     *Id.* at 6.
[10]    U.S. Gov't Accountability Office, GAO-15-82, *FOIA: DHS Should Take Steps to Improve Cost Reporting and Eliminate Duplicate Processing* 22, Figure 2 (2014), 20-21 https://www.gao.gov/assets/670/667052.pdf.
[11]    *Id.* at 33.

Complaint for Decl. and Inj. Relief

34.     USCIS has failed to allocate sufficient resources to address its FOIA backlog. USCIS does not allocate sufficient budgetary resources, nor does it allocate or hire a sufficient number of employees, to address the backlog.

35.     ICE has failed to make timely determinations on Plaintiffs' requests for A-Files that USCIS has referred to it. Exceptional circumstances do not justify ICE's delay in processing Plaintiffs' and proposed class members' A-File FOIA requests.

36.     ICE has failed to allocate sufficient resources to address its FOIA backlog. ICE does not allocate sufficient budgetary resources, nor does it allocate or hire a sufficient number of employees, to address the backlog.

37.     As such, Defendants USCIS's and ICE's backlogs demonstrate the existence of a pattern or practice of each agency failing to make determinations on FOIA requests within the statutory time period.

38.     Defendant DHS holds ultimate responsibility for USCIS's and ICE's pattern or practice of failing to make timely determinations in response to A-File FOIA requests. Defendant DHS reports on FOIA backlogs of its components after the close of each fiscal year. Fully aware of these backlogs, Defendant DHS failed to ensure that its components made reasonable progress in clearing out their backlogs to ensure timely determinations in response to A-File FOIA requests. DHS further failed to ensure that sufficient resources are allocated by each component to address their FOIA backlogs.

39.     In 2015, DHS, and another one of its component agencies, U.S. Customs and Border Protection ("CBP"), were sued in this District over a similar nationwide pattern or practice of failing to timely respond to FOIA requests. *See Brown v. CBP*, 132 F. Supp. 3d 1170 (N.D. Cal. 2015). That case ultimately settled after CBP decreased its backlog significantly over the course of the litigation. However, in denying the government's motion to dismiss that action,

this Court found that the plaintiffs had "describe[d] a longstanding and pervasive practice of unreasonable delay in CBP's response to FOIA requests" and that DHS and CBP's failure to meet the statutory response deadline was an "actionable violation of FOIA." *Id.* at 1172, 1174. The present lawsuit makes similar claims and seeks similar relief.

40. Defendants' position is that 5 U.S.C. § 552(a)(6)(A)(i) does not impose an affirmative obligation or require the agency to make a determination within the 20-business day specified statutory timeframe.

### *Harm to Plaintiffs and Proposed Class Members*

41. A-Files contain critical information for immigration cases. An individual's immigration history—including the individual's past interactions with immigration agencies and petitions and/or applications previously filed by or on behalf of the individual—affects his or her eligibility for immigration benefits in the United States. This history also can significantly impact the ability of individuals in removal proceedings to defend against deportation. Without it, individuals in removal proceedings are at a disadvantage. Defendant DHS, the prosecuting entity in these proceedings, has access to their entire immigration history, including documentation individuals may need to dispute allegations or charges against them as well as documentation that would enable them to qualify for relief from deportation.

42. Ascertaining the contents and disposition of past petitions or applications for immigration benefits is often necessary to determine an individual's eligibility for immigration benefits or relief, and provides critical information needed to accurately and fully complete relevant application forms.

43. For example, some individuals may be eligible to apply for lawful permanent resident status while inside the United States if an immigrant visa petition was filed on their behalf by a qualifying family member prior to April 30, 2001. *See* 8 U.S.C. § 1255(i). An A-File

would contain evidence of any such petition. Absent such evidence, an individual would be forced to leave the United States and wait in his or her country of origin for up to a year (or longer) in order to immigrate to the United States. For individuals facing deportation, evidence of a qualifying immigrant visa petition would permit them to defend against deportation by applying to adjust their status to lawful permanent resident before an immigration judge.

44.     In addition, A-Files can contain records regarding applications for asylum and related relief, including information about the date of any asylum interview, the asylum officer's interview notes, and the disposition; applications for Temporary Protected Status ("TPS"), *see* 8 U.S.C. § 1254a; or lesser known specialized forms of relief like Special Agricultural Worker ("SAW") status, *see* 8 U.S.C. § 1160, and relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-139, 111 Stat. 2644 (1997). Documents contained in A-Files can also provide important information regarding individuals who entered the United States as unaccompanied minors and therefore may qualify for benefits under 8 U.S.C. § 1232.

45.     An A-File could contain information about the manner and date of an individual's entry to the United States. Many, if not most, immigration forms request this information. For some immigration benefits, this will be a key factor in determining an individual's eligibility. In addition, because when and how an individual entered the United States can form the basis of a charge of removability, *see, e.g.*, 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7); 8 U.S.C. § 1231(a)(5), the records in the A-File are critical to individuals faced with admitting or rebutting such charges in removal proceedings before an immigration judge.

46.     Knowing the disposition of prior applications, including any appeals, is essential to assessing whether an individual can pursue the appeal or re-apply for a benefit in the present. This is particularly true for individuals who may have filed prior applications while *pro se* or

while represented by different counsel. Moreover, the only manner to ascertain the unknown disposition of an application with USCIS, including any administrative appeal, is by means of an A-File FOIA request.

47.     In addition, ICE documents contained in an A-File may include information critical to a removal case. For example, an immigration official, during an arrest, may have recorded information on a Form I-213 (Record of Deportable/Inadmissible Alien) or elsewhere that is incorrect and could be relied upon improperly as evidence of removability. Accessing those records in order to understand and contest their contents or admission into the record may be critical.

48.     To assess their options and make decisions that often have life-long consequences for themselves and family members, individuals need to have a complete and accurate picture of their immigration history and access to records that render them eligible (or ineligible) for immigration status, benefits or relief from deportation.

49.     Attorneys advising individuals seeking immigration status, benefits or relief must also have access to relevant immigration procedural histories in order to competently and timely advise their clients.

50.     Individuals and, where applicable, their attorneys are thus harmed by USCIS's and ICE's failure to timely process A-File FOIA requests.

### *Plaintiffs' FOIA Requests*

51.     Plaintiff Zachary Nightingale is an immigration attorney in San Francisco, California who represents clients before component agencies of DHS and the Executive Office for Immigration Review ("EOIR"), which consists of the immigration courts and the Board of Immigration Appeals ("BIA"). He has been practicing immigration law for approximately 23 years.

Complaint for Decl. and Inj. Relief

52.     Plaintiff Nightingale regularly files A-File FOIA requests on behalf of and at the request of his clients, who seek information maintained by DHS agencies, including USCIS and ICE. Plaintiff Nightingale requires the information in the A-File in order to adequately advise and represent his clients, including in defending against removal from the United States and applying for affirmative immigration benefits, such as applications for lawful permanent resident status and/or naturalization. The requested information may affect his clients' eligibility for different forms of immigration benefits and relief; it is therefore essential that he obtain the information from the A-File before filing for any immigration benefits.

53.     Plaintiff Nightingale currently has several A-File FOIA requests that have been pending with USCIS for more than 30 business days. Plaintiff Nightingale currently has several clients with A-File FOIA requests in which USCIS has produced some documents but has referred the remainder of the request to ICE. Those requests have been pending with ICE for more than 30 business days.

54.     Plaintiff Courtney McDermed is an immigration attorney in Oakland, California who represents clients before component agencies of DHS and EOIR, which consists of the immigration courts and the BIA. She has been practicing immigration law for over 15 years.

55.     Plaintiff McDermed regularly files A-File FOIA requests on behalf of and at the request of her clients, who seek information maintained by DHS agencies, including USCIS and ICE. Plaintiff McDermed requires the information in the A-Files to adequately advise and represent her clients, including in defending against deportation from the United States and applying for affirmative immigration benefits, such as lawful permanent resident status. The requested information may affect her clients' eligibility for different forms of immigration benefits and relief; it is therefore essential that she obtain the information from the A-Files before filing for any immigration benefits.

Complaint for Decl. and Inj. Relief

12

56.     Plaintiff McDermed currently has at least three A-File FOIA requests that have been pending with USCIS for more than 30 business days. She currently has at least five A-File FOIA requests in which USCIS has produced some documents but has referred the remainder of the request to ICE. Those requests have been pending with ICE for more than 30 business days.

57.     Plaintiff Cheryl David is an immigration attorney in New York, New York who represents clients before component agencies of DHS and EOIR. She has been practicing immigration law for over 20 years.

58.     Plaintiff David regularly files A-File FOIA requests on behalf of and at the request of her clients, who seek information maintained by DHS agencies, including USCIS and ICE. Plaintiff David requires the information in the A-Files to adequately advise and represent her clients, including in defending against deportation from the United States and applying for affirmative immigration benefits, such as lawful permanent resident status. The requested information may affect her clients' eligibility for different forms of immigration benefits and relief; it is therefore essential that she obtain the information from the A-Files before filing for any immigration benefits.

59.     Plaintiff David currently has at least seven A-File FOIA requests that have been pending with USCIS for more than 30 business days. Plaintiff David currently has at least two A-File FOIA requests in which USCIS has produced some documents but has referred the remainder of the request to ICE. Those requests have been pending with ICE for more than 30 business days.

60.     Plaintiff Pao Lopa filed a FOIA request for his A-file with USCIS. USCIS received the request on November 14, 2018 and issued a receipt number for his FOIA request, NRC2018168972, on November 14, 2018. He seeks information about his immigration history, including the naturalization application that he previously filed *pro se* that USCIS subsequently

Complaint for Decl. and Inj. Relief

denied. Although Plaintiff Lopa's A-File FOIA request has been pending with USCIS for more than seven months, he has not received the requested information.

61.     Plaintiff Maribel Carandang filed a FOIA request for her A-File with USCIS. Plaintiff Caradang was previously in removal proceedings, and an immigration judge granted her relief from deportation. She now seeks to naturalize, and her current attorneys require her A-File to adequately prepare for her naturalization interview.

62.     USCIS received the request on May 14, 2018 and issued a receipt number for her FOIA request, NRC2018070921. On October 9, 2018, USCIS notified Plaintiff Carandang that the agency completed its review of her request, identified 244 pages that were responsive, released 221 pages in their entirety and 14 pages in part, and withheld 1 page in full. In addition, USCIS informed Plaintiff Carandang that it located 8 pages of potentially responsive documents that may have originated from ICE and that it sent those documents and a copy of her FOIA request to the ICE FOIA Office for consideration and a direct response. To date, although Plaintiff Carandang's A-File FOIA request has been pending for over a year, ICE has not made a determination.

## **CLASS ACTION ALLEGATIONS**

63.     Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Plaintiffs seek injunctive and corresponding declaratory relief that applies generally to the proposed classes, as described below.

64.     The proposed classes consist of:

**USCIS Class:** All individuals who filed, or will file, A-File FOIA requests with USCIS which have been pending, or will be pending, with USCIS for more than 30 business days without a determination.

**ICE Referral Class:** All individuals who filed, or will file, A-File FOIA requests with USCIS that USCIS has referred, or will refer, to ICE and which have been pending, or will be pending, for more than 30 business days from the date of the initial filing with USCIS without a determination.

65.     The proposed classes are so numerous that joinder of all members is impracticable. The number of individuals who filed A-File FOIA requests with USCIS and the number of individuals who have A-File FOIA requests referred from USCIS to ICE is not known with precision by Plaintiffs but is easily ascertainable by Defendants. The FY 2018 DHS FOIA Report indicates that there were 41,329 pending requests in the USCIS backlog and at least 17,043 referrals unaccounted for by ICE in the most recent fiscal year for which DHS FOIA annual reports are available. This is in addition to the ICE backlog total of 1,332 pending requests.[12]

66.     Plaintiffs estimate that the number of A-File FOIA requests pending for more than 20 business days with USCIS is in the thousands. Similarly, Plaintiffs estimate that the number of A-File referrals pending with ICE for more than 20 business days likewise numbers in the thousands.

67.     The proposed classes meet the commonality requirement of Rule 23(a)(2) because, inter alia:

- All Plaintiffs and putative class members have or will have A-File FOIA requests that are pending for more than 30 business days without a determination by Defendant USCIS or Defendant ICE;

- Defendant USCIS and Defendant ICE routinely fail to make determinations on A-File FOIA requests within the required statutory timeframe;

- The A-File FOIA requests of all Plaintiffs and putative class members are or will be among those counted in Defendants' backlogs;

- Defendants' backlogs represent a pattern or practice of failing to comply with the FOIA deadlines for making determinations;

---

[12]     FY 2018 DHS FOIA Report, at 19.

Complaint for Decl. and Inj. Relief

- Defendants have failed to sufficiently address the backlogs, including by failing to allocate adequate budgetary resources to ensure that timely determinations are made on all FOIA requests and by failing to allocate or hire a sufficient number of employees to address the backlog; and

- Defendants' position is that 5 U.S.C. § 552(a)(6)(A)(i) does not impose an affirmative obligation or require the agency to make a determination within the 30-business day statutory timeframe.

68.     The claims of the Plaintiffs Nightingale, McDermed, David, and Lopa are typical of the claims of the proposed USCIS Class as a whole. The claims of Plaintiffs Nightingale, McDermed, David, and Carandang are typical of the claims of the proposed ICE Referral Class as a whole.

69.     Plaintiffs know of no conflict between their interests and those of the proposed class. The members of the proposed classes are ascertainable and identifiable through notice and discovery. In defending their own rights, Plaintiffs will defend the rights of all class members fairly and adequately.

70.     Plaintiffs are represented in this case by counsel with substantial knowledge of immigration and FOIA law, and extensive experience litigating class actions and complex cases. Plaintiffs' attorneys have the requisite level of expertise to adequately prosecute this case on their behalf and on behalf of the proposed classes.

71.     Defendants have failed to act on grounds generally applicable to each member of the proposed classes by failing to respond to A-File FOIA requests and referrals in a timely fashion.

72.     A class action is superior to other methods available for the fair and efficient adjudication of this controversy because joinder of all members of the class is impracticable.

Complaint for Decl. and Inj. Relief

## CAUSES OF ACTION

## COUNT ONE

**(Violation of FOIA Against Defendants DHS and USCIS)**
**(on behalf of All Attorney Plaintiffs, Plaintiff Lopa, and the Proposed USCIS Class)**

73. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

74. Defendants DHS and its component USCIS are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to A-File FOIA requests and to make a determination concerning each request within the time period set forth in 5 U.S.C. § 552(a)(6)—20 business days, to be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances." 5 U.S.C. § 522(a)(6)(B)(i).

75. Defendant DHS and its component Defendant USCIS have a nationwide pattern or practice of failing to make determinations regarding A-File FOIA requests within the statutory time period. No legal basis exists for the Defendants' nationwide pattern or practice of failing to meet the statutory deadline with respect to the A-File FOIA requests they receive.

## COUNT TWO

**(Violation of FOIA Against Defendants DHS and ICE)**
**(on behalf of All Attorney Plaintiffs, Plaintiff Carandang, and the Proposed ICE Referral Class)**

76. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

77. Defendant DHS and its component Defendant ICE are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to A-File FOIA requests and to issue a determination concerning each request within the time period set forth in 5 U.S.C. §

Complaint for Decl. and Inj. Relief

17

552(a)(6)—20 business days, to be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances." 5 U.S.C. § 522(a)(6)(B)(i).

78.     Once Defendant USCIS refers an A-File FOIA request to ICE, ICE is responsible for responding to the request or the portion of the request referred and must "handle[]" the referral "according to the date that the FOIA request initially was received by [USCIS], not any later date." Responsibility for Responding to Requests, 6 C.F.R. § 5.4(d)(3), (g) (2019).

79.     Defendant ICE regularly fails to timely adjudicate USCIS A-File FOIA referrals in accordance with its obligation under law.

80.     Defendant DHS and its component Defendant ICE have a nationwide pattern or practice of failing to make determinations regarding A-File FOIA referrals within the 30-business day statutory time period. No legal basis exists for the Defendants' nationwide pattern or practice of failing to meet the statutory deadline with respect to the A-File FOIA referrals they receive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1)     Assume jurisdiction over this action;

(2)     Certify a class pursuant to Federal Rule of Civil Procedure 23 in accordance with this Complaint's allegations;

(3)     Declare that Defendant USCIS's failure to make determinations on Plaintiffs' and proposed USCIS Class members' A-File FOIA requests within the statutory time frame violates the FOIA;

(4)     Declare that Defendant ICE's failure to make determinations on Plaintiffs' and proposed ICE Referral Class members' A-File FOIA requests that

have been referred by Defendant USCIS within the statutory time frame

violates the FOIA;

    (5)    Issue a nationwide injunction requiring Defendants to make

determinations on A-File FOIA requests and referrals that have been

pending for more than 30 business days with USCIS and/or ICE, within 60

business days of the Court's order or as the Court deems appropriate;

    (6)    Order USCIS and ICE to make determinations on A-File FOIA requests

and referrals of members of the proposed classes as mandated by 5 U.S.C.

§ 552(a)(6)(A)(i);

    (7)    Award costs and reasonable attorney fees incurred under 5 U.S.C. §

552(a)(4)(E); and

    (8)    Grant such further relief as the Court deems just and proper.

Dated: June 19, 2019

Respectfully submitted,

By: *s/ Trina Realmuto*

Trina Realmuto (CA SBN 201088)
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
Facsimile: (202) 742-5619
Email: trealmuto@immcouncil.org

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email:
Stacy@Tolchinimmigration.com

Mary Kenney (DC 1044695)*
Claudia Valenzuela (IL 6279472)*
Emily Creighton (DC 1009922)*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile: (202) 742-5619
Email:
mkenney@immcouncil.org
cvalenzuela@immcouncil.org
ecreighton@immcouncil.org

Matt Adams (WSBA No. 28287)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
Email: matt@nwirp.org

Attorneys for Plaintiffs


* Application for admission *pro hac vice* forthcoming

Complaint for Decl. and Inj. Relief