1
2
3
4
5
6

Trina Realmuto (CA SBN 201088)
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
Facsimile: (202) 742-5619
Email: trealmuto@immcouncil.org

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

7

8

UNITED STATES DISTRICT COURT FOR THE

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12
13
14

Zachary NIGHTINGALE; Courtney
McDERMED; Cheryl DAVID; Pao LOPA;
Maribel CARANDANG,

    Plaintiffs,

15

    v.

16
17
18
19

U.S. CITIZENSHIP AND IMMIGRATION SERVICES;
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; U.S. DEPARTMENT OF
HOMELAND SECURITY,

    Defendants.

No. 3:19-cv-03512-WHO

**Plaintiffs' Notice of Motion
and Motion for Class
Certification**

**Date:   October 2, 2019**
**Time:  2:00 P.M.**
**Judge William H. Orrick**

20
21
22
23
24
25
26
27
28

*(counsel for Plaintiffs continued)*

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com

Matt Adams (WSBA No. 28287)*
Leila Kang (WSBA No. 48048)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
Email:
matt@nwirp.org
leila@nwirp.org

Mary Kenney (DC 1044695)**
Claudia Valenzuela (IL 6279472)***
Emily Creighton (DC 1009922)**
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile: (202) 742-5619
Email:
mkenney@immcouncil.org
cvalenzuela@immcouncil.org
ecreighton@immcouncil.org

Counsel for Plaintiffs

*Admitted pro hac vice*
**Applications for admission pro hac vice pending*
***Application for admission pro hac vice forthcoming*

PLEASE TAKE NOTICE that on October 2, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard at the above-entitled court located at the San Francisco Courthouse, Courtroom 2 of the 17th floor, 450 Golden Gate Avenue, San Francisco, CA 94102, with the Honorable District Judge William H. Orrick presiding, Plaintiffs Zachary NIGHTINGALE, Courtney McDERMED, Cheryl DAVID, Pao LOPA, and Maribel CARANDANG will, and hereby do, move this Court for class certification pursuant to Federal Rule of Civil Procedure 23.

This motion is based on the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and such other evidence and argument as may be presented at the time of hearing. A proposed order accompanies these filings.

Respectfully submitted,

*s/ Trina Realmuto*
Trina Realmuto (CA SBN 201088)
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
(857) 305-3600
(202) 742-5619 (fax)
trealmuto@immcouncil.org

Matt Adams (WSBA No. 28287)*
Leila Kang (WSBA No. 48048)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
matt@nwirp.org
leila@nwirp.org

Mary Kenney (DC 1044695)**
Claudia Valenzuela (IL 6279472)***
Emily Creighton (DC 1009922)**
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7512
(202) 742-5619 (fax)
mkenney@immcouncil.org
cvalenzuela@immcouncil.org
ecreighton@immcouncil.org

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
(213) 622-7450
(213) 622-7233 (fax)
Stacy@Tolchinimmigration.com

*Attorneys for Plaintiffs*

* Admitted *pro hac vice*        ** Application for admission *pro hac vice* pending
*** Application for admission *pro hac vice* forthcoming

Dated: August 8, 2019

# TABLE OF CONTENTS

I.    MOTION AND PROPOSED CLASS DEFINITIONS .................................................1

II.   BACKGROUND ......................................................................................................2

    A.    The Importance of the A-File .......................................................................2

    B.    USCIS and ICE Backlogs.............................................................................6

    C.    Plaintiffs' Factual Backgrounds ...................................................................7

III.  THE COURT SHOULD CERTIFY THE PROPOSED CLASSES. ...................................9

    A.    Class Certification Requirements ..................................................................9

    B.    Both Classes Satisfy Rule 23(a) Prerequisites .........................................11

        1.    The Proposed Classes Are So Numerous that Joinder Is Impracticable ....11

        2.    The Proposed Classes Present Common Questions of Law and Fact ........14

        3.    Plaintiffs' Claims Are Typical of the Claims of the Members of the
             Proposed Classes ..................................................................................17

        4.    The Named Plaintiffs Will Adequately Protect the Interests of the
             Proposed Class, and Counsel Are Qualified to Litigate this Action ..........18

    C.    The Action Also Satisfies the Requirements of Rule 23(b)(2) ............................19

IV.   CONCLUSION ....................................................................................................20

1

## TABLE OF AUTHORITIES

2

3 **Cases**

4  *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. C11–2108 RAJ,
    2013 WL 5913323 (W.D. Wash. Nov. 4, 2013).................................................................10

5

6 *Adams v. Califano*, 474 F. Supp. 974 (D. Md. 1979)...........................................................19

7 *Alfaro Garcia v. Johnson*, No. 14-CV-01775-YGR, 2014 WL 6657591
    (N.D. Cal. Nov. 21, 2014)...............................................................................................9

8

9 *Allee v. Medrano*, 416 U.S. 802 (1974)..............................................................................15

10 *Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763 (8th Cir. 1971) ........................................11

11 *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001).............................................................17

12 *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579 (C.D. Cal. 2012)...........10, 13

13 *Barahona-Gomez v. Reno*, 167 F.3d 1228 (9th Cir. 1999) ................................................12

14 *Califano v. Yamasaki*, 442 U.S. 682 (1979) ......................................................................10

15

16 *Chhoeun v. Marin*, No. SACV 17-01898-CJC(GJSx), 2018 WL 6265014
    (C.D. Cal. Aug. 14, 2018) ................................................................................................9

17 *Clark v. Astrue*, 274 F.R.D. 462 (S.D.N.Y. 2011) .............................................................10

18

19 *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982)....................................................14, 17

20 *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).................................................17

21 *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964).....................11

22 *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270 (10th Cir. 1977) .................11

23 *Inland Empire—Immigration Youth Collective v. Nielsen*, No. EDCV 17–2048 PSG (SHKx),
    2018 WL 1061408 (C.D. Cal. Feb. 26, 2018) ...................................................................9

24

25 *Jones v. Diamond*, 519 F.2d 1090 (5th Cir. 1975) ...........................................................11

26 *LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985) ...........................................................17

27 *Lynch v. Rank*, 604 F. Supp. 30 (N.D. Cal. 1984).............................................................19

28 *Marcus v. Heckler*, 620 F. Supp. 1218 (N.D. Ill. 1985) ...................................................19

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust,*
   268 F.R.D. 670 (W.D. Wash. 2010) ........................................................................................11

*Nat'l Assoc. of Radiation Survivors v. Walters*, 111 F.R.D. 595 (N.D. Cal. 1986) .....................14

*Orantes-Hernandez v. Thornburgh*, 919 F.2d 549 (9th Cir. 1990) .................................................15

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ...............................................................16, 19, 20

*Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*, 611 F. Supp. 990
   (C.D. Cal. 1984) ......................................................................................................................11

*Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440 (1989) ...........................................................16

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010)...............................................................19, 20

*Rojas v. Johnson*, No. C16-1024-RSM, 2017 WL 1397749 (W.D. Wash. Jan. 10, 2017) ...........10

*Rosario v. U.S. Citizenship & Immigration Servs.,* No. C15-0813JLR,
   2017 WL 3034447 (W.D. Wash. July 18, 2017)....................................................................10

*Sanchez v. Barr*, 919 F.3d 1193 (9th Cir. 2019) .............................................................................3

*Santillan v. Ashcroft*, No. C 04-2686, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) ....................9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) .........................9

*Stewart v. Assocs. Consumer Discount Co.*, 183 F.R.D. 189 (E.D. Pa. 1998)..............................14

*Sueoka v. United States*, 101 F. App'x 649 (9th Cir. 2004) ..........................................................14

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)............................................................14, 16

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) ...........................................................................18

*Wang v. Chinese Daily News, Inc.*, 737 F.3d 538 (9th Cir. 2013) .................................................14

*Wilderness Soc'y, Inc. v. Rey*, 622 F.3d 1251 (9th Cir. 2010) ......................................................16

**Statutes**

5 U.S.C. § 552(a)(3) .......................................................................................................................16

5 U.S.C. § 552(a)(6) ...................................................................................................................1, 2, 16

5 U.S.C. § 552(a)(6)(A).............................................................................................................1, 19

5 U.S.C. § 552(a)(6)(A)(i) ................................................................................................2, 20

5 U.S.C. § 552(a)(6)(B) ....................................................................................................1, 19

5 U.S.C. § 552(a)(6)(B)(i) ......................................................................................................2

8 U.S.C. § 1182(c) (1994) ......................................................................................................6

8 U.S.C. § 1229b ....................................................................................................................6

8 U.S.C. § 1255 ......................................................................................................................6


**Regulations**

6 C.F.R. § 5.4(d)(3) ...............................................................................................1, 4, 16, 20

6 C.F.R. § 5.4(g) .............................................................................................................1, 2, 20


**Rules**

Fed. R. Civ. P. 23(a)(1) ..................................................................................................11, 14

Fed. R. Civ. P. 23(a)(2) ........................................................................................................14

Fed. R. Civ. P. 23(a)(3) ........................................................................................................17

Fed. R. Civ. P. 23(a)(4) ........................................................................................................18

Fed. R. Civ. P. 23(b)(2) ...................................................................................................19, 20


**Other Authorities**

Privacy Act; Alien File (A-File) and Central Index System (CIS) Systems of Records, 72 Fed.
    Reg. 1755, 1757 (Jan. 16, 2007)........................................................................................3

## I.    MOTION AND PROPOSED CLASS DEFINITIONS

Plaintiffs are challenging routine and systemic violations of their right to obtain timely access to immigration case files by two component agencies of Defendant Department of Homeland Security (DHS), namely Defendant U.S. Citizenship and Immigration Services (USCIS) and Defendant U.S. Immigration and Customs Enforcement (ICE). These immigration files, commonly known as A-Files, provide information that is essential to Plaintiffs' and putative class members' immigration cases, including their eligibility to apply for immigration benefits, to change their existing immigration status, to defend against removal, to work, and to travel freely. Under the Freedom of Information Act (FOIA), Defendants are required to respond to requests for A-Files within, at most, 30 business days, including when Defendant USCIS has referred all or a portion of the request to Defendant ICE. *See* 5 U.S.C. § 552(a)(6)(A), (B); 6 C.F.R. § 5.4(d)(3), (g). Instead Defendants have a pattern or practice of failing to make determinations on the FOIA requests within the statutory time period; indeed, Defendants generally take several months and up to a year to respond. Consequently, Plaintiffs ask this Court for declaratory and injunctive relief.

Whether Defendants' failure to adjudicate A-File FOIA requests within 30 business days is unlawful is a legal question that is appropriate for resolution on a class-wide basis, making certification appropriate. Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move this Court to certify the following classes:

> **USCIS Class:** All individuals who filed, or will file, A-File FOIA requests with USCIS which have been pending, or will be pending, with USCIS for more than 30 business days without a determination.

> **ICE Referral Class:** All individuals who filed, or will file, A-File FOIA requests with USCIS that USCIS has referred, or will refer, to ICE and which have been pending, or will be pending, for more than 30 business days from the date of the initial filing with USCIS without a determination.

Mx. for Class Cert.                                                    Case No. 3:19-cv-03512-WHO

1

Plaintiffs further request that the Court: designate Plaintiffs Zachary Nightingale, Courtney McDermed, Cheryl David, and Pao Lopa to represent the USCIS Class; designate Plaintiffs Nightingale, McDermed, David, and Maribel Carandang to represent the ICE Referral Class; and appoint undersigned counsel to represent both classes.

## II.    BACKGROUND

The Freedom of Information Act requires that an agency make a determination on a FOIA request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). In the case of "unusual circumstances," with a limited exception not relevant here, an agency may extend its response time by "no more than ten working days" provided it sends the requestor "written notice." 5 U.S.C. § 552(a)(6)(B)(i).

USCIS has a pattern or practice of failing to make a determination within this statutory timeframe, even when acting on straightforward FOIA requests for a noncitizen's immigration file, also known as an "A-File." ICE similarly has a pattern or practice of failing to make a determination on A-File FOIA requests referred to it from USCIS within this statutory timeframe, despite the requirement that "[a]ll . . . referrals received by DHS will be handled according to the date that the FOIA request initially was received by the first component or agency, not any later date." 6 C.F.R. § 5.4(g).

### A.    The Importance of the A-File

DHS and its components—USCIS, ICE, and U.S. Customs and Border Protection (CBP)—maintain comprehensive files on all noncitizens in the United States, commonly referred to as A-Files. *See* USCIS, *A-Files Numbered Below 8 Million*, https://www.uscis.gov/history-and-genealogy/genealogy/files-numbered-below-8-million#WhatAreAFilesCite (Feb. 9, 2016). These files contain documents relating to all interactions that a noncitizen has had with an immigration agency or officer. Consequently, an A-File is a comprehensive repository of a

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

2

noncitizen's immigration history, including, inter alia: verification of immigration status at various points in time; copies of applications or petitions filed by, or on behalf of, the noncitizen; details regarding an individual's entry into the United States; and information relevant to the ability to defend against deportation should DHS initiate removal proceedings. *See* Privacy Act; Alien File (A-File) and Central Index System (CIS) Systems of Records, 72 Fed. Reg. 1755, 1757 (Jan. 16, 2007) ("The hardcopy paper A-File . . . contains all the individual's official record material such as: naturalization certificates; various forms and attachments (e.g., photographs); applications and petitions for benefits under the immigration and nationality laws; reports of investigations; statements; reports; correspondence; and memoranda on each individual for whom DHS has created a record under the Immigration and Nationality Act. Subsets of information may be used to determine eligibility for citizenship under Section 320 of the Immigration and Nationality Act."); *see also, e.g.*, Ex. A1, Nightingale Dec. ¶5; Ex. A3, McDermed Dec. ¶¶5-6; Ex. A4, Abrutyn Dec. ¶6; Ex. A7, Asch Dec. ¶3; Ex. A9, Ellison Dec. ¶4; Ex. A11, Lee Dec. ¶6; Ex. A12, Falgout Dec. ¶5; Ex. A13, Dobrin Dec. ¶¶3-4.

The only way a noncitizen or his or her attorney can obtain a copy of an A-File is to submit a FOIA request.[1] This is true even for noncitizens in removal proceedings, as discovery is not available. *See Sanchez v. Barr*, 919 F.3d 1193, 1196 (9th Cir. 2019) (Paez, J., concurring) (noting that discovery is not available in removal proceedings); *see also, e.g.*, Ex. A3, McDermed Dec. ¶7 (obtaining A-File is particularly important in removal proceedings); Ex. A5, Cleveland Dec. ¶9 (no discovery in removal proceedings); Ex. A11, Lee Dec. ¶7 (A-File for unaccompanied minors in removal proceedings, who "have trouble recounting their own immigration history"

---

[1]     *See* USCIS, *Submitting FOIA Requests*, https://www.uscis.gov/about-us/freedom-information-and-privacy-act-foia/how-file-foia-privacy-act-request/submitting-foia-requests (Apr. 12, 2016).

Mx. for Class Cert.                                                                                    Case No. 3:19-cv-03512-WHO

3

and often "are not the keepers of their documents"); Ex. A12, Falgout Dec. ¶7 (without A-File, unable to determine eligibility for relief for client and child in removal proceedings); Ex. A13, Dobrin Dec. ¶4 (records of prior interactions with ICE or CBP critical to assessing removal defense strategy). Immigration attorneys regularly file FOIA requests for A-Files to obtain the history of a client's interactions with the immigration system. DHS instructs that all FOIA requests for A-Files must be sent to USCIS.[2] If an A-File contains information that ICE created or originally acquired, USCIS may refer responsibility for processing all, or a portion of the FOIA request, to ICE. *See* 6 C.F.R. § 5.4(d)(3).

Defendants' delays in responding to an A-File FOIA request place attorneys, their clients, and noncitizens seeking their records without the assistance of counsel at a distinct disadvantage. Without the A-File, attorneys cannot assess a client's affirmative or defensive immigration options. For example, A-Files contain critical information needed to determine if an individual is a U.S. citizen or is eligible for an immigration benefit, including to adjust his or her status to that of a lawful permanent resident. *See e.g.*, Ex. A8, Taurel Dec. ¶9 (A-File needed to assess adjustment eligibility for clients who have been granted Deferred Action for Childhood Arrivals); Ex. A10, Hansen Dec. ¶¶5-6, 10 (A-File important for assessing eligibility for naturalization or derivation of citizenship). Consequently, attorneys may have to postpone filing for immigration benefits or seek to continue immigration hearings, which may prolong their immigration cases or delay their receipt of lawful status. *See, e.g.*, Ex. A4, Abrutyn Dec. ¶7 (inability to establish agency error and seek termination of removal proceedings due to FOIA delay); Ex. A10, Hansen Dec. ¶7 (delays in FOIA response times cause delays in filing naturalization applications); Ex.

---

[2]    *See* USCIS, *How to File a FOIA/PA Request*, https://www.uscis.gov/about-us/freedom-information-and-privacy-act-foia/how-file-foia-privacy-act-request/how-file-a-foiapa-request (July 24, 2019); ICE, *FOIA Overview*, https://www.ice.gov/foia/overview (July 24, 2018).

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

4

A12, Falgout Dec. ¶7 (immigration judge ordered deadline to file applications for relief, where attorney is unable to determine eligibility for relief due to delayed response to FOIA request); Ex. A14, Phelps Dec. ¶10 (delay in receiving A-File impeding asylee's ability to seek adjustment of status). The absence of the A-File also puts noncitizens at risk of having a USCIS officer or immigration judge deny an application, such as for naturalization or cancellation of removal, based on a statement or testimony considered to be inconsistent with a previous statement in the A-File. *See, e.g.*, Ex. A2, David Dec. ¶10 (clients placed into removal proceedings after filing for citizenship); Ex. A10, Hansen Dec. ¶¶5-6 (clients risk denial of naturalization application and initiation of removal proceedings by filing applications without reviewing A-File); Ex. A14, Phelps Dec. ¶8 (attorneys unable to respond to USCIS' notice of intent to deny client's application without first obtaining A-File). Similarly, asylum seekers are at risk of having an immigration judge deny their applications if their attorneys cannot access the paperwork from the previous interview with an asylum officer—information that would inform and strengthen the asylum application and permit the applicant to be prepared to explain any inconsistencies or translation errors. *See, e.g.*, Ex. A1, Nightingale Dec. ¶12 (A-File delay affecting client's ability to timely file asylum application containing sufficient details); Ex. A3, McDermed Dec. ¶7 (A-File needed to "review the [asylum] officer's notes and conclusions" from a previous credible fear interview); Ex. A5, Cleveland Dec. ¶¶12-13 (A-File needed to review asylum officers' interview notes). Information in the A-File also is critical to developing a strategy for defending against deportation in removal proceedings. *See, e.g.*, Ex. A2, David Dec. ¶4 (A-File needed for clients to assess eligibility to adjust status or possibility to terminate removal proceedings based on citizenship claim); Ex. A6, Hall Dec. ¶10 (A-File contains evidence relevant to noncitizen's eligibility for cancellation of removal); Ex. A8, Taurel Dec. ¶7 (A-File allows attorney to, inter alia, "minimize surprises at trial" and "prepare a client for cross-examination"); Ex. A13, Dobrin

Mx. for Class Cert.                                                        Case No. 3:19-cv-03512-WHO

5

Dec. ¶3 (A-File required to apply for immigration benefits before USCIS, particularly where client has submitted prior applications). For example, it may contain evidence needed to establish an individual's place and manner of entry, length of time in the United States, criminal history, and prior immigrant visa petitions filed on his or her behalf—all of which are common elements of certain forms of relief from removal under the Immigration and Nationality Act (INA). *See, e.g.*, 8 U.S.C. § 1255 (adjustment of status); *id.* § 1229b (cancellation of removal); 8 U.S.C. § 1182(c) (1994) (former § 212(c) relief). Furthermore, an A-File may contain information relating to an individual's encounters with immigration or other law enforcement, which informs an attorney's assessment of the viability of moving to suppress evidence or terminate proceedings.

## B. USCIS and ICE Backlogs

DHS defines a backlog in the FOIA context as "[t]he number of requests or administrative appeals that are pending [] at the end of the fiscal year that are beyond the statutory time period for a response."[3] DHS' annual reports on FOIA statistics reveal a widespread pattern or practice of USCIS and ICE failing to make determinations on FOIA requests within the statutory time periods. From 2013 to the present, USCIS' backlog increased each year, with significant growth in the past four years.[4] For at least a decade, the agency has consistently failed to devote

---

[3]      DHS, *2018 Freedom of Information Act Report to the Attorney General of the United States and the Director of the Office of Government Information Services* ("FY 2018 DHS FOIA Report"), vii (Mar. 2019), https://tinyurl.com/yybjwfkn.

[4]      DHS, *2013 Freedom of Information Act Report to the Attorney General of the United States* ("FY 2013 DHS FOIA Report"), 18 (Feb. 2014), https://tinyurl.com/y595lby5 (3,394 backlogged requests); DHS, *2014 Freedom of Information Act Report to the Attorney General of the United States* ("FY 2014 DHS FOIA Report"), 17 (Feb. 2015), https://tinyurl.com/y3csxtrm (5,026 backlogged requests); DHS, *2015 Freedom of Information Act Report to the Attorney General of the United States* ("FY 2015 DHS FOIA Report"), 18 (Feb. 2016), https://tinyurl.com/y3suqjgv (16,247 backlogged requests); DHS, *2016 Freedom of Information Act Report to the Attorney General of the United States* ("FY 2016 DHS FOIA Report"), 17 (Feb. 2017), https://tinyurl.com/y6fvlud5 (35,763 backlogged requests); DHS, 2017 Freedom of Information Act Report to the Attorney General of the United States and the Director of the Office of Government Information Services ("FY 2017 DHS FOIA Report"), 17 (Feb. 2018),

---

Mx. for Class Cert.                                                    Case No. 3:19-cv-03512-WHO

6

sufficient resources to its FOIA operations, only occasionally increasing its personnel to attempt

to reduce, but never eliminate, the backlog.[5] USCIS' FOIA backlog more than doubled between

FY 2015 and FY 2017, growing from 16,247 in FY 2015[6] to 37,877 in FY 2017.[7] By the end of

FY 2018, USCIS' backlog was 41,329, the largest, by far, of any DHS agency.[8] Many of the total

number of FOIA requests submitted to USCIS each year are for A-Files.[9]

ICE's reported backlog more than tripled between FY 2017 and FY 2018, jumping from

391 to 1,332 at the end of FY 2018.[10] Moreover, in FY 2018, because ICE underreported the

USCIS FOIA referrals it received, failing to account for 17,043 referrals, its actual backlog would

have been much higher.[11] ICE's FY 2018 FOIA backlog likely includes hundreds if not

thousands of the unreported USCIS FOIA referrals.

## C.    Plaintiffs' Factual Backgrounds

Plaintiffs Zachary Nightingale, Courtney McDermed, and Cheryl David are immigration

attorneys ("Attorney Plaintiffs") who regularly file FOIA requests for A-Files on behalf of their

clients. They file these requests to assess their clients' eligibility for immigration benefits, and to

---

https://tinyurl.com/y2dclogy (37,887 backlogged requests); FY 2018 DHS FOIA Report, at 21
(41,329 backlogged requests).
[5]     For example, between 2012 and 2013, USCIS increased the number of FOIA adjudicators
from 213 to 355.45 and was able to reduce the backlog to 3,394. *See* DHS, 2012 Freedom of
Information Act Report to the Attorney General of the United States ("FY 2012 DHS FOIA
Report"), 16 (Feb. 2013), https://tinyurl.com/y66bq6cm; FY 2013 DHS FOIA Report, at 15. The
number of employees was reduced to 221.5 in 2014 and has never again reached the 2013 staff
total. *See* FY 2014 DHS FOIA Report, at 16; 2015 (227); 2016 (246); 2017 (304); 2018 (338).
[6]     DHS Privacy Office, 2015 Freedom of Information Report to the Attorney General of the
United States 18 (2016), https://tinyurl.com/y3suqjgv.
[7]     FY 2017 DHS FOIA Report, at 17.
[8]     FY 2018 DHS FOIA Report, at 19.
[9]     Office of Gov't Info. Servs., *Compliance Review of Immigration and Customs
Enforcement and Freedom of Information Act Program* (Oct. 18, 2016),
https://tinyurl.com/y29swspt ("Records referred to ICE from USCIS as part of the processing of
requests for Alien Files, or A-Files, are a vast majority of ICE's FOIA workload.").
[10]     FY 2018 DHS FOIA Report, at 19.
[11]     *Id.* at 6.

---

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

7

defend against deportation, and they will continue to file such requests in the future. Ex. A1, Nightingale Dec. ¶¶4-8; Ex. A3, McDermed Dec. ¶¶3, 5-7; Ex. A2, David Dec. ¶¶3-4, 6. Plaintiffs Pao Lopa and Maribel Carandang ("Noncitizen Plaintiffs") are noncitizens who filed FOIA requests with USCIS for copies of their A-Files. Cmplt. ¶¶60, 61.

All Attorney Plaintiffs and Plaintiff Lopa had A-File FOIA requests that were pending with USCIS without a determination for more than 30 days at the time the instant Complaint was filed. *See* Cmplt. ¶¶53 (several), 56 (at least three), 59 (at least seven), 60 (one); *see also* Ex. A1, Nightingale Dec. ¶4; Ex. A3, McDermed Dec. ¶4; Ex. A2, David Dec. ¶3. All Attorney Plaintiffs and Plaintiff Carandang had A-File FOIA requests that they filed with USCIS, USCIS subsequently referred to ICE, and had been pending for more than 30 days since initial filing with USCIS, at the time this Complaint was filed. Cmplt. ¶¶53 (several), 56 (at least five), 59 (at least two), 61 (one); *see also* Ex. A1, Nightingale Dec. ¶4; Ex. A3, McDermed Dec. ¶4; Ex. A2, David Dec. ¶3.

Plaintiff Pao Lopa filed a FOIA request for his A-File with USCIS on November 14, 2018 to obtain information about his immigration history, including a previously filed naturalization application. Cmplt. ¶60. Mr. Lopa's A-File FOIA request was pending with USCIS for more than seven months at the time the Complaint was filed, and he still has not received the requested information. Ex. C, USCIS, *FOIA/PA Check Status* (Receipt No. NRC2018168972) (retrieved Aug. 7, 2019).

Plaintiff Carandang filed an A-File FOIA request with USCIS on May 14, 2018 to obtain documents related to her immigration history, including prior removal proceedings, in order to adequately prepare for a naturalization interview. Cmplt. ¶61; Ex. A1, Nightingale Dec. ¶11. On October 9, 2018, USCIS responded by releasing and withholding certain documents, and referred 8 pages of potentially responsive documents that may have originated from ICE to the ICE FOIA

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

8

1   Office. Cmplt. ¶62; Ex. A1, Nightingale Dec. ¶11. At the time this Complaint was filed, Ms.

2   Carandang's A-File FOIA request had been pending for over a year since it was initially filed

3   with USCIS. ICE still has not made a determination on the portion of her request referred to it.

4   Ex. D, USCIS, *FOIA/PA Check Status* (Receipt No. NRC2018070921) (retrieved Aug. 7, 2019).

5   **III.    THE COURT SHOULD CERTIFY THE PROPOSED CLASSES.**

6           **A.    Class Certification Requirements**

7           To obtain class certification, the proposed class must satisfy the four prerequisites

8   enumerated in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements

9   of Rule 23(b). Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the

10  specified criteria to pursue [his or her] claim as a class action." *Shady Grove Orthopedic Assocs.,*

11  *P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

12          Courts in the Ninth Circuit, including this Court, routinely grant class certification to

13  noncitizens challenging immigration policies and practices. *See, e.g.*, *Alfaro Garcia v. Johnson*,

14  No. 14-CV-01775-YGR, 2014 WL 6657591, at *16 (N.D. Cal. Nov. 21, 2014) (certifying

15  nationwide class in case challenging government's failure to provide timely reasonable fear

16  interviews); *Santillan v. Ashcroft*, No. C 04-2686, 2004 WL 2297990, at *12 (N.D. Cal. Oct. 12,

17  2004) (certifying nationwide class of lawful permanent residents challenging USCIS' delays in

18  issuing documentation of their status); *Chhoeun v. Marin*, No. SACV 17-01898-CJC(GJSx)*,*

19  2018 WL 6265014, at *7 (C.D. Cal. Aug. 14, 2018) (certifying nationwide class of released

20  Cambodian nationals with final orders of removal facing detention without cause); *Inland*

21  *Empire—Immigration Youth Collective v. Nielsen*, No. EDCV 17–2048 PSG (SHKx), 2018 WL

22  1061408, at *14 (C.D. Cal. Feb. 26, 2018) (certifying nationwide class of Deferred Action for

23  Childhood Arrivals  recipients whose benefits were terminated without notice or cause); *Rosario*

24  *v. U.S. Citizenship & Immigration Servs.*, No. C15-0813JLR, 2017 WL 3034447, at *12 (W.D.

Mx. for Class Cert.                                         Case No. 3:19-cv-03512-WHO

9

Wash. July 18, 2017) (granting nationwide certification to class of initial asylum applicants challenging USCIS' delays in adjudicating employment authorization applications); *Rojas v. Johnson*, No. C16-1024-RSM, 2017 WL 1397749, at *7 (W.D. Wash. Jan. 10, 2017) (certifying a nationwide class and two subclasses of asylum seekers challenging defective asylum application procedures); *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. C11–2108 RAJ, 2013 WL 5913323, at *2 (W.D. Wash. Nov. 4, 2013) (certifying nationwide class and approving a settlement amending practices by EOIR and USCIS that precluded asylum applicants from receiving employment authorization).

In reviewing whether to certify a nationwide class, courts also consider whether (1) there are similar cases currently pending in other jurisdictions, and (2) the plaintiffs are challenging a nationwide policy or practice. *See, e.g.*, *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579, 589 (C.D. Cal. 2012); *Clark v. Astrue*, 274 F.R.D. 462, 471 (S.D.N.Y. 2011). To the best of counsel's knowledge, there are no similar cases currently pending in other jurisdictions. While there are pending actions in other jurisdictions challenging USCIS and ICE FOIA delays in individual cases, counsel is unaware of any cases challenging the systemic failure by USCIS and ICE to comply with the FOIA's statutory timeframe. Moreover, this issue can only be addressed on a nationwide level. USCIS is the primary custodian of A-Files and, as such, all FOIA requests must be initiated and filed with USCIS. *See supra* Section II.A. As such, USCIS' and ICE's statutory violations of the FOIA have *de facto* nationwide reach and are particularly amenable to class-wide treatment. *See Clark*, 274 F.R.D. 462 at 471 (finding nationwide class appropriate because the "scope of injunctive relief is dictated by the extent of the violation established" (quoting *Califano v. Yamasaki,* 442 U.S. 682, 702 (1979)).

Mx. for Class Cert.                                                                 Case No. 3:19-cv-03512-WHO

10

**B.** **Both Classes Satisfy Rule 23(a) Prerequisites**

**1.** **The Proposed Classes Are So Numerous that Joinder Is Impracticable**

Rule 23(a) requires, first, that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).

Nor does Rule 23(a)(1) require a fixed number of class members; to the contrary, relatively few class members can suffice. *See, e.g.*, *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275-76 (10th Cir. 1977) (41-46 class members); *Jones v. Diamond*, 519 F.2d 1090, 1100 n.18 (5th Cir. 1975) (suggesting 48 class members would suffice), *abrogated on other grounds by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978); *Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (20 class members held sufficient); *McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673-76 (W.D. Wash. 2010) (finding numerosity and certifying class with 27 known members); *Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*, 611 F. Supp. 990, 995 (C.D. Cal. 1984) ("There is no fixed number of class members which either compels or precludes the certification of a class.").

Both proposed classes meet the numerosity requirement. With respect to the proposed USCIS class, Plaintiffs reasonably estimate hundreds, if not thousands, of attorneys and noncitizens constitute class members. *See infra* Section II.A. The declarations of immigration attorneys substantiate, at a minimum, at least 173 A-File FOIA requests filed on behalf of noncitizens that have been pending with USCIS for more than 30 business days without a determination, and at least 139 A-File FOIA requests that USCIS has referred to ICE and have been pending for more than 30 business days. Ex. A1, Nightingale Dec. ¶4 (16 FOIA requests pending, of which at least 4 are pending with ICE); Ex. A2, David Dec. ¶3 (5 with USCIS, 7 with

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

11

ICE); Ex. A3, McDermed Dec. ¶¶3-4 (5 with USCIS, 6 with ICE); Ex. A4, Abrutyn Dec. ¶4 (11

with USCIS); Ex. A5, Cleveland Dec. ¶¶6-7 (office-wide estimate of 15 with USCIS and 15 with

ICE); Ex. A6, Hall Dec. ¶¶4-5 (office-wide estimate of 45 with USCIS and 3 with ICE); Ex. A7,

Asch Dec. ¶9 (2 with USCIS, 1 with ICE); Ex. A8, Taurel Dec. ¶3 (2 with USCIS); Ex. A9,

Ellison Dec. ¶6 (7 with USCIS); Ex. A11, Lee Dec. ¶4 (7 with USCIS); Ex. A12, Falgout Dec.

¶¶6, 9 (office-wide estimate of 50 with USCIS and 100 with ICE); Ex. A13, Dobrin Dec. ¶¶5-6

(at least 10 with USCIS and 3 with ICE); Ex. A14, Phelps Dec. ¶¶8, 10 (identifying at least 2

pending with USCIS). Additionally, these declarants—immigration attorneys who practice in

multiple different cities across the nation—describe chronic delays after submitting FOIA

requests for A-Files for nearly all their clients, ranging from around 4 to 12 months, and in some

cases, over a year. Ex. A1, Nightingale Dec. ¶4 (4 to 7 months); Ex. A2, David Dec. ¶5 (4 to 8

months); Ex. A5, Cleveland Dec. ¶5 (2 to 12 months, or longer); Ex. A6, Hall Dec. ¶6 (4 to 7

months for A-Files of clients in removal proceedings, and 5 to 10 months for others); Ex. A8,

Taurel Dec. ¶3 (1 to 4 months for A-Files of clients in removal proceedings, 5 to 9 months for

others); Ex. A9, Ellison Dec. ¶7 (4 to 6 months); Ex. A11, Lee Dec. ¶5 (3 to 7 months); Ex. A12,

Falgout Dec. ¶6 (generally 6 months or longer); Ex. A13, Dobrin Dec. ¶5 (6 to 12 months).

     Because most of the FOIA requests to USCIS are A-File requests and USCIS almost

never makes these determinations within 30 days, A-File FOIA requests comprise a significant

number of USCIS' current backlog. At the close of FY 2018, the backlog totaled 41,329.

Defendants know the exact number of putative USCIS class members who have not received a

determination on their A-File FOIA requests. *Accord Barahona-Gomez v. Reno*, 167 F.3d 1228,

1237 (9th Cir. 1999) ("[Immigration officials are] uniquely positioned to ascertain class

Mx. for Class Cert.                                                      Case No. 3:19-cv-03512-WHO

12

1    membership.").[12]

2    Similarly, the proposed ICE Referral Class meets the numerosity requirement. Plaintiffs

3    reasonably estimate that there are at least several hundred members of this class, and likely

4    several thousand. *See supra* Section II.A. At the end of FY 2018, ICE documented a backlog of

5    1,332 FOIA requests.[13] The attorney declarants substantiate this by evidencing at least 139 A-File

6    FOIA requests that USCIS referred to ICE and that have been pending for more than 30 business

7    days since they were initially filed. *See supra* pp. 11-12.  Moreover, as with the USCIS class,

8    declarants describe a pattern or practice of such delays on ICE's part, consistent with its own

9    backlog report. Practitioners across the United States report having numerous A-File FOIA

10   requests submitted to USCIS that are then referred to ICE for additional review and release but

11   remain pending more than 30 business days after initial filing, with delays ranging anywhere

12   from around 4 to 12 months, and sometimes over a year. Ex. A1, Nightingale Dec. ¶4 (6 to 12

13   months); Ex. A2, David Dec. ¶3 (6 months); Ex. A6, Hall Dec. ¶6 (1 to 2 months of additional

14   delay beyond USCIS processing time); Ex. A8, Taurel Dec. ¶3 (1 to 4 months of additional delay

15   beyond USCIS processing time); Ex. A12, Falgout Dec. ¶9 (generally 6 months or longer,

16   sometimes nonresponsive); Ex. A13, Dobrin Dec. ¶6 (4 to 12 months).

17   Three additional reasons establish that both proposed classes satisfy the numerosity

18   requirement. First, caselaw confirms that, since Plaintiffs seek injunctive and declaratory relief,

19   the "requirement is relaxed and plaintiffs may rely on . . . reasonable inference[s] arising from

20   plaintiffs' other evidence that the number of unknown and future members of [the] proposed

21   subclass . . . is sufficient to make joinder impracticable." *Arnott*, 290 F.R.D. at 586 (quoting

---

[12]    Joinder of proposed USCIS Class members also is impracticable because Defendants do not provide the number of A-File FOIA requests in any publicly available information.
[13]    FY 2018 DHS FOIA Report, at 19.

Mx. for Class Cert.                                                    Case No. 3:19-cv-03512-WHO

13

*Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004)) (alterations in original). Second, the proposed class includes individuals who will be subjected to Defendants' delays in the future; when the class includes "unnamed, unknown future members," joinder is impracticable and thus "the numerosity requirement is . . . met, regardless of class size." *Nat'l Assoc. of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986) (internal quotation marks and citation omitted). And third, even if numerosity were a close question here (which it is not), this Court still should certify the class at this initial stage. *See Stewart v. Assocs. Consumer Discount Co.*, 183 F.R.D. 189, 194 (E.D. Pa. 1998) ("[W]here the numerosity question is a close one, the trial court should find that numerosity exists, since the court has the option to decertify the class later pursuant to Rule 23(c)(1).").

Thus, both proposed classes satisfy the numerosity criterion of Rule 23(a)(1).

### 2.    The Proposed Classes Present Common Questions of Law and Fact

Rule 23(a) also requires that the case involve "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court explained that commonality requires that the "class members 'have suffered the same injury.'" 564 U.S. 338, 350 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Further, the plaintiffs' claims "must depend upon a common contention of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. However, the plaintiffs need not show that all questions, "or even a preponderance of questions," to meet this standard; instead, "[s]o long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (quoting *Wal-Mart*, 564 U.S. at 544).

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

14

Here, members of both proposed classes satisfy this standard. Defendant USCIS and Defendant ICE both have engaged—and continue to engage—in a pattern and practice of failing to make determinations on A-File FOIA requests within the time period mandated by statute. Cmplt. ¶¶33-37, 75, 80. Defendants' own statistics—documenting ever-growing backlogs of FOIA requests—demonstrate that each Defendant engages in such a pattern and practice. Cmplt. ¶¶23, 29-30; *see also supra* Section II.B. DHS defines a FOIA backlog as "[t]he number of requests or administrative appeals that are pending . . . at the end of the fiscal year that are beyond the statutory time period for a response."[14] Given this definition, these backlogs are themselves proof of a pattern or practice.

USCIS' backlog grew from 16,247 to 41,329 between FY 2015 and FY 2018, while ICE's backlog grew from 555 to 1,332 during that same period.[15] The existence within each agency of thousands of FOIA requests in which determinations have not been made within the statutory time period constitutes a pattern or practice of failure to meet the statutory time frames. *Accord Allee v. Medrano*, 416 U.S. 802, 815 (1974) (finding that prospective injunctive relief may be "appropriate" where there is a showing of a "persistent pattern of . . . misconduct."); *see also Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 555-56, 558-59 (9th Cir. 1990) (noting that injunctive relief was available to combat a persistent pattern and practice of misconduct violative of plaintiff's rights). Members of each class, by definition, are part of USCIS' and ICE's backlogs. Cmplt. ¶ 64 (defining both USCIS and ICE classes as individuals whose A-File FOIA requests have been, or will be pending, for more than 30 business days after filing). The declarations submitted by immigration practitioners across the nation, *see* Exs. A1-A14, further

---

[14]    FY 2018 DHS FOIA Report, at vii.
[15]    FY 2015 DHS FOIA Report, at 20; FY 2018 DHS FOIA Report, at 21. Moreover, in FY 2018, ICE underreported the USCIS FOIA referrals it received, failing to account for 17,043 referrals. FY 2018 DHS FOIA Report, at 6.

Mx. for Class Cert.                                                    Case No. 3:19-cv-03512-WHO

15

1    establish Defendants USCIS' and ICE's pattern of failing to make timely determinations on A-
2    File FOIAs.

3          Members of each proposed class all share a common injury: the delayed receipt of
4    determinations on their A-File FOIA requests filed with USCIS, and, with respect to the ICE
5    Referral class, subsequently referred by USCIS to ICE. *See Pub. Citizen v. U.S. Dep't of Justice*,
6    491 U.S. 440, 449 (1989) (explaining that the Supreme Court has held that a FOIA requester who
7    sought records and did not receive them has been injured) (citations omitted); *Wilderness Soc'y,*
8    *Inc. v. Rey*, 622 F.3d 1251, 1258 (9th Cir. 2010) ("Courts have found similar statutory rights to
9    information—the deprivation of which can give rise to concrete injury sufficient for the purposes
10   of Article III standing—under the Freedom of Information Act"). Moreover, Plaintiffs' claims
11   with respect to each class depend upon a common contention, namely that Defendant USCIS' and
12   ICE's pattern and practice of failing to make determinations on A-File FOIA requests within 30
13   business days from the date that a request is filed with USCIS violates 5 U.S.C. § 552(a)(3),
14   (a)(6), and with respect to ICE, also violates 6 C.F.R. § 5.4(d)(3), (g). Resolution of this
15   contention will fully resolve the case for all proposed class members.

16        Thus, the "glue," *Wal-Mart*, 564 U.S. at 352, that holds each class together is each
17   Defendants' pattern or practice of failing to make determinations in A-File FOIA cases within the
18   statutorily mandated time frame. All members of the two proposed classes are or will be impacted
19   by these practices. Further, the practices are either "unlawful as to every [putative class member]
20   or [they are] not. The inquiry does not require [the Court] to determine the effect of those policies
21   and practices upon any individual class member . . . or to undertake any other kind of
22   individualized determination." *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014).

23        In short, Plaintiffs' injuries and those of putative class members of both classes are
24   capable of class-wide resolution through declaratory relief declaring Defendants' delays unlawful

Mx. for Class Cert.                                Case No. 3:19-cv-03512-WHO

16

under the FOIA statute and implementing regulations, and injunctive relief requiring that these unlawful delays cease.

### 3.    Plaintiffs' Claims Are Typical of the Claims of the Members of the Proposed Classes

The third Rule 23(a) criterion is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typical" simply means that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (internal quotation marks and citation omitted).

Factual differences among class members therefore do not defeat typicality where, as here, the named Plaintiffs challenge a uniform policy or practice and suffer injuries similar to those of the proposed class members, "result[ing] from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005); *see also, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (the typicality rule's "permissive standards" only require the plaintiff representative's claims to be "reasonably co-extensive with those of absent class members; they need not be substantially identical"), *overruled on other grounds by Wal-Mart*; *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985) ("The minor differences in the manner in which the representative's Fourth Amendment rights were violated does not render their claims atypical of those of the class." (internal footnote omitted)).

Here, the claims of the named Plaintiffs are typical of the claims of putative class members encapsulated in the proposed class definitions for the USCIS Class and ICE Referral Class. All Attorney Plaintiffs and Plaintiff Lopa have A-File FOIA requests filed with USCIS which have been pending for over 30 days, and thus fit precisely within the USCIS Class. Similarly, all Attorney Plaintiffs and Plaintiff Carandang fall within the ICE Referral Class: all

Mx. for Class Cert.                                                                     Case No. 3:19-cv-03512-WHO

17

have filed A-File FOIA requests with USCIS that have been referred to ICE and which remain

pending without a determination from ICE more than 30 days since they were filed.

Given that the named Plaintiffs are members of the proposed classes, raise common legal

claims and are united in their interest and injury, the element of typicality is met.

### 4. The Named Plaintiffs Will Adequately Protect the Interests of the Proposed Class, and Counsel Are Qualified to Litigate this Action

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect

the interests of the class." "Whether the class representatives satisfy the adequacy requirement

depends on 'the qualifications of counsel for the representatives, an absence of antagonism, a

sharing of interests between representatives and absentees, and the unlikelihood that the suit is

collusive.'" *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) (citations omitted).

The named Plaintiffs each seek relief on behalf of their respective class as a whole and

have no interest antagonistic to other members of the class; they will thus fairly and adequately

protect the interests of the class they seek to represent. Their mutual goal is to challenge

Defendants' unlawful practices and to obtain declaratory and injunctive relief that would not only

cure this illegality but remedy the injury suffered by all current and future class members. They

thus seek a remedy for the same injuries, and all share an interest in ensuring that Defendants

make determinations in response to their A-File FOIAs within the statutory time periods. Thus,

the interests of the representatives and of the class members are aligned.[16]

Plaintiffs' counsel are adequate. Counsel are considered qualified when they can establish

their experience in previous class actions and cases involving the same field of law. *See, e.g.,*

---

[16] Even though a defendant can "moot out" a class plaintiff's claim after the lawsuit is filed, the Supreme Court has made clear that such a mooted-out plaintiff may still serve as class representative when the claim in the lawsuit is capable of repetition yet evading review, which is the case here. *E.g., Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991); *see also, e.g., Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090-91 (9th Cir. 2011).

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO

18

*Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984); *Marcus v. Heckler*, 620 F. Supp. 1218, 1223-24 (N.D. Ill. 1985); *Adams v. Califano*, 474 F. Supp. 974, 979 (D. Md. 1979). Plaintiffs are represented by attorneys from the American Immigration Council, the Northwest Immigrant Rights Project, and the Law Firm of Stacy Tolchin, who all have extensive experience in handling complex and class action litigation in the immigration field. *See* Ex. B1, Realmuto Dec.; Ex. B2, Kenney Dec.; Ex. B3, Adams Dec.; Ex. B4, Tolchin Dec. Counsel have represented numerous classes of immigrants in actions that successfully obtained class relief and will zealously represent named and putative class members.

### C.    The Action Also Satisfies the Requirements of Rule 23(b)(2)

Federal Rule of Civil Procedure 23(b)(2), under which Plaintiffs seek certification, requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class." It also "requires 'that the primary relief sought is declaratory or injunctive.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (citation omitted). The rule "does not require an examination of the viability or bases of class members' claims for declaratory and injunctive relief," but of whether class members seek uniform relief from a practice applicable to all of them. *Parsons*, 754 F.3d at 688 (citation omitted). This suit satisfies the requirements of Rule 23(b)(2) as Defendants have a nationwide pattern or practice of inaction that is injurious to the rights and interests of the Plaintiffs and members of the putative classes.

Plaintiffs Nightingale, McDermed, David and Lopa, individually and on behalf of the proposed USCIS Class, challenge—and seek declaratory and injunctive relief from—Defendant USCIS' pattern or practice of failing to make determinations on A-File FOIA requests within the statutory timeframe mandated by the FOIA statute, 5 U.S.C. § 552(a)(6)(A), (B). Cmplt. ¶74. Similarly, Plaintiffs Nightingale, McDermed, David, and Carandang, individually and on behalf of the ICE Referral Class, challenge Defendant ICE's pattern or practice of failing to make

Mx. for Class Cert.                                                              Case No. 3:19-cv-03512-WHO

19

determinations on A-File FOIA requests initially filed with USCIS and referred to it, within the timeframe compelled by statute and implementing regulations, 6 C.F.R. § 5.4(d)(3), (g), and seek the same relief as the USCIS Class. Cmplt. ¶¶74-77. Specifically, all Plaintiffs seek an order from this Court declaring the challenged conduct of both Defendants unlawful, ordering each Defendant to make determinations on A-File FOIA requests and referrals that have been pending for more than 30 business days within 60 business days of the Court's order, and ordering each Defendant to make determinations on A-File FOIA requests and referrals of members of the proposed classes as mandated by 5 U.S.C. § 552(a)(6)(A)(i). Cmplt., Prayer for Relief ¶¶ 5, 6.

Defendants' violations of the FOIA statute and implementing regulations demonstrate that each agency has acted "on grounds that apply generally" to the respective class, thereby making "final injunctive relief or corresponding declaratory relief . . . appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also, e.g.*, *Rodriguez*, 591 F.3d at 1126 (finding that class of noncitizens detained during immigration proceedings met Rule 23(b)(2) criteria because "all class members' [sic] seek the exact same relief as a matter of statutory or, in the alternative, constitutional right"); *Parsons*, 754 F.3d at 688 (holding that Rule 23(b)(2) "requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole").

For the foregoing reasons, the requirements of Rule 23(b)(2) are met.

## IV.   CONCLUSION

For the reasons detailed in this motion, the proposed USCIS Class and ICE Referral Class are entitled to class certification under Rule 23. Plaintiffs accordingly request that the Court grant this motion and issue the accompanying proposed order.

//

Mx. for Class Cert.                                                                Case No. 3:19-cv-03512-WHO

1                                        Respectfully submitted,

2

3  _s/ Trina Realmuto_
   Trina Realmuto (CA SBN 201088)          Mary Kenney (DC 1044695)**
4  American Immigration Council            Claudia Valenzuela (IL 6279472)***
   1318 Beacon Street, Suite 18            Emily Creighton (DC 1009922)**
5  Brookline, MA 02446                     American Immigration Council
   (857) 305-3600                          1331 G Street NW, Suite 200
6  (202) 742-5619 (fax)                    Washington, DC 20005
   trealmuto@immcouncil.org                (202) 507-7512
7                                          (202) 742-5619 (fax)
   Matt Adams (WSBA No. 28287)*            mkenney@immcouncil.org
8  Leila Kang (WSBA No. 48048)*            cvalenzuela@immcouncil.org
   Northwest Immigrant Rights Project      ecreighton@immcouncil.org
9  615 Second Avenue, Suite 400
   Seattle, WA 98104                       Stacy Tolchin (CA SBN 217431)
10 (206) 957-8611                          Law Offices of Stacy Tolchin
   (206) 587-4025 (fax)                    634 S. Spring St., Suite 500A
11 matt@nwirp.org                          Los Angeles, CA 90014
   leila@nwirp.org                         (213) 622-7450
12                                         (213) 622-7233 (fax)
13                                         Stacy@Tolchinimmigration.com

14                               _Attorneys for Plaintiffs_

15

16 * Admitted _pro hac vice_
   ** Application for admission _pro hac vice_ pending
17 *** Application for admission _pro hac vice_ forthcoming

18 Dated: August 8, 2019

19

20

21

22

23

24

25

26

27

28

---

Mx. for Class Cert.                                    Case No. 3:19-cv-03512-WHO