## DECLARATION OF ZACHARY M. NIGHTINGALE

I, Zachary M. Nightingale, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice by the state bar of California. I am a partner in the firm of Van Der Hout LLP (previously known as Van Der Hout, Brigagliano & Nightingale, LLP), located at 180 Sutter Street, Suite 500, San Francisco CA 94104. The firm employs 11 attorneys.

2. I have practiced law since 1996. I am licensed to practice law before all the courts of the State of California, and several federal District and Circuit courts. I graduated from Stanford Law School in 1996. I am certified by the State Bar of California as an expert in Immigration and Nationality law. Since 1996, my practice has been almost exclusively in the area of immigration law. In that time, I estimate that I have represented over a thousand individuals in proceedings (or affirmative applications and petitions) before the (then) Immigration and Naturalization Service, U.S. Citizenship and Immigration Services ("USCIS"), Immigration and Customs Enforcement ("ICE"), the Department of Homeland Security ("DHS"), the Immigration Courts (Executive Office for Immigration Review, "EOIR"), the Board of Immigration Appeals ("BIA)", the United States District Courts, and the United States Courts of Appeals. I have lectured many times throughout the United States on many aspects of immigration law at continuing legal education seminars, including at the annual national conferences of the American Immigration Lawyers Association ("AILA"), as several other national and state-wide conferences. In June 2003, I was the recipient of AILA's Jack Wasserman award for excellence in immigration litigation. I have successfully litigated, as the attorney of record, several cases published as precedent by the Ninth Circuit Court of Appeals, and many more that were not designated as precedent.

3. It is my standard practice, and the practice of the attorneys employed at my firm, when representing clients in their immigration matters to conduct background investigations to ensure that the clients and I have as much relevant information on which to base a legal strategy. A critical part of that investigation is to obtain any existing immigration-related records through a Freedom of Information Act ("FOIA) request. I file such requests for any and all clients who have had any past encounter with or filed any application or petition with any federal immigration authority in the United States. This includes, but is not limited to, requesting A-files (for those clients who have them) from USCIS. I am aware that most if not all FOIA requests for documents prepared by, or in the possession of, ICE, must be directed to USCIS. Therefore, when I file A-file FOIA requests to USCIS, I expect that I will receive a response, as relevant, from both USCIS and possibly ICE as well. In my office, when a client hires our firm and me to represent them, we often assign a team of professionals to the case, so an associate attorney as well as myself may be part of that representation team. Therefore, when we file A-file FOIA requests on behalf of our clients, the requests are sometimes in my

Exhibit A1

name and sometimes in the name of an associate attorney at our firm.

4. I estimate that I file between 50 and 100 FOIA requests a year for my clients. At this time, my clients have at least 16 pending FOIA requests that are awaiting response from USCIS or ICE. Nearly all of those requests are for A-file FOIA requests and all have been pending with USCIS for more than 30 business days without a determination, and at least 4 of those have been pending with ICE for more than 30 business days from the date of initial filing with USCIS.. Indeed, in my experience, it generally takes USCIS between four and seven months (but sometimes longer) to respond to A-file FOIA requests, and it takes ICE at least six months, and sometimes 12 months or more to respond after USCIS has referred pages of the A-file to ICE..

5. Receipt of the A-file or other documents through the FOIA request process is often crucial to effective and competent representation of my clients, for various reasons. For example, it is crucial in some cases to know what information my clients have previously furnished to USCIS or ICE in the form of prior applications or attached documentation. This information could include a declaration in support of a prior asylum application, or evidence provided in support of a bona fide marriage (in connection with a visa petition). It could also include answers provided in a sworn application regarding the existence of a criminal record.

6. Sometimes it turns out to be the case that a prior representative (attorney or notary) filed and prepared an application on my client's behalf which the client may have signed but the contents of which my client was unaware. Being able to obtain copies of those records in order to prepare my client to respond to questions or to further substantiate (or otherwise respond to) a claim is crucial to proper and responsible representation. In other circumstances, the existence of a prior petition filed on my client's behalf will provide them with an avenue for relief from removal or eligibility for a benefit today (such as qualifying for adjustment of status under Immigration and Nationality Act ("INA") § 245(i) which requires that a petition was filed on their behalf before April 30, 2001). The only way to obtain evidence of that prior petition is to request a copy of the records through FOIA as the clients often no longer have those records from events approximately 20 years ago (or at times much longer).

7. In yet other cases, we are hired by clients to take over their immigration case, but the client was not provided a complete copy of the file by the prior representative (who may or may not be an attorney). The only way to be certain about what documents, forms or information were filed with USCIS or the Immigration Court is to obtain a copy of the complete file through a FOIA request for the A-file. If there is an ongoing proceeding – before USCIS or the Immigration Courts, it is particularly important to obtain those records in a timely manner.

8. Furthermore, if a client has a case before the Immigration Court, and following the decision of the Immigration Judge, there is an appeal (by either party) to the Board of Immigration Appeals ("BIA"), then in the course of the BIA appeal, the

BIA judges will review the entire administrative record of proceedings. However, when the appeal is filed and processed, the BIA does *not* provide a copy of that administrative record to the litigants (only the typed transcription of the audio recording is provided on appeal, but not the written record before the Court). Therefore, if I am hired by an individual to represent them before the BIA on an appeal, the only way to obtain a copy of the record of the case before the Immigration Court (which is the exact record that will be at issue before the BIA and which is necessary for any cogent legal brief) is to file an A-file FOIA request. However, the BIA appeal process will proceed on its own timeline independent of any response to a FOIA request, which means in the absence of a timely FOIA response, it will not be possible to effectively represent the individual on appeal (unless the prior attorney or representative has his or her own copy of the full record, which is not always the case). Although such FOIA request can be made to EOIR as well as USCIS, a complete response to both requests is often necessary for effective representation, as information in the A-file can help identify additional legal issues or forms of relief that may have been missed by prior counsel or are relevant to the issues on appeal (and which could be the subject of a remand request).

9. The FOIA process is often long and delayed, by both USCIS and ICE. It typically takes several months after an initial request is made for the USCIS response to a FOIA request to arrive. It is very common that USCIS withholds some pages (or parts of some pages) which necessitates an administrative appeal. The processing of those appeals also takes several months. So it can total close to a year before that relevant information is received from USCIS. Worse still, USCIS often informs us in its FOIA response that it has determined that some pages in the A-file cannot be released by USCIS but instead have to be forwarded to ICE so that ICE can make the determination whether to release them. Attached to this declaration is a typical example of this response. USCIS supposedly forwards that information to the ICE FOIA unit. However, it often is the case that my office does not receive any further communication from ICE for several months. Sometimes I receive the response from ICE after several months. Other times, I receive no communication from ICE at all (including receiving no receipt with a case number to use to follow up). In those situations, I have to initiate communication with ICE myself to follow up just to receive a receipt number and acknowledgement that the FOIA request remains pending. It is then often several weeks or months after that I receive the FOIA response from ICE. In other cases, I receive no response from ICE even after multiple such inquiries. In my experience, the coordination between USCIS and ICE in that regard is inconsistent and unreliable, because in many instances, I receive no response from ICE until I initiate the inquiry process (often with only the USCIS receipt number).

10. The long delays in the FOIA process have a significant negative effect on my ability to effectively represent my clients, in a variety of situations. For my clients who are applying for naturalization, I file an A-file FOIA request at the time we are filing the naturalization application (N-400). Such N-400 applications currently are taking about a year to be scheduled for an interview before USCIS.

3

If I have not yet received the complete response to the FOIA inquiry, then I will not be fully prepared to represent the client or advise the client regarding the issues that might arise at the naturalization interview. Such issues could include: evidence of the bona fide nature of the prior marriage on which their residency was based; evidence of the underlying asylum claim on which their residency was based; evidence of what information the government had at the time it initiated a prior removal case against the client (even if that removal case has since been resolved); evidence that prior arrests were properly revealed in the course of a prior application for residency (or naturalization).

11. In the case of my client M.C., we filed her application for naturalization on June 12, 2018, which is still pending. She was recently scheduled for an interview with USCIS to take place on July 24, 2019. We filed her FOIA request to USCIS on April 30, 2018, hoping to receive a completed response before her naturalization interview would be scheduled. As of today, we have not received the complete response to her FOIA request. Specifically, on October 9, 2018 we received the response from USCIS. In that response, USCIS indicated that 8 pages were referred to ICE. We have yet to receive a response from ICE regarding those missing pages. Therefore, if we do not receive the response from ICE, my client will have to decide between appearing at her interview without knowing the contents of those missing 8 pages (which may be relevant to questions she will be asked about her immigration history, as she was previously in removal proceedings before the Immigration Court and was granted relief), and asking to delay her naturalization interview (for which she has been waiting over a year) which could possibly cause USCIS to simply deny that application.

12. For my clients who are seeking relief before the Immigration Court, it is important to obtain copies of prior applications for relief so that any future applications can be consistent (or if different, those differences are sufficiently explained). In the case of my client A.R., she previously filed affirmatively for asylum before USCIS. She subsequently left the U.S., and she has now returned and again sought asylum, and her case is now before the Immigration Court. It is necessary to file her asylum application within one year of her arrival, so there is a legal deadline. In addition, the Immigration Judge is expecting her complete application, with supporting details. However, in order to properly prepare that application, it is crucial to obtain a copy of her prior application. An A-file FOIA request was filed with USCIS on October 23, 2018. The acknowledgement receipt from USCIS was dated November 6, 2018. The online status for the case indicates that the case was processed on January 30, 2019, but to date, my office has not received a response. We submitted an inquiry on June 17, 2019 but have not received any further communication or response from USCIS. Meanwhile, her next Immigration Court hearing is set for July 25, 2019. My office is filing a motion to continue that hearing date in part due to the lack of the A-file FOIA response because it will not be possible to have her current asylum application prepared in that time without the information contained in the A-file.

13. Another kind of problem arises for the representation of clients who are detained in custody and are the subject of removal proceedings, because those proceedings

4

are normally expedited and expected to move much faster than proceedings for non-detained clients. The same need to review the existing A-file is still present, and at times even more urgent. My client H.S. is a long term lawful permanent resident who is facing removal proceedings based on a criminal conviction and he is currently detained. At this time, he is serving his sentence in the custody of the Bureau of Prisons (BOP), and he is required to appear before the Immigration Court by video due to his remote location. The government has chosen to initiate his removal case even while he is serving his prison term. At the conclusion of his prison term, if his case is not yet resolved, he will be transferred to ICE custody and likely will remain detained by ICE for the duration of his removal case. My office filed a FOIA request to obtain a copy of his A-file on March 7, 2019. That request was made under the USCIS "track 3" because he is currently in removal proceedings, which supposedly is the method by which USCIS expedites the responses. Nevertheless, the USICS response was not received until June 18, 2019. Even then, it was incomplete. The cover letter to the response (a redacted copy of which is attached) indicated that the file contains 480 pages, but only 288 were released in full, and 16 in part (and 6 pages were withheld). The missing 170 pages were referred to ICE. To date, no response has been received from ICE (or even an acknowledgment of having received that referral from USCIS). The very significant number of missing pages presents an issue for our representation of him, in part because it appears that ICE was one of the investigating agencies which had a role in the underlying criminal case that resulted in his conviction and prison sentence. My client is eligible to seek discretionary relief from removal before the Immigration Judge. In order to effectively prepare to represent him at his hearing, it is crucial to be able to review the material in his A-file that ICE opposing counsel has. There is no discovery process in Immigration Court. Therefore, the only way to obtain that information and be properly prepared for the court hearing, is to file an A-file FOIA request. The delay in the response has the resulting consequence of delaying our ability to prepare him for his final hearing at which he will present his application for relief from removal. The final hearing is currently set for July 23, 2019, but my office will have to file a motion to continue the hearing due to inability for counsel to be prepared on that date, in part due to the lack of the timely FOIA response. That delay will result in longer detention of my client, and increased costs for all parties (including the government).

14. These examples illustrate the problems that arise as a result of the delay in the response to our FOIA requests. Some clients have already been waiting a long period of time for the resolution of their applications for affirmative benefits (such as naturalization) or defensive protection (such as asylum) and now face the prospect of having to appear at the interview (or an Immigration Court hearing) without the benefit of knowing the details of their own case files. There are many reasons why an individual might not be informed about the contents of their own case files. They might never have previously been informed of, or properly understood important information about their cases due to translations issues or they may have long lost track due to the passage of time). They risk being accused of misrepresentation if they were to make an innocent mistake that turns out to be inconsistent with their prior filed information or documents, or if there was a prior

5

mistake made that should be affirmatively identified and corrected. Some clients will have to be detained longer and at higher cost, or risk being subject to cross examination by opposing counsel without having been properly apprised of the evidence and issues contained in their A-files. It is certainly the role of counsel to prepare clients for such questioning under oath, their responses to which will have a significant impact on an Immigration Judge's future discretionary decision on whether they can remain in the United States with their families or are permanently deported and effectively banished. In the absence of proper preparation, which is not possible to due missing evidence from the A-file, it is simply not possible to responsibly proceed with a case.

15. As one final example, I have been representing a client, J.J. since 2015. She is a lawful permanent resident who was previously detained in ICE custody at the time her removal case was initiated. The government charged her with inadmissibility as a so-called "arriving alien" because she had initially been arrested on an outstanding warrant for a criminal charge upon her entry into the United States. J.J. informed me that she recalled being informed that an immigration officer subsequently placed a stamp in her passport effectively admitting her back into the U.S., however, because she remained detained, she did not have access to the passport which was in the custody of a government office but in some unknown location. We were without access to the documents to show whether G.J. was correctly or incorrectly charged with being deportable. The charge had a legal consequence regarding her eligibility for relief from removal, as the Immigration Judge did not have jurisdiction over her relief application (adjustment of status) if she was properly charged as an "arriving alien", but would have jurisdiction to grant her relief if she in fact had been admitted back into the country. On or about August 28, 2015, we filed a FOIA request for the A-file. USCIS sent the response on September 22, 2015, which was unexpectedly, and in my experience, atypically fast, and probably the fastest response I have ever receive for an A-file FOIA request. The timing of that response indicates to me that USCIS has the ability to respond to FOIA requests within the statutory deadline under the FOIA statute, although in the four years since then, during which time my office has filed hundreds of A-file FOIA requests for our clients, very few, if any, were responded to at that quick rate. Upon review of the information provided in that FOIA response, we found that her A-file contained a copy of the stamp in her missing passport, confirming my client's recollection that she had indeed been admitted to the U.S. and thus was wrong charged by ICE in the removal case. After we presented that evidence in Court, the government admitted that it had wrongly charged her, and stipulated to her release from detention on bond so that she could then proceed with the relief she was clearly eligible for, while at liberty from further immigration detention. If we had not received the information in that FOIA response, her case would have gone very differently.

16. In sum, obtaining a response to my clients' FOIA requests for their A-files (or other documents in the government's possession) is a crucial part of my legal representation of my clients, and is often of upmost legal consequence to their immigration cases – in some cases it is legally determinative of their ability to

obtain immigration relief from removal (or other affirmative benefit). The significant delays that are commonplace in recent years to our regularly filed A-file FOIA requests seriously limit our ability as attorneys to provide timely legal advice or legal representation, and cause our clients to be prejudiced in their ability to obtain immigration status or immigration relief from removal.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 19th day of July, 2019 at San Francisco, California.

_____
Zachary M. Nightingale



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO  64064-8010

**U.S. Citizenship and Immigration Services**

NRC2019

June 18, 2019

Helen Beasley
Van Der Hout, Brigagliano et al.
180 Sutter St., Ste. 500
San Francisco, CA 94104

Dear Helen Beasley:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office on March 7, 2019 regarding H█ S█ S█.

We have completed the review of all documents and have identified 480 pages that are responsive to your request. Enclosed are 288 pages released in their entirety and 16 pages released in part. We are witholding 6 pages in full. In our review of these pages, we have determined they contain no reasonably segregable portion(s) of non-exempt information.  We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552a (a)(j)(2) and (a)(k)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(7)(c) and (b)(7)(e) of the FOIA.

During our review, USCIS located 170 pages of potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE).  USCIS has sent these document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of these referrals, please contact the ICE FOIA Office via phone at (866) 633-1182 or via email at ICE-FOIA@dhs.gov.  The ICE FOIA Office mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

The following exemptions are applicable:

Exemption (b)(7)(E) of the FOIA provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals.  The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (j)(2) of the PA permits the government to withhold information in files which originated from an agency  primarily concerned with the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities.  The types of documents and/or information withheld in conjunction with (b)(7) could consist of information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation

status; information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information we have withheld in conjunction with (b)(7)(E) of the FOIA could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques and various other documents.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information we have withheld in conjunction with (b)(7)(C) of the FOIA could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents relating to third party individuals that are considered personal.

As a result of discussion between agency personnel and a member of our staff, as a matter of administrative discretion, we are releasing computer codes found on system screen prints previously withheld under exemption b(2). There may be additional documents that contain discretionary releases of exempt information. If made, these releases are specifically identified in the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages contain marks that appear to be blacked-out information. The black marks were made prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Jill Eggleston, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P.O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: (800) 375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

A FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for

NRC2019
Page 3

OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act.  If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester.  Please include the Control Number listed above on all correspondence with this office.  Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, emailed to USCIS.FOIA@uscis.dhs.gov, or sent by fax to (802) 860-6908.  You may also submit FOIA/PA related questions to our email address at FOIAPAQuestions@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)