<u>DECLARATION OF COURTNEY McDERMED</u>

I, Courtney McDermed, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of Arizona. My business address is Law Office of Courtney McDermed, PC, 436 14th St, Suite 1102, Oakland, CA 94612.

2. I have been licensed to practice law since 2002. I am currently a solo practitioner and have had my law firm for three years. Prior to that I was a partner at Johnson and McDermed, LLP for five years and prior to that I was an associate for a little more than 7 years at Van Der Hout, LLP. I have practiced exclusively in immigration law since 2003, representing hundreds of noncitizens in removal proceedings before the Executive Office for Immigration Review (EOIR), the Board of Immigration Appeals (BIA) and with applications and petitions for immigration benefits or relief filed with U.S. Citizenship and Immigration Services (USCIS).

3. It is my standard practice, and will continue to be my practice, to file Freedom of Information Act requests for A-files. In the last 18 months, I estimate that our office has filed at least 12 Freedom of Information Act Request ("FOIA") requests for A-files with USCIS. All of these A-file FOIA requests were pending with USCIS for more than 30 business days without a determination. On June 19, 2019 when the complaint in this lawsuit was filed, I had at least 5 FOIA requests for A-files that had been pending with USCIS for more than 30 days.

4. When USCIS refers a portion of the A-file records to ICE for further processing, it takes at least a year for ICE to respond. Of the USCIS FOIA requests that were filed in the last 18 months, at least 6 of those were referred to ICE. At the time the complaint in this lawsuit was filed, at least 6 A-file requests that USCIS had referred to ICE had been pending for 30 business days from the date of the initial filing with USCIS without a determination.

5. I typically file FOIA requests for any client who has been in the United States for a lengthy period of time and who does not have a criminal history. In my experience, USCIS routinely takes between five to seven months to send a response to an A-file FOIA request. The shortest USCIS response time that I can recall was 4 months, and the longest was a year.

6. I file A-file FOIA requests in order to see what applications for immigration benefits have been filed with USCIS, what documents USCIS and ICE have on file for my clients. If my client was previously represented by a different attorney (or, unfortunately, in some cases, by a non-attorney), it is critical to see what happened before I took over representation. Often the prior case happened many years before and I need to see the file in order to explain to my client what happened and what the legal ramifications are for those applications.

**Exhibit A3**

7. In removal proceedings it is particularly important to know what evidence the government possesses because ICE counsel insists that the only way I can have access to my client's immigration file is through FOIA. If there were prior applications for relief or if the client applied for an immigrant benefit through a consulate in a foreign country and is now in removal proceedings, I need to see what the applications said in order to competently represent the client. Likewise, if a client had a credible fear interview or an asylum interview prior to my representation, I file an A-file FOIA request in order to review the officer's notes and conclusions. Without the A-file, I would not know what my asylum-seeking clients had said at the port of entry or in subsequent interviews with immigration officials. Often my clients who are seeking asylum are so traumatized they have very little capacity to explain what happened to them, much less recount the details of an interview to me. Without the A-file, I have to rely on a traumatized client's imperfect memory regarding what happened several months prior, often in a language that was foreign to the client – in many cases, my clients are non-Spanish-speaking indigenous language speakers and must attempt to convey their history to an immigration officer in Spanish.

8. I recently received FOIA responses to requests for A-files I had filed in March. This was the fastest response I have received in recent memory. I will review these A-files to determine whether the family is eligible to consular process now, based on what happened in their prior immigration proceedings.

9. I often have to begin a case without the A-file because the failure to do so would subject my clients to time-bars or extensive delays in the adjudication of their applications. However, I am always extremely nervous that I am missing critical information to their cases.

10. Up until this lawsuit was filed, I had almost never received a FOIA response from ICE despite the notation in the USCIS FOIA response stating that the request had been referred to ICE. After this suit was filed and in the last two weeks, I finally received two A-file FOIA responses from ICE, more than six months USCIS referred A-file documents to ICE for review.

11. In one case recently, I had to file an A-file FOIA request for a lawful permanent resident mother (J.T) and her son (J.P.) to find out if prior counsel had filed an immigration visa petition on behalf of her son. It turned out he did not. Unfortunately, it took USCIS six months to respond to our A-file FOIA request, which delayed my ability to make advise my clients on potential courses of action in the case.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 5th day of August 2019 at Oakland, California.

                                                                                            */s/ Courtney McDermed*
                                                                                            Courtney McDermed