<u>DECLARATION OF RUSSELL ABRUTYN</u>

I, Russell Abrutyn, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney licensed to practice before the States of Michigan and Washington. My business address is 3765 Twelve Mile Rd, Berkley, MI 48072.

2. I am the sole owner of Abrutyn Law, P.L.L.C. which is devoted exclusively to immigration law and am the only attorney at the firm. I have been licensed to practice law since 1999. For two years, I represented clients in a variety of civil, criminal, and immigration matters. Since 2001, I have practiced immigration law exclusively. I have represented more than 200 noncitizens in removal proceedings before the Executive Office for Immigration Review (EOIR)—the immigration court system—and federal courts. Removal defense and federal court litigation makes up approximately half of my practice. In the remainder, I represent noncitizens and U.S. businesses applying for immigration benefits with U.S. Citizenship and Immigration Services (USCIS). I handle family-based and employment-based visa petitions, applications for lawful permanent residence, asylum, and naturalization cases.

3. As part of my practice, I regularly file Freedom of Information Act (FOIA) requests with USCIS, seeking copies of my clients' immigration files (A-files). Currently, I have approximately 150 open cases and estimate that I filed a FOIA request for an A-file in over half of those cases. In my experience, USCIS typically takes more than 6 months to respond to such requests.

4. I verified this through a check of pending and recently completed FOIA requests. First, out of the 17 A-file FOIA requests I currently have pending with USCIS, 11 were filed more than 30 business days ago. Ten of the 17 requests were filed more than 3 months ago; the oldest of these requests was filed almost a full year ago, on August 27, 2018. While the remaining 6 of my currently pending FOIA requests were filed less than 30 business days ago, I fully expect, based on my experience, that USCIS will take at least several months to make a determination.

5. I also reviewed 6 FOIA requests in which USCIS recently produced the A-files for my clients. In all 6 of these, USCIS took more than 30 business days to respond to the FOIA request. In one of these, USCIS took 9 months, while in another, it took 8 months.

6. Filing a FOIA request for my clients' A-files is a necessary part of my regular immigration practice because there are many documents in the A-file that are critical to representation of my clients. Because USCIS maintains the immigration files of all noncitizens, even those in removal proceedings, I file an A-File FOIA request with USCIS in all my cases that are pending in immigration court or the Board of Immigration Appeals (BIA). I also will file such a request in cases involving an affirmative application with USCIS when I need to review or

1

Exhibit A4

corroborate certain evidence. The A-file contains records of a person's encounters with immigration authorities; applications or petitions that the person may have filed; decisions on those applications; and sometimes additional information about a client's criminal history. Having this information helps me prepare my client's case, defend my client against deportation, and assess their eligibility for other types of immigration relief or benefits. I also routinely use the information located in a client's A-file to corroborate the information and documentation that the client provided is correct and to obtain copies of previously filed applications to ensure that I have an accurate record of what has already been submitted.

7. The delay in receiving client A-files has negative consequences to their cases and my ability to represent them. For example, in one of my cases, a client filed an I-751 petition with USCIS to remove the conditional basis of her lawful permanent resident status. The USCIS approved the petition and sent my client a ten-year legal permanent resident card ("green card"). She subsequently applied for naturalization. She was not aware that USCIS had mistakenly issued two receipt numbers for the petition and that, four years later and using an old address of hers, USCIS denied the petition under the second receipt number even though it approved the same petition pursuant to the first receipt number. Based upon the erroneous denial of the petition, Immigration and Customs Enforcement (ICE) placed her in removal proceedings. Once I receive the documentation from the A-file, I expect to be able to convince the immigration judge to terminate the removal proceedings. However, the FOIA has been pending at USCIS for more than 6 months already. As a result of this delay, my client is stuck in removal proceedings that never should have been initiated and unable to move forward with her naturalization application. The court has had to continue her proceedings twice.

8. In several cases, I needed information contained within a client's A-file in order to complete an application for permanent residence or naturalization. In those cases, my clients are forced to wait many additional months to achieve their new immigration status, a delay that impacts both them and their families.

9. When I represent detained clients, whose removal cases are on an expedited track, USCIS delays in processing my FOIA requests have meant that I had to proceed with a hearing without first knowing what is in the client's file. The information in the A-File would have been extremely helpful in corroborating my client's testimony. For example, I represented a client who came to the U.S. as a refugee and then adjusted to lawful permanent resident status. When he became removable, we applied for asylum and related relief. I wanted to file his refugee application and related documents with the Immigration Court to help prove the harm he suffered, but could not do so because the USCIS took too long to produce the FOIA file.

10. USCIS refers some portion of most of the A-file FOIA requests I file with it to ICE. Once the request gets referred to ICE, it takes ICE at least 2 months to respond. Because many of my clients are currently in removal proceedings, or were in them in the past, many of my FOIA requests are referred to ICE and have

been pending for over 30 business days since I initially filed them. In some cases, the ICE response arrives after the case is concluded and the receipt of the documents is no longer useful.

11. I have represented clients in cases in which either USCIS or the immigration courts has had to postpone an interview or hearing because USCIS had not yet processed an A-File FOIA. The agency has only one copy of a person's A-File. The National Records Center (NRC) of USCIS is the division which processes A-file FOIA requests. Thus, when such a FOIA is pending, the file is shipped to the NRC. If a hearing or interview is scheduled while the file is physically at NRC, the immigration judge or USCIS examiner will have to postpone the case until the file is returned. This is still another way in which USCIS' FOIA processing delays negatively impact my clients' cases.

12. Illustrative examples:

    a. L-O-: He was previously denied adjustment of status because there was a confusion over whether his wife had legally adopted a child, therefore USCIS believed he lied when he claimed the child as a derivative beneficiary of a petition filed for him. To understand where the confusion came from and what was claimed or found, we had to request the A-file through FOIA. The FOIA was filed on August 28, 2018, and USCIS did not produce it until July 16, 2019. Further, about 5% of the file was referred to ICE and has not been received yet. The USCIS's delay in responding to the FOIA request meant that we had to delay filing a new application for permanent resident status for almost a year.

    b. S-K-. After he was ordered removed because his attorney was sick and missed a filing deadline, I filed a motion to reopen and petition for review. To ensure I had the complete file, I requested the A-file through FOIA on November 2, 2018. I did not receive the FOIA file until shortly after June 13, 2019. Further, 161 pages were referred to ICE and have not been received yet. In the meantime, my client was removed to a country where Christians like him are killed and persecuted.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 17th day of July 2019 at Berkley, Michigan.

Russell Abrutyn