## DECLARATION OF MARC A. ASCH

I, Marc A. Asch, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice by the state bar of Michigan (P75499). I have been a solo practitioner since 2013 and my office is located at 137 N. Park St, Kalamazoo, MI 49007. Before opening my own practice, I was a legal aid attorney from 2011 to 2013.

2. Currently, approximately 85% of my practice is immigration law. I regularly practice before U.S. Citizenship and Immigration Services (USCIS) and the Executive Office for Immigration Review (EOIR).

3. I file and will continue to file Freedom of Information Act ("FOIA") requests for my immigration clients. I am duty-bound to make a reasonable inquiry into the applicable facts so that I can protect and pursue my clients' rights. In the immigration context, when the federal government may be in possession of vital information, generally FOIA is the tool available for obtaining this information.

4. In some cases, I file FOIA requests to ensure my clients are prepared for interviews with an immigration official. For example, I recently filed a FOIA request seeking information about a client's visa application denial. The client will be required to provide an explanation of the event and circumstances in an application for permanent residence. The visa denial was many years in the past and my client's recollection of the visa interview is fuzzy. Her A-file will help us understand in greater detail what occurred during the visa interview.

5. To provide another example, clients who entered the country without inspection and then were returned to Mexico by immigration officials often do not know if they were subject to expedited removal under 8 U.S.C. § 1225(b)(1)(A)(i) or whether they withdrew their application for admission under 8 U.S.C. § 1225(a)(4). From the perspective of my client, these events look very much the same: they are apprehended by a Border Patrol agent and required to return to Mexico. From a legal perspective, the distinction can make a world of difference. If the event is classified as an expedited removal, the client may be susceptible to criminal punishment for illegal re-entry in violation of 8 U.S.C. § 1325, reinstatement of the prior removal order under 8 U.S.C. § 1231(a)(5) and what is known as the "permanent bar" to obtaining lawful status under 8 U.S.C. 1182(a)(9)(C)(i). Oftentimes the relevant event may have happened fifteen or more years in the past and all the client can tell me is "I got put on a bus back to Reynosa." To make assumptions as to how the government classifies that bus ride rather than obtain a copy of the government's records would be highly irresponsible.

**Exhibit A7**

6. A current client of mine came to the United States as a refugee when he was an infant on or about November 30, 1980 and was in removal proceedings in 2001. In 2019, I am investigating a motion to reopen those proceedings to seek relief from deportation on his behalf. I cannot request records from his prior counsel. The attorney that represented my client in 2001 was disbarred for immigration malpractice in 2008. Even if I could track him down, I don't know if I would wish to rely on him. Practically speaking, FOIA is the only mechanism I have to investigate nearly four decades of immigration history for this client.

7. I could give many other examples of why I file FOIA requests for my clients. The above three are simply the first that come to my mind.

8. My experience over the years is that the Department of Homeland Security (DHS) and its component USCIS rarely comply with the time limitations for responding to a FOIA request set forth at 5 U.S.C. § 552(a)(6). In fact, out of the dozens of FOIA requests that I have filed, I am unable to recall an instance where USCIS did comply. I have filed five separate lawsuits with claims concerning DHS's failure to comply with the time limitations set forth at 5 U.S.C. § 552(a)(6): *Doe v. Department of Homeland Security, et al.*, 1:19-cv-288 (W.D. MI 2019); *Moaiery v. United States Citizenship and Immigration Services*, et al., 19-cv-95 (W.D. MI 2019); *Bryant v. United States Citizenship and Immigration Services, et al.*, 18-cv-1285 (W.D. MI 2018); *Hutcheson v. United States Customs and Border Protection, et al.*, 18-cv-1172 (W.D. MI 2018); *Ferreira Ream, et al. v. United States Customs and Border Protection, et al.*, 1:15-cv-642 (W.D. MI 2015).

9. At this moment, I have two FOIA requests for A-files that have been pending with USCIS for more than 30 business days without a determination. In a third case that is in litigation, *Doe v. Department of Homeland Security, et al.*, 1:19-cv-288 (W.D. MI 2019), after filing suit on April 16, 2019, USCIS made a FOIA determination on June 11, 2019. The determination stated that "USCIS located 5 pages of potentially responsive documents that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you." As of July 30, 2019, I have not received any of these records, a determination or any acknowledgment from ICE. The initial FOIA request to USCIS was made on March 15, 2019. As a result, I have 1 A-file FOIA request that has been pending with ICE for more than 30 business days from the date of the initial filing with USCIS without a determination.

10. This declaration is executed by me in the state of Michigan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 30, 2019

*Marc Asch, Esq.*
Marc Asch, Esq. (P75499)