## DECLARATION OF CHARLES SHANE ELLISON

I, Charles Shane Ellison, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am a practicing attorney licensed to practice in the States of New York and Nebraska. My business address is 4223 Center St., Omaha. NE 68105.

2.  I have been licensed to practice law in New York since 2010 and in Nebraska since 2012. I currently am the Legal Director at the Immigrant Legal Center (formerly Justice for Our Neighbors-Nebraska), a nonprofit immigration legal services organization. I was am also the Director of the Immigrant and Refugee Clinic at Creighton University School of Law. Prior to that, I was an asylum officer with U.S. Citizenship and Immigration Services (USCIS). I have practiced exclusively in immigration law my entire career. Since leaving USCIS, I have worked on and overseen hundreds of immigration cases, including both removal proceedings before the Executive Office for Immigration Review (EOIR) and federal courts and applications and petitions for immigration benefits or relief filed with USCIS.

3.  In my current position, I supervise 11 attorneys who handle a variety of immigration-related cases. I also handle some cases myself. The attorneys in my office, myself included, regularly file Freedom of Information Act (FOIA) requests with USCIS to obtain a client's A-file. These files contain all of the records that the Department of Homeland Security (DHS) has on a noncitizen. For that reason, they are an important source of information about the immigration history of the client.

4.  Knowing a client's immigration history is important for a number of reasons. For example, with respect to both removal defense and affirmative immigration benefit applications, a noncitizen's credibility may be critical. Because of this, we want to know what prior statements our client has made to immigration officers, so that we are prepared to highlight consistencies and explain any inconsistencies. Similarly, earlier applications and decisions may impact a client's current eligibility for a benefit. Overall, we want to ensure that we are aware of any adverse material in the file as well as any applications or other documents that the client may have filed to avoid creating inconsistencies.

5.  As a nonprofit, our clients often come to us because they can no longer afford the private attorney that was representing them. The files that we receive from our clients' previous attorneys are occasionally incomplete or poorly maintained, and some attorneys refuse to share their file with us. Additionally, we cannot rely on our clients' memories or records to obtain a complete history. They generally do not have copies of all of their immigration records and do not know or remember all of the encounters they have had with immigration officers or agencies. For these reasons, we need to file a FOIA request for the A-file to get a complete picture of the client's immigration history.

1

**Exhibit A9**

6. Currently, I am aware of at least 9 A-file FOIA requests with USCIS that we have pending (or that recently were acted upon). Of these 9, 7 pended for more than 30 business days without a determination by USCIS. The remaining two will have been pending for more than 30 business days within a few days. In my experience and that of my colleagues, USCIS generally takes 4-6 months to respond to an A-file FOIA request. USCIS took almost 9 months to respond to a recent A-file FOIA request. I checked with 2 attorneys in the office who file more A-file FOIA requests than I do, and they indicated that USCIS has taken up to a 9 months to respond as well.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 23rd day of July 2019 at Omaha, Nebraska.

Charles Shane Ellison