## DECLARATION OF NATALIE HANSEN

I, Natalie Hansen, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of Washington (WA Bar No. 54524). I am an inactive member of the Oregon Bar Association (OR Bar No. 101066). My business address is 615 2nd Avenue, Ste., 400, Seattle, WA 9810.

2. I have been licensed to practice law since 2010, and I have practiced exclusively in the area of federal immigration law since that date. I have represented hundreds of clients in their cases before U.S. Citizenship and Immigration Services (USCIS) and the Executive Office for Immigration Review (EOIR). From 2010 to 2015, I practiced immigration law in Austin, Texas, at the non-profit organization American Gateways, where I first served as the Director of Pro Bono Programs and then as a staff attorney in the Violence Against Women Act (VAWA) Unit. From 2015 to 2017, I practiced immigration law as a partner in my own law firm, Hansen & Taylor, PLLC, which offers low-bono and sliding scale immigration services to indigent immigrants.

3. I am currently employed by the Northwest Immigrant Rights Project (NWIRP) as the supervising attorney of the Naturalization and Citizenship Unit, which consists of three attorneys, one accredited representative, and one legal advocate. I began working at NWIRP on April 28, 2017.

4. NWIRP's Naturalization and Citizenship Unit submits FOIA requests for A-files to USCIS/National Records Center (NRC) on behalf of each of our clients and prospective clients, except in the rare case that we determine it is not necessary. I estimate that the unit has approximately 45 pending FOIA requests at any given time. In my experience, I estimate that it takes anywhere from four to ten months to receive the FOIA results. I cannot recall a time in the past two years that I received a FOIA response within 30 days.

5. It is important to file USCIS FOIA requests for clients who seek to naturalize because one of the statutory requirements to become a naturalized citizen is that the applicant has been lawfully admitted for permanent residence. The A-file allows us to review the applicant's file to ensure that they meet this legal requirement before they file their Form N-400, Application for Naturalization. For example, if an applicant would have needed a waiver of inadmissibility with his or her adjustment of status application, we need to review the A-file to ensure that USCIS properly requested and adjudicated that waiver in order for the individual to be eligible to naturalize. If we file a case prior to reviewing the A-file and an issue like this does occur, the client could face deportation proceedings and risk being deported to their home country. It is important for us to know all the information regarding a client's prior adjustment application so that we can determine the best legal strategy with respect to their N-400.

Exhibit A10

6. Additionally, review of the A-file allows us to collect other important information about the applicant's prior immigration history that is required on the N-400. For example, the N-400 requires that the applicant state whether he or she has been placed in removal proceedings previously. Additionally, sometimes potential clients have applied for naturalization pro se in the past, and USCIS has denied their applications. In order for us to evaluate the potential for a subsequent application, we must first review the original application and the reasons USCIS stated for denying the case. After reviewing the A-file, we are either able to represent the client to overcome whatever the prior issue might have been, or advise the client that they should not try to file again at this time. USCIS reviews the applicant for naturalization's complete A-file when it adjudicates his or her case; therefore, as the applicant's legal representative, it is important that we too review each file to ensure that we are aware of each person's entire immigration history, which can span anywhere from three years to three decades or more.

7. In many cases, we must wait for the FOIA response to arrive in order for us to competently and ethically file an application for naturalization. Delays in FOIA response times thus force us to delay the filing of N-400s for many individuals. When applicants wait many months for their FOIA responses, there are many negative impacts on their lives. Some individuals lose Social Security Income (SSI) they depend on for basic needs if they do not become U.S. citizens. SSI is available to certain immigrants only up to seven years. After that, the individual must become a U.S. citizen to qualify for continued benefits.  Others experience prolonged family separation because they are unable to file the fast-tracked "immediate relative" visa petitions for family members outside of the United States until their naturalization cases are approved.

8. Additionally, we work with dozens of clients each year whose lawful permanent resident (LPR) cards are lost or stolen, and a FOIA response is necessary to assess whether we can assist them in an application to renew their LPR cards. The FOIA response helps us determine if filing the renewal application could result in deportation proceedings. However, many clients lose access to important benefits while we are waiting. In order for them to access almost any benefit- whether that be from the Social Security Administration, Washington's Department of Social & Health Services, the Seattle Housing Authority, or others, the benefits agencies routinely require proof of current, valid immigration status. I have many clients who have been denied benefits after an agency would not accept a copy of a valid LPR card or an expired card. The FOIA delays cause these individuals to go even longer without benefits they need to survive, and many clients become homeless or endure prolonged homelessness as a result.

9. One client our office is working with has been waiting for her USCIS FOIA response since April 2019. She came to our office after receiving two previous denials on her naturalization applications. Therefore, we need to review her A-file before proceeding in her case. She is elderly, living in poverty, and has received misinformation about her rights as an LPR—namely, that she could not apply to renew her LPR card, and that she was instead required to naturalize in order to

2

leave the country. Because she has been unsuccessful in her applications for naturalization, she has gone many years without travelling to visit her family in her home country. We helped her apply for a LPR card renewal in July of this year, but that application will also pend for many months before it is approved. Her father is now in his 90s, and she hopes to travel to see him before he passes away, and the delayed FOIA response is just one more factor unnecessarily impeding her ability to travel.

10. In some cases, we need to review the A-file to determine whether a client has already derived citizenship before filing a Form N-600, Certificate of Citizenship. One client was previously detained by ICE at the Northwest Detention Center, but was released so that he could pursue a derivative citizenship case. When he came to our office for assistance, he did not have a valid LPR card because ICE had taken it from him. We filed a FOIA request for his A-file to review and assess his claim to derived citizenship. However, the FOIA request pended for approximately nine months. During this time, the client was homeless because he could not access housing benefits without proof of immigration status. Eventually, he was arrested and lost contact with our office. In my experience working with vulnerable clients, homelessness greatly increases their risk of arrest and losing contact with their legal representative. If USCIS had promptly responded to our original FOIA request, we would have been able to access his A-file and submit his N-600 to obtain a certificate of citizenship, which would have helped him stay off the streets and avoid arrest.

11. In addition to the Naturalization and Citizenship Unit that I oversee, other units at NWIRP also regularly submit A-File FOIA requests to determine clients' immigration history and eligibility for immigration status.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 23rd day of July 2019 at Seattle, Washington.

Natalie Hansen