DECLARATION OF HYUNJOO LEE

I, HyunJoo Lee, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a practicing attorney licensed to practice before the State of California. My business address is 610 S. Ardmore Avenue, Los Angeles, CA 90005.

2. I have been licensed to practice law since 2014. I have practiced exclusively in immigration law since April 2016, representing unaccompanied children in removal proceedings before the Executive Office for Immigration Review (EOIR) and federal courts and/or with applications and petitions for immigration benefits or relief filed with U.S. Citizenship and Immigration Services (USCIS).

3. I currently work at Public Counsel as a Staff Attorney in the Immigrants' Rights Project. I work in a specific unit that represents unaccompanied children. We represent approximately 200 clients in any given year.

4. The attorneys in my unit file Freedom of Information Act (FOIA) requests on behalf of every single client. I currently have seven FOIA requests pending before USCIS that were filed on behalf of clients.

5. Now, USCIS takes about three to seven months to respond to an A-file FOIA request. EOIR takes about two to six months to respond. The longest period of time USCIS took to respond to a FOIA request within the last two years was seven months.

6. I file A-file FOIA requests with USCIS because I want to obtain information about my client's entry to the United States (date, time, and place) and a copy of the charging document against my client, among other documents. I also look to see what alienage evidence the government may have. This information is critical in preparing for immigration court. It helps me inform my client about the charges filed against them and counsel them on their rights during the removal proceedings. It also helps me identify any procedural errors, or errors to the charging document, and then counsel my clients on their options in litigating any of the errors in immigration court.

7. I do not feel comfortable moving forward on a removal case without seeing a client's A-file. I represent unaccompanied minors and most of them have trouble recounting their own immigration history. It is common for my clients to not remember the date of their entry, where they entered, and the name or location of the youth shelter they were at because of their young age. Another obstacle I face in representing unaccompanied minors is the fact that my clients are not the keepers of their documents. All of my clients were released to a sponsor who may or may not have copies of my client's immigration documents. Thus I need access to my clients' A-files to prepare for their immigration court hearings and effectively counsel and advise them.

**Exhibit A11**

8. I also look at whether any previous applications for relief were filed on behalf of my client. This helps me assess their eligibility for other forms of relief.

9. Generally, when clients had previous counsel before they retain me and they do not have copies of their documents or what was filed on their behalf, receiving timely FOIA responses is critical for me to: a) prepare for their upcoming immigration court hearing, b) respond to Requests for Evidence on any pending applications, and c) effectively and comprehensively counsel my client on other forms of relief for which they may be eligible.

10. Receiving timely FOIA responses is also critical when my client and I are preparing for an immigration court hearing but the client does not have a copy of their Notice to Appear. I also look to the FOIA response to see whether a change of address was made to the court, when the notice of hearing sent and to what address, among other things. Having the FOIA response before my client's hearing allows me to effectively counsel my client on 1) what information the immigration court may or may not have and 2) whether there are procedural errors the client may want to litigate in court.

11. The FOIA requests I have made this year have not been referred to ICE. In 2017, I had two FOIA requests that USCIS referred to ICE. It took an additional six months to receive the ICE FOIA response after I received the USCIS FOIA response.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this 23rd day of July, 2019 at Los Angeles, California.

HyunJoo Lee