DECLARATION OF NANCY A. FALGOUT

I, Nancy A. Falgout, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I am a practicing attorney licensed to practice in the State of Texas. My business address is 2900 Smith Street, Suite 250, Houston, TX 77006. My mailing address is PO Box 7873, Houston, TX 77270.

2.  I have been licensed to practice law since November 1996. I have my own law firm, Nancy A. Falgout, P.C., and exclusively handle immigration cases. Prior to becoming an attorney, I worked with a nonprofit immigration legal services program form 1983-1996 as a non-lawyer representative accredited by the Board of Immigration Appeals.

3.  I have represented thousands of noncitizens seeking an immigration benefit from U.S. Citizenship and Immigration Services (USCIS) or defending against removal in proceedings before the Executive Office for Immigration Review (EOIR). These cases have included family-based visa petitions, naturalization and legal permanent resident applications, Deferred Action for Childhood Arrivals (DACA), Temporary Protected Status (TPS), relief under the Nicaraguan and Central American Relief Act ) (NACARA), cancellation of removal, and asylum. Currently, my firm has 1,093 open cases.

4.  It is part of my standard practice to file Freedom of Information Act (FOIA) requests on behalf of my clients in order to obtain copies of the immigration file that USCIS maintains on them. These files are referred to as the individual's "A-file." I estimate that my office files at least 1-2 FOIA requests per week with USCIS.

5.  My clients often do not know the details of their immigration history in the United States and do not have copies of documents that they previously filed with USCIS or the immigration court or documents that USCIS or the immigration court previously gave to them. This information, which can be found in the client's A-file, often is essential to their current case. This is why I routinely file FOIA requests for these files. For example, I may need to determine whether a family member filed a visa petition on my client's behalf prior to April 30, 2001, as this could render my client eligible to adjust his or her status to that of a lawful permanent resident under section 245(i) of the Immigration and Nationality Act. Because clients generally do not have records of petitions that were filed previously, the only way to obtain evidence of such a petition is through an A-file FOIA request to USCIS. Similarly, I may file a FOIA request for a client's A-file in order to determine the reason that an application was denied.  I file FOIA requests to obtain my clients' parents' files to determine whether the client may be eligible for a derivative benefit such as an earlier priority date or NACARA relief.  Sometimes I have clients who may be United States citizen through birth abroad to a parent who naturalized before my client's birth, and I request the

**Exhibit A12**

parents' A file to obtain the date of naturalization and evidence of the parent's physical presence before the client's birth. I file FOIA requests for A files to determine when the client acquired a status, such as TPS or DACA, so that I can calculate their periods of unlawful presence and ascertain whether they are inadmissible. I file FOIA requests for clients who have applied for asylum in order to obtain the asylum officer's notes. There are a myriad of reasons why I need information from the A file in order to properly represent my clients, and in most cases this is the only way to obtain crucial information.

6.   Currently, my office has at least 50 FOIA requests for A-files that have been pending with USCIS for more than 30 business days without a determination. In my experience, USCIS never responds to a FOIA request in 30 business days or less. Although I recently have received responses from USCIS in approximately 3 months, I generally have had to wait at least six months, and usually longer, for USCIS to respond to A-file FOIA requests.

7.   These delays can be very detrimental to my clients' cases. For example, I filed a request for a client's A file on April 17, 2019. I asked for the request to be placed in Track 3 because the client is in removal proceedings and was scheduled for a hearing on July 17, 2019. I needed the A file information to determine whether she is eligible for a specific form of relief from removal. I received an acknowledgement letter dated May 20, 2019, stating that the request was placed in Track 3. However, as of today, July 21, 2019, I have not received a response to the request. At the July 17, 2019 hearing, the Immigration Judge instructed me to file any applications for relief by September 10, 2019, or the applications will be deemed to have been waived. Without the alien file, I am unable to determine whether the client and her child are eligible for the form of relief we are considering. If we do not receive the A file soon, I will be forced to file an application, at my client's expense, for which she may not be eligible.

8.   I have a number of clients who were the victims of a lawyer who was disbarred last year for repeated violations of the ethics rules. This lawyer had a huge number of clients and when he was disbarred and closed his office, few of them were able to obtain their files. I am still seeing this lawyer's former clients for consultations, and in every case, we must file a FOIA request because they do not have their files and do not have copies of the applications he filed. In some cases, he placed false information on clients' applications without their knowledge, and it is crucial to know what information was on those applications. We must explain any contradictions when filing new applications so as to lessen the chance that the client will be found inadmissible for having made a material misrepresentation. I have one client who wasted years, as well as thousands of dollars, with this lawyer, filing applications for which she was ineligible. When she came to me it took us months more to obtain her A file through FOIA.

9.   In some cases, USCIS refers part or all of an A-File FOIA request to Immigration and Customs Enforcement (ICE). In my experience, ICE usually takes 6 months or more to respond to A-file FOIA requests referred to them by USCIS. I currently have approximately 100 A-file FOIA requests that USCIS referred to

ICE and that have been pending with ICE without a determination for more than 30 business days from the date that I initially filed the request with USCIS. I also have had many cases in which I never received a response from ICE after USCIS referred part of an A-File FOIA request to it. This causes a huge problem, especially in cases where the client is in removal proceedings or has been ordered removed. I have clients who have outstanding orders of removal where I believe their NTA or hearing notice may have been sent to an incorrect address, but oftentimes it seems that documentation showing the address the client provided when detained is referred to ICE. Without that information, it is impossible to know whether the hearing notice was sent to the address provided by the client when detained. Delay in receiving this information prevents me from filing motions to rescind the removal order and leaves the client vulnerable to being removed at any moment.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge.

Executed this ᔷᔷ day of July, 2019 at Houston, Texas.

Nancy Falgout