## DECLARATION OF VICKY DOBRIN

I, Vicky Dobrin, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1.      I am a practicing attorney licensed to practice before the State of Washington. My business address is 705 Second Ave, Suite 905, Seattle, Washington 98104. I am a partner at Dobrin & Han, PC, an immigration law firm. There are two attorneys at my office; myself and my partner.

2.      Since 1998, I have exclusively practiced immigration law. I have litigated immigration cases before the immigration courts, the Board of Immigration Appeals, the U.S. District Court for the Western District of Washington, and the Court of Appeals for the Ninth Circuit. I also represent individuals applying for immigration benefits before U.S. Citizenship and Immigration Services (USCIS). I have been invited to speak at immigration conferences throughout the country.

3.      I regularly file Freedom of Information Act (FOIA) requests for immigration case files, known as A-files, to obtain my clients records. I often file these in affirmative cases, cases where I am filing for an immigration benefit with USCIS, particularly when the client, his or her prior attorney, or a notary previously has filed an immigration application on my client's behalf. Clients often do not have copies of previously filed applications either because they were lost, or they never made a copy of their submission, or because their prior lawyer or preparer never provided a copy to them. Until I can see a copy of what was filed, I do not know what was previously provided or stated to USCIS and I am disinclined to file another application with USCIS until I have this information.

4.      I often file A-file FOIA requests for clients in removal proceedings. Individuals in removal proceedings often have had prior contact with either USCIS or one of the enforcement agencies within the Department of Homeland Security, namely, either U.S. Immigration and Customs Enforcement (ICE) or U.S. Customs and Border Protection (CBP). If a client has had contact, then the A-file can contain documents critical to assessing the removal defense strategy. For example, records such as Prior sworn statements, information given at interviews with ICE or CBP officer written on Form I-213, and other investigative materials help me understand my client's immigration history and options for relief from removal. These are important to my ability to prepare my strategy, prepare my client, and provide adequate representation to my clients in removal proceedings.

5.      My office has approximately ten to fifteen FOIA requests for A-files that have been pending with USCIS for more than 30 business days without a determination. In my experience, it takes USCIS anywhere from 6 to 12 months to respond to an A-file FOIA request.

6.      When a portion of the records have been referred to ICE for further processing, it takes at least 4 months and closer to a year for ICE to process the referral. This practice has become an increasingly frequent response to A file-FOIA requests. A reacted copy of a cover letter from

1

Exhibit A13

USCIS where this has happened is attached to this declaration. I estimate that our office has at least 3 A-file FOIA requests that have been pending with ICE for more than 30 business days from the date of the initial filing with USCIS without a determination.

Executed this 3rd day of August 2019 at Seattle, Washington.

                                                Vicky Dobrin

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

July 16, 2019

Vicky Dobrin
Dobrin & Han, P. C.
705 Second Ave., Ste 905
Seattle, WA 98104

RE:   **ICE FOIA Case Number** ▮
      **USCIS FOIA Case Number NRC** ▮

Dear Ms. Dobrin:

This is the final response to your Freedom of Information Act (FOIA) request to U.S. Citizenship and Immigration Services (USCIS) dated March 07, 2018. You are seeking records pertaining to ▮ , A-▮ .

A search of USCIS for records responsive to your request produced records that originated from U.S. Immigration and Customs Enforcement (ICE). USCIS referred these records to ICE for review and processing under the FOIA, 5 U.S.C. § 552.

After review of the records referred by USCIS, I have determined that portions of the documents will be withheld pursuant to Exemptions of the FOIA. The specific Exemptions applied are identified within the enclosed documents. Descriptions of those Exemptions are enclosed.

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. You may submit your appeal electronically at GILDFOIAAppeals@ice.dhs.gov or via regular mail to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security
> 500 12th Street, S.W., Mail Stop 5900
> Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office and reference the ICE FOIA case number in the subject line of this

letter. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*[signature: Catrina Pavlik-Keenan]*

Catrina M. Pavlik-Keenan
FOIA Officer

**FOIA Exemption 3** protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.



U.S. Department of Homeland Security
National Records Center
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

September 24, 2018

NRC: ███

Vicky Dobrin
Attorney at Law
705 Second Avenue, Suite 905
Seattle, WA 98104

Dear Vicky Dobrin:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office May 02, 2018 regarding ███.

We have completed the review of all documents and have identified 539 pages that are responsive to your request. Enclosed are 430 pages released in their entirety, and 43 pages released in part. We are withholding 3 pages in full. In our review of these pages, we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552a (j)(2) and (k)(2) of the PA and 5 U.S.C. § 552 (b)(7)(C) and (b)(7)(E) of the FOIA.

During our review, USCIS located 63 pages of potentially responsive documents that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

Exemption (j)(2) permits the government to withhold information in files which originated from an agency primarily concerned with the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities. The types of documents and/or information withheld in conjunction with (b)(7) could consist of information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information we have withheld in conjunction with (b)(7)(C) of the FOIA could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents relating to third party individuals that are considered personal.

www.uscis.gov

NRC █████
Page 2

Exemption (b)(7)(C) of the FOIA provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (k)(2) of the PA provides protection to investigatory material compiled for law enforcement purposes. The types of documents and/or information we have withheld in conjunction with (b)(7)(E) of the FOIA could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques and various other documents.

Exemption (b)(7)(E) of the FOIA provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

There may be documents that contain discretionary releases of exempt information. We will identify discretionary releases within the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages may contain marks that appear to be blacked-out information. Such black marks would have been present prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our FOIA Public Liaison, Jill Eggleston, for assistance at:

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
Telephone: 1-800-375-5283
E-Mail: FOIAPAQuestions@uscis.dhs.gov

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

NRC 
Page 3

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD 20740-6001
Telephone: 202-741-5770
877-684-6448
Email: OGIS@NARA.GOV
Website: OGIS.ARCHIVES.GOV

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with the bureau, you must address these issues with your nearest District Office.

All FOIA/PA related requests, including address changes, must be submitted in writing and be signed by the requester. Please include the control number listed above on all correspondence with this office. Requests may be mailed to the FOIA/PA Officer at the PO Box listed at the top of the letterhead, emailed to USCIS.FOIA@uscis.dhs.gov, or sent by fax to (816) 350-5785. You may also submit FOIA/PA related questions to our email address at FOIAPAQuestions@uscis.dhs.gov.

Sincerely,

Jill A. Eggleston
Director, FOIA Operations

Enclosure(s)