1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## DECLARATION OF TRINA REALMUTO
## IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

I, Trina Realmuto, hereby declare:

1.     I am a Directing Attorney of Litigation at the American Immigration Council. I am one of the attorneys for Plaintiffs in *Nightingale v. USCIS*, No. 3:19-cv-03512-WHO (N.D. Cal., filed June 19, 2019).

2.     I was admitted to the New York and California bars in 1998 and 1999, respectively, after graduating from Albany Law School of Union University in 1997 and the University of North Carolina at Chapel Hill in 1994. I am admitted to practice before the courts of the States of New York and California, the United States District Courts for the Southern and Eastern Districts of New York, the United States District Courts for the Northern, Southern, Eastern and Central Districts of California, the United States District Court for the District of Connecticut, the United States District Court for the District of Vermont as well as the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits, and the U.S. Supreme Court. I have appeared, and/or am appearing, *pro hac vice* in cases before the U.S. District Courts for the Northern District of Georgia, the Southern District of Texas, the District of Columbia, the Middle District of Tennessee, the District of Vermont, the District of Massachusetts, the Western District of North Carolina, and the Western District of Washington.

3.     I have practiced immigration law for over 20 years. I began working in immigration law in 1997, first as an associate attorney at the law firm of Van Der Hout & Brigagliano (now Van Der Hout LLP), later as an attorney consultant to the American Immigration Law Foundation (now the American Immigration Council), and then, from 2009

Realmuto Dec. ISO Class Cert.          1          Case No. 3:19-cv-03512-WHO

**Exhibit B1**

to 2017, as a Staff Attorney and then Litigation Director for the National Immigration Project of the National Lawyers Guild. In September 2017, I began working again for the American Immigration Council in my current position.

4.    I have extensive experience in litigation focusing on immigrants' rights. Among the cases I have successfully litigated are:

- *Rodriguez v. Aitken*, Case No. 13-0551 SC (N.D. Cal., filed Feb. 21, 2013) (unpublished) (settlement of Federal Tort Claims Act suit against ICE for unlawful detention of U.S. citizen).

- *Yost v. United States*, Case No. 3:13-cv-02509-W-DHB (S.D. Cal., filed Oct. 18, 2013) (unpublished) (settlement of Federal Tort Claims Act suit against ICE for unlawful detention of U.S. citizen).

- *Perez Santana v. Holder*, 731 F.3d 50 (1st Cir. 2013) (amicus counsel, argued); *Prestol Espinal v. AG of the United States*, 653 F.3d 213 (3d Cir. 2011) (amicus counsel); *William v. Gonzales*, 499 F.3d 329 (4th Cir. 2007) (amicus counsel); *Lari v. Holder*, 697 F.3d 273 (5th Cir. 2012) (amicus counsel); *Pruidze v. Holder*, 632 F.3d 234 (6th Cir. 2011) (amicus counsel, argued); *Reyes-Torres v. Holder*, 645 F.3d 1073 (9th Cir. 2011) (amicus counsel, argued); *Contreras-Bocanegra v. Holder*, 678 F.3d 811 (10th Cir. 2012) (en banc) (amicus counsel, argued) (invalidating regulation barring review over motions filed after noncitizen departs the United States).

- *Matter of Cerda Reyes*, 26 I&N Dec. 528 (BIA 2015) (amicus counsel) (construing 8 C.F.R. § 1003.19(c) as governing venue over bond motions and finding that DHS transfer of respondent out of the Carolinas prior to a bond hearing did not deprive immigration judge of jurisdiction to conduct a bond hearing).

- *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016) (amicus counsel) (establishing that the deadline for motions to reopen may be equitably tolled).

- *Hassine v. Johnson*, 53 F. Supp. 3d 1297 (E.D. Cal. 2014) (granting attorneys' fees under the Equal Access to Justice Act after prevailing on petition to adjudicate naturalization application).

5.    I also have experience as a class action litigator, including the following cases:

- *Duran Gonzales v. U.S. Department of Homeland Sec.*, 712 F.3d 1271 (9th Cir. 2013) (circuit-wide certification) (successfully challenging retroactivity of agency decision to individuals previously eligible for adjustment of status);

- *Brown v. U.S. Customs and Border Protection*, No. 3:15-cv-01181-JD (N.D. Cal., filed Mar. 12, 2015) (settled prior to decision on certification) (challenging agency failure to timely respond to Freedom of Information Act requests);

- *Mendez Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash., Mar. 29, 2018) (nationwide certification) (granting summary judgment for plaintiffs and ordering the government to provide notice and opportunity to comply with the one-year filing deadline for asylum applications);

- *Rosario v. USCIS*, No. 2:15-cv-00813-JLR, Dkt. No. 127 (W.D. Wash., July 26, 2018) (nationwide certification) (granting summary judgment for plaintiffs and ordering the government to timely adjudicate employment authorization document applications);

- *Wagafe v. Trump*, No. 2:17-cv-00094-RAJ, 2017 U.S. Dist. LEXIS 95887 (W.D. Wash. June 21, 2017) (granting nationwide certification in case challenging application of the Controlled Application Review and Resolution Program to naturalization and adjustment of status applicants); and

- *Padilla v. ICE*, No. 2:18-cv-00928-MJP, 2019 U.S. Dist. LEXIS 36473 (W.D. Wash. Mar. 6, 2019) (granting nationwide class certification in case challenging delays in credible fear and bond hearing delays).

6.     I am also counsel in *Moreno v. Nielsen*, No. 1:18-cv-01135 (E.D.N.Y., filed Feb. 22, 2018), a putative nationwide class action on behalf of Temporary Protected Status holders seeking adjustment of status, and *Palacios v. Sessions*, No. 3:18-cv-0026 RJC-DSC (W.D.N.C., filed Jan. 17. 2018), a putative class action on behalf of certain noncitizens seeking bond hearings in the Charlotte Immigration Court.

7.     In 2015, the American Immigration Lawyers Association awarded me the Jack Wasserman Memorial Award for Excellence in Litigation.

8.     Claudia Valenzuela is an attorney at law, admitted in the State of Illinois, and a staff attorney at the American Immigration Council, where she has worked since February 2019. From 2002 until 2018, she worked for the National Immigrant Justice Center (NIJC)

(formerly the Midwest Immigrant and Human Rights Center), in various positions of increased

responsibility. Her last position at NIJC was Detention Project Director. At NIJC, Claudia

represented scores of noncitizens in removal proceedings before the immigration court, the

Board of Immigration Appeals, and federal courts of appeals.

11.    Claudia is admitted to practice before the U.S. Courts of Appeals for the Fifth,

Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits and the U.S. Supreme Court, the U.S.

District Courts for the Northern and Southern Districts of Illinois, the Eastern District of

Wisconsin, and the District of Columbia. She served as class counsel in *Alfaro Garcia v.*

*Johnson*, No. 14-CV-01775-YGR, 2014 WL 6657591 (N.D. Cal. Nov. 21, 2014) (granting

nationwide class certification in case challenging government's failure to provide timely

reasonable fear interviews), and *Moreno v. Napolitano*, 213 F. Supp. 3d 999 (N.D. Ill. 2016)

(granting summary judgement in regional class action challenging ICE detainer practices).

14.    Neither I nor any co-counsel are receiving reimbursement from individual

plaintiffs or class members in this case. All counsel in this case are qualified and capable of

adequately and fairly protecting the interests of the individual plaintiffs and the proposed class

and possess the commitment and resources to prosecute the case as a class action.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this

8th day of August, 2019 in Brookline, Massachusetts.

By:    *s/Trina Realmuto*
       Trina Realmuto