## **DECLARATION OF STACY TOLCHIN**

## **IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

I, Stacy Tolchin, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice by the State of California, and am admitted to practice before the United States Supreme Court; the United States Court of Appeals for the Ninth, Tenth, and Second Circuits; and the United States District Courts for the Northern District of California, Eastern District of California, Central District of California, and Southern District of California.

2. My business address is Law Offices of Stacy Tolchin, 634 S. Spring St. Suite 500A, Los Angeles, California. I practice throughout the state of California.

3. I received my Juris Doctorate from the University of California at Los Angeles in 2001, and have been practicing law for over 17 years.

4. I am a recipient of the University of California at Los Angeles Law School's 2018 Alumni Public Service Award, the National Lawyers Guild of Southern California 2017 annual award, the American Immigration Lawyers Association's 2009 Jack Wasserman Award for Excellence in Immigration Litigation, the 2009 American Civil Liberties Union of Southern California Equal Justice Advocacy Award, the 2008 National Immigration Law Center Annual Award, the 2007 "Unsung Hero" Award for the National Lawyers Guild of the Bay Area, and was recognized in 2003 by the Arab-American Anti-Discrimination Committee of San Francisco. I have also been named to "Super Lawyers" from 2012-2019.

5. I am a member of the Board of Directors of the National Immigration Project for the National Lawyers Guild, the Ninth Circuit Rules Committee, the National Lawyers Guild, the Los Angeles County Bar Association immigration section, and the American Immigration Lawyers Association.

**Exhibit B4**

6. I was also recognized as an expert in immigration law by the California Supreme Court in People v. Patterson, 2 Cal. 5th 885, 891, 391 P.3d 1169, 1173 (2017).

7. I specialize in immigration-related litigation before the federal courts.  Cases I have litigated include: Arce v. United States, 899 F.3d 796 (9th Cir. 2018) (establishing federal court jurisdiction to consider damages actions under the Federal Tort Claims Act in cases involving unlawful deportations); Bonilla v. Lynch, 840 F.3d 575, 592 (9th Cir. 2016) (establishing federal court jurisdiction to review denials of sua sponte motion to reopen based on legal error); Mendiola v. Holder, 576 F. App'x 828 (10th Cir. 2014) (petition for review challenging removal order of lawful permanent resident based on change in law); Bains v. Holder, 584 F. App'x 574 (9th Cir. 2014) (petition for review challenging removal order based on changed circumstances arising in India); Huerta v. Holder, 484 F. App'x 172 (9th Cir. 2012) (petition for review based on ineffective assistance of counsel); Padilla-Padilla v. Gonzales, 463 F.3d 972 (9th Cir. 2006) (challenge to Board of Immigration Appeals' failure to follow its internal regulations); Silaya v. Mukasey, 524 F.3d 1066 (9th Cir. 2008) (finding that victim of gang-rape in the Philippines had suffered past persecution based on her father's political opinion); Husyev v. Mukasey, 528 F.3d 1172 (9th Cir. 2008) (finding that courts have jurisdiction to review agency's failure to follow asylum regulations); Singh v. United States Citizenship & Immigration Servs., No. SACV171538JVSJCGX, 2019 WL 2620948, at *6 (C.D. Cal. Apr. 15, 2019) (granting preliminary injunction and motion for stay of removal in challenge to denial of application for permanent resident status); Torosyan v. Nielsen, No. 218CV5873PSGSK, 2018 WL 5784708, at *1 (C.D. Cal. Sept. 27, 2018), report and recommendation adopted 2018 WL 6167918 (C.D. Cal. Oct. 26, 2018) (finding regulation prohibiting immigration judges from assuming jurisdiction to consider bond was inconsistent with statute); Gastelum Chavez v. Lynch, No. CV147566DMGAGRX, 2016 WL 4402795, at *8 (C.D. Cal. Aug. 16, 2016) pending appeal in No. 14-71612 (9th Cir.) (declaring petitioner

to have acquired United States citizenship); Hassine v. Johnson, 2014 WL 5035173 (E.D. Cal. 2014) (petition for de novo review of naturalization application and award of attorneys' fees); Zavala v. Ridge, 310 F. Supp. 2d 1071 (N.D. Cal. 2004) (successfully challenging Department of Homeland Security's "automatic stay" regulation as facially unconstitutional); Singh v. Still, 470 F.Supp.2d 1064 (N.D. Cal 2007) (successful petition for writ of mandamus challenging Department of Homeland Security's unreasonable delay in the adjudication of applications for permanent residency); Shahwan v. Chertoff, C 05 4218 MMC (N.D. Cal. 2005) (granting petition for writ of habeas corpus where petitioner was not informed when he traveled on "advance parole" that he would be ineligible for a bond hearing before an immigration judge); and Araujo v. INS, 301 F. Supp. 2d 1095 (N.D. Cal. 2004) (Federal Tort Claims Act action finding that the United States liable for damages to a non-citizen for unlawful deportation).

8. Class action cases that I have litigated or am litigating include: Duran Gonzales v. U.S. Dep't of Homeland Sec., 712 F.3d 1271 (9th Cir. 2013) (certified Ninth Circuit-wide class action involving applications for lawful permanent residency when the applicants had been previously deported); Wagafe v. Trump, No. C17-94 RAJ (W.D. Wash.) (certified national class action challenge to USCIS' "Controlled Application Review and Resolution Program" which is alleged to unlawfully delay adjudication of applications based on undisclosed information).

9. My office regularly files Freedom of Information Act ("FOIA") requests on behalf of our noncitizen clients, seeking information about past interactions at the border and ports of entry in order to represent our clients in defending against removal proceedings or to determine if they are eligible to apply for lawful permanent resident status.

10. I also am familiar with litigation under the FOIA and have litigated district court FOIA actions, including in the following cases: Brown v. U.S. Customs & Border Prot., 132 F.

Supp. 3d 1170 (N.D. Cal. 2015) (putative class action challenging FOIA delays by U.S. Customs and Border Protection); <u>Osorio v. United States Customs and Border Protection</u>, CV 14- 01758-DOC (AN) (C.D. Cal); <u>Shaikh v. Department of State</u>, CV 14- 05352 -PSG (SH) (C.D. Cal), <u>Angeles-Badillo v. Customs and Border Protection</u>, CV 13-02958-CAB-RBB (S.D. Cal); and <u>Segovia v. Department of State,</u> CV13-8364 SVW (MANx) (C.D. Cal).

11. Neither the Law Offices of Stacy Tolchin nor I personally are receiving reimbursement from the individual plaintiffs or class members in this case. All counsel in this case are qualified and capable of adequately and fairly representing the interests of the class.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California on July 16, 2019.

By: _____

Stacy Tolchin
Declarant