Trina Realmuto (CA SBN 201088)
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
Facsimile: (202) 742-5619
Email: trealmuto@immcouncil.org

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>          Plaintiffs,<br><br>          v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>          Defendants. | No. 3:19-cv-03512-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     September 10, 2019<br>Time:     2:00 p.m.<br>Before:  Hon. William H. Orrick<br>             San Francisco Courthouse,<br>             Courtroom 2 |

1

2

*(counsel for Plaintiffs continued)*

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com

Matt Adams (WSBA No. 28287)*
Leila Kang (WSBA No. 48048)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
Email:
matt@nwirp.org
leila@nwirp.org

Mary Kenney (DC 1044695)**
Claudia Valenzuela (IL 6279472)**
Emily Creighton (DC 1009922)**
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile: (202) 742-5619
Email:
mkenney@immcouncil.org
cvalenzuela@immcouncil.org
ecreighton@immcouncil.org

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com

Counsel for Plaintiffs
*Admitted pro hac vice*
**Application for admission pro hac vice pending*

The parties, Plaintiffs Zachary Nightingale, Courtney McDermed, Cheryl David, Pao Lopa, and Maribel Carandang (collectively "Plaintiffs") and Defendants U.S. Citizenship and Immigration Services (USCIS), U.S. Immigration and Customs Enforcement (ICE), and Department of Homeland Security (collectively "Defendants"), by and through their attorneys of record, have met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure and jointly submit this report in compliance with this Court's Standing Order for All Judges of the Northern District of California:

**1.      Jurisdiction and Service**

Plaintiffs allege that this Court has jurisdiction under 5 U.S.C. § 552, et seq. (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act). There are currently no issues regarding personal jurisdiction or venue. No parties remain to be served.

**2.      Facts**

A.      Plaintiffs' Statement: The Freedom of Information Act (FOIA) mandates that an agency make a determination within 20 business days of receiving a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). Defendants USCIS and ICE are agencies within the meaning of the FOIA statute. Plaintiffs are noncitizens and attorneys whose FOIA requests for their own or their clients' immigration files, known as A-Files, have been pending before USCIS or ICE for more than 30 business days. Each of the Plaintiffs has been harmed as a result of USCIS and ICE's delay in processing their FOIA requests because each has been denied timely access to the information that they requested.

B.      Defendants' Statement: This case concerns multiple A-File FOIA requests by the individual named Plaintiffs, many of which have already been processed in full. None of Plaintiffs' FOIA requests has been denied; and Plaintiffs have not challenged any asserted

exemptions with respect to their FOIA requests. Plaintiffs' only claim is that Defendants have an alleged "pattern or practice" of failing to make timely determinations on A-File FOIA requests based on Plaintiffs' interpretation of the FOIA statute. Yet, Plaintiffs Lopa and Carandang have not alleged (nor could they) that they are likely to file A-File FOIA requests in the future, as required to sustain a pattern or practice claim. *See Animal Legal Defense Fund v. U.S. Dep't of Agri. et al.*, No. 18-16327 (9th Cir. 2019); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988). Moreover, as will be discussed in greater detail in Defendants' anticipated summary judgment motion, the remaining Plaintiffs cannot establish that Defendants egregiously adhere to an illegal policy or practice and thus their claims lack merit.

**3.    Legal Issues**

A.    Plaintiffs' Statement:  The legal issues include the following:

(1)    Whether Defendants USCIS and ICE have a nationwide pattern or practice of failing to make determinations on A-File FOIA requests within 20 business days;

(2)    Whether USCIS and ICE violate 5 U.S.C. § 552(a)(6) when they take longer than 20 business days to make determinations on A-File FOIA requests;

(3)    Whether ICE also violates 6 C.F.R. § 5.4(d)(3), (g) when it takes longer than 20 business days to make determinations on A-File FOIA requests referred from USCIS;

(4)    Whether Plaintiffs have satisfied Rule 23(a) and (b)(2)'s requirements for certification of two classes of similarly situated FOIA requesters.[1]

B.    Defendants' Statement:  In addition to the legal issues identified in Plaintiffs' statement, the legal issues include the following:

(5)    Whether, irrespective of Plaintiffs' ability to satisfy Rules 23(a) and (b)(2), class certification is necessary, given that—under Plaintiffs' view of FOIA—the proposed class members will benefit from the proposed injunctions regardless of whether they participate in this action;

(6)    Whether, assuming Plaintiffs prevail on the merits of their pattern or practice claim, they are entitled to the relief requested.

---

[1]    This list may not be exhaustive. It may change as the case develops and after this Court rules on Plaintiffs' pending Motion for Class Certification (ECF 28).

**4.      Motions**

On August 8, 2019, Plaintiffs filed a motion for class certification, which Defendants must answer by September 5, 2019. *See* ECF 28, 30, 31, 32. The parties anticipate filing motions for summary judgment and have proposed a briefing schedule below. *Pro hac vice* motions remain pending for three of Plaintiffs' counsel. ECF 26, 27, and 29.

**5.      Amendment to Pleadings**

No amendments to the pleadings are anticipated at this time. Any amendment to the pleadings would be filed within 30 days after the Court's decision on the motion for class certification.

**6.      Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that the parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures**

A.      The parties have not exchanged initial disclosures under Rule 26(a)(1)(A) in this matter.

B.      Description of initial disclosures:

1.      Plaintiffs' Statement: Plaintiffs propose the exchange of initial disclosures pursuant to the schedule below. Such disclosures would address, but are not limited to, the following: (1) current numbers of A-File FOIA requests filed with USCIS and pending for more than 20 business days without a determination; (2) current numbers of A-File FOIA requests referred from USCIS to ICE and pending for more than 20 business days without a

Joint Case Man. Statement                                                                      Case No. 3:19-cv-03512-WHO

determination; (3) names and positions of full-time, part-time, contract, or other employees responsible for adjudicating A-File FOIA requests within USCIS and ICE.

2. Defendants' Statement: Discovery, including initial disclosures, is not necessary or appropriate in this FOIA matter. If any discovery is warranted, it should not take place until after Defendants move for summary judgment, and the need for discovery should be evaluated at that time in accordance with Federal Rule of Civil Procedure 56(d). *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery" and citing cases supporting the rule that denying discovery may be proper in FOIA cases).

**8.  Discovery**

A. Discovery conducted: The parties have not conducted discovery in this matter.

B. Scope of anticipated discovery:

1. Plaintiffs' Statement: Plaintiffs anticipate seeking discovery related, but not limited, to: Defendants' administration of FOIA requests, including its methods for managing all pending FOIA requests—both current and backlogged; the extent of and reasons for USCIS' and ICE's backlogs of FOIA requests in the last five years; efforts taken to reduce these backlogs; amount of FOIA requests received annually by Defendants; allocation of Defendants' budget to disposition of FOIA requests; and Defendants' processing of FOIA requests filed by named Plaintiffs. Plaintiffs' oppose delaying discovery until after Defendants move for summary judgment. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) is inapposite. As the Ninth Circuit explained, "in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Id.* The issue in this case does not involve any particular request for documents or whether such documents should be revealed, but rather Defendants' nationwide pattern or practice of violating the

statutory deadlines for responding to FOIAs.

        2.     Defendants' Statement: Defendants maintain that discovery is generally not necessary or appropriate in FOIA cases. If any discovery is warranted, it should not take place until after Defendants move for summary judgment, and the need for discovery should be evaluated at that time in accordance with Federal Rule of Civil Procedure 56(d).

    C.     Proposed limitations or modification to discovery rules:

        1.     Plaintiffs' Statement: Plaintiffs do not propose any limit or modification to discovery rules, including delaying discovery until after Defendants move for summary judgment.

        2.     Defendants' Statement: Defendants respectfully refer the Court to their statement regarding discovery above.

    D.     The parties have considered, but have not made a final determination on, whether to enter in a stipulated e-discovery order and whether to develop a proposed discovery plan pursuant to Rule 26(f). The parties have not yet identified any discovery disputes.

**9.    Class Action**

On August 8, 2019, Plaintiffs filed a motion to certify two nationwide classes composed as follows:

> USCIS FOIA Class: All individuals who filed, or will file, A-File FOIA requests with USCIS which have been pending, or will be pending, with USCIS for more than 30 business days without a determination.

> ICE Referral Class: All individuals who filed, or will file, A-File FOIA requests with USCIS that USCIS has referred, or will refer, to ICE and which have been pending, or will be pending, for more than 30 business days from the date of the initial filing with USCIS without a determination.

*See* ECF 28. The Court has ordered that Defendants' response to the motion for class certification is due on September 5, 2019. *See* ECF 32. Plaintiffs anticipate filing a reply to Defendants' response. Defendants propose that the Court hold any decision on class certification in abeyance

Joint Case Man. Statement                    Case No. 3:19-cv-03512-WHO

until it rules on the parties' anticipated summary judgment motions. *See Wright v. Schock*, 742 F.2d 541, 543 (9th Cir. 1984) (stating that the framers of Rule 23 rejected imposing a requirement on district courts to rule on class certification before ruling on the merits of a case; instead, "[u]nder the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue"). Plaintiffs' oppose delaying a decision on class certification until after Defendants' move for summary judgment.

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

### Plaintiffs' Statement Pursuant Local Rule 16-9(b):

Pursuant to the local rules, as Plaintiffs are the party moving for class certification, this section is Plaintiffs' statement of the basis for their motion.

(1)      Relevant Paragraph under Fed. R. Civ. P. 23: The motion for class certification is brought under Federal Rule of Civil Procedure 23(b)(2) ("the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole").

(2)      Plaintiffs' Description of the Proposed Classes: Plaintiffs are three immigration attorneys and two noncitizens who filed FOIA requests for immigration cases files, also known as A-Files, with USCIS. The immigration attorneys routinely file A-File FOIA requests on behalf of their noncitizen clients in order to adequately advise and represent clients, defend against removal from the United States, and apply for affirmative immigration benefits on their behalf, such as applications for lawful permanent resident status. Plaintiffs Lopa and Carandang have filed FOIA A-File FOIA requests with USCIS in order to obtain, inter alia, information about their immigration history. All Attorney Plaintiffs and Plaintiff Lopa had A-File FOIA requests that

were pending with USCIS without a determination for more than 30 days at the time of filing the instant Complaint. All Attorney Plaintiffs and Plaintiff Carandang had A-File FOIA requests that they filed with USCIS, USCIS subsequently referred to ICE, and had been pending for more than 30 days since initial filing with USCIS, at the time of filing this Complaint.

(3)     Plaintiffs' description of the facts alleging that they are entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b):

Fed. R. Civ. P. 23 (a)(1): DHS' own FOIA reports show that the putative classes are far too numerous to make joinder practicable. DHS' FOIA Annual Report states that, at the close of Fiscal Year 2018, USCIS and ICE had 41,329 and 1,332 requests in its backlog, respectively— that is, requests that had been pending for longer than 20 days. A-File FOIA requests comprise a significant number of USCIS' current backlog, and likely comprises a significant number of ICE's backlog, though the exact number is unknown to Plaintiffs. The attorney declarations accompanying Plaintiffs' motion for class certification are evidence that, at a minimum, 173 A-File FOIA requests filed on behalf of noncitizens have been pending with USCIS for more than 30 business days without a determination, and 139 A-File FOIA requests that USCIS has referred to ICE have been pending for more than 30 business days. Joinder is also inherently impractical because of the unnamed, unknown future class members who will be subjected to Defendants' unlawful pattern or practice of failing to comply with the statutory timelines.

Fed. R. Civ. P. 23(a)(2): Plaintiffs and members of the proposed classes share the dominant and controlling question of law in the case: whether USCIS' and ICE's pattern or practice of failing to make determinations on A-File FOIA requests within the 20-day statutory period violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

Fed. R. Civ. P. 23(a)(3): All Plaintiffs had A-File FOIA requests that have been pending for over 30 days at the time of filing the Complaint. All also have suffered the same injury as the

proposed classes; all have suffered delays in resolving their immigration cases—and the hardships associated with such delays—as a result of USCIS and ICE failing to make timely determinations on their A-File FOIA requests.

Fed. R. Civ. P. 23(a)(4): The named Plaintiffs will fairly and adequately protect the interests of the proposed classes because they seek relief on behalf of the class as a whole and have no interest antagonistic to other members of the class. Their mutual goal is to have the Court declare unlawful Defendants' pattern or practice of failing to make determinations on A-File FOIA requests in a timely manner. Further, counsel are deemed qualified when they can establish their experience in previous class actions and cases involving the same area of law.

Fed. R. Civ. P. 23(b)(2): Plaintiffs seek uniform relief from Defendants' failure to make timely determinations on their A-File FOIA requests; specifically, they seek an order from this Court declaring this pattern or practice unlawful and ordering Defendants to respond to A-File FOIA requests that have been pending for more than 30 business days, within 60 business days of the Court's order, and to make future determinations on A-File FOIA requests and referrals of members of the proposed classes as mandated by 5 U.S.C. § 552(a)(6)(A)(i). Such relief is beneficial to all Plaintiffs as well as all members of the proposed classes. Defendant USCIS' and ICE's pattern or practice of failing to make timely determinations on A-File FOIA requests demonstrates that Defendants have acted "on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

(4)    Proposed hearing date: Plaintiffs propose that the Court consider the motion for class certification on October 2, 2019. Defendants object to this proposal and request that the Court defer scheduling a hearing on class certification until after it rules on the parties' anticipated summary judgment motions. *See Wright*, 742 F.2d at 543. If the Court decides to hear

the class certification issues before then, due to scheduling conflicts, Defendants request that the

hearing be scheduled on or after October 28, 2019.

**10.    Related Cases**

The parties are unaware of any related cases or proceedings.

**11.    Relief**

Plaintiffs seek declaratory and injunctive relief.

**12.    Settlement and ADR**

The parties have engaged in informal settlement negotiations and do not believe that

settlement is possible at this time. The parties may be amenable to engaging in settlement

negotiations in the future.  As indicated in the parties' recent ADR certifications, ECF 33 & 34,

the parties prefer to discuss ADR selection with the Court at the upcoming Case Management

Conference.

**13.    Consent to Magistrate Judge**

The parties do not consent to have a magistrate judge conduct all further proceedings,

including trial and entry of judgment.

**14.    Other References**

The parties agree that this case is not appropriate for referral to binding arbitration, a

special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties are willing to meet and confer again after class certification is resolved, to

ascertain whether issues can be narrowed by agreement.

**16.    Expedited Schedule**

The parties agree that this case is not suitable to be handled under the Expedited Trial

Procedures of General Order No. 64.

**17**.    **Scheduling**

The parties propose the following schedule(s):

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Class Certification Opposition | September 5, 2019 | September 5, 2019 |
| Class Certification Reply | September 12, 2019 | Agreed |
| Hearing on Motion for Class Certification | October 2, 2019 | Defendants request that the Court defer scheduling a hearing on class certification until after it rules on the parties' anticipated summary judgment motions. If the Court decides to hear the class issues first, due to scheduling conflicts, Defendants request that the hearing be scheduled for October 28, 2019, or later. |
| Initial disclosures | September 30, 2019 | Defendants maintain that fact discovery, including initial disclosures, is not appropriate in this case. *See supra.* |
| Start of discovery | October 1, 2019 | Defendants maintain that fact discovery, including initial disclosures, is not appropriate in this case. *See supra.* |
| Designation of experts | February 1, 2020 | Defendants maintain that fact discovery, including initial disclosures, is not appropriate in this case. *See supra.* |
| Close of fact discovery | June 1, 2020 | Defendants maintain that fact discovery, including initial disclosures, is not appropriate in this case. |

Joint Case Man. Statement

| | | *See supra.* |
|---|---|---|
| Dispositive motions filing deadline | August 3, 2020 | November 11, 2019 (sixty days from the Case Management Conference) |
| Pretrial conference | December 1, 2020 | A trial is not necessary or appropriate in this case. |
| Trial date | January 18, 2021 | A trial is not necessary or appropriate in this case. |

In the event that the Court orders discovery in this case, Defendants propose that the parties

confer once Plaintiffs are able to articulate the specific scope of discovery they contemplate

so that the parties may jointly propose discovery deadlines and deadlines for filing

dispositive motions at that time.

**18.    Trial**

The parties believe that, if this matter cannot be settled, this case will be ripe for decision

on dispositive motions and that likely no trial will be necessary in this matter.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Neither party is aware of an interested non-party to this case, other than putative class

members. A motion for class certification has been filed on their behalf and is pending before the

Court.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

**21.    Other Matters**

The parties are unaware of any other matters that may facilitate the just, speedy, and

inexpensive disposition of this matter.

Dated: September 3, 2019

Respectfully submitted,

*s/ Trina Realmuto*                              JOSEPH H. HUNT
Trina Realmuto (CA SBN 201088)                   Assistant Attorney General
American Immigration Council
1318 Beacon Street, Suite 18                     ELIZABETH J. SHAPIRO
Brookline, MA 02446                              Deputy Branch Director
(857) 305-3600
(202) 742-5619 (fax)                             */s/  Cristen C. Handley*
trealmuto@immcouncil.org                         CRISTEN C. HANDLEY, MO Bar No. 69114
                                                 United States Department of Justice
Matt Adams (WSBA No. 28287)*                     Civil Division, Federal Programs Branch
Leila Kang (WSBA No. 48048)*                     1100 L Street, NW
Northwest Immigrant Rights Project               Washington, D.C. 20005
615 Second Avenue, Suite 400                     (202) 305-2677
Seattle, WA 98104                                cristen.handley@usdoj.gov
(206) 957-8611
(206) 587-4025 (fax)                             *Counsel for Defendants*
matt@nwirp.org
leila@nwirp.org

Mary Kenney (DC 1044695)**
Claudia Valenzuela (IL 6279472)**
Emily Creighton (DC 1009922)**
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7512
(202) 742-5619 (fax)
mkenney@immcouncil.org
cvalenzuela@immcouncil.org
ecreighton@immcouncil.org

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
(213) 622-7450
(213) 622-7233 (fax)
Stacy@Tolchinimmigration.com

*Counsel for Plaintiffs*

1

2

3
## ORDER

4
Pursuant to stipulation, IT IS SO ORDERED.

5

6

7
Date: _____

8
WILLIAM H. ORRICK
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DECLARATION PURSUANT TO CIV. L.R. 5-1(i)(3)**

2

*Nightingale v. U.S. Citizenship and Immigration Services*, No. 3:19-cv-03512-WHO

3

    I, Trina Realmuto, declare that I have obtained the concurrence in the filing of this Joint

4

Case Management Statement, from Cristen C. Handley, counsel for Defendants.

5

6

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on

7

September 3, 2019, in Brookline, MA.

8

<u>s/ Trina Realmuto</u>
Trina Realmuto (CA SBN 201088)

9

American Immigration Council

10

1318 Beacon Street, Suite 18
Brookline, MA 02446

11

(857) 305-3600
(202) 742-5619 (fax)

12

trealmuto@immcouncil.org

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28