1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

JOSEPH H. HUNT
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| Zachary NIGHTINGALE, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION<br>SERVICES, *et al.*,<br><br>               Defendants. | No. 3:19-cv-03512-WHO<br><br>**DECLARATION OF<br>JILL A. EGGLESTON** |

     1.     I am the Associate Center Director in the Freedom of Information and Privacy Act ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services ("USCIS"), within the United States Department of Homeland Security ("DHS"). I have held this position since February 4, 2008. I am also an attorney, licensed to practice law by the State of Kansas in 1983. Prior to joining DHS, I served for 19 ½ years as Associate General Counsel for the Defense Finance and Accounting Service ("DFAS") of the U.S. Department of Defense ("DoD"). As part of my duties with the DFAS, among other things, I provided legal advice to the agency on the release of information sought under the FOIA and Privacy Act.

2.      As FOIA Officer for USCIS, I supervise over 200 information-access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.

3.      Through the exercise of my official duties as Associate Center Director, I am personally familiar with USCIS's standard processes for responding to FOIA requests, including search procedures for locating agency records, and the processing of responsive records.

4.      This declaration is submitted in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification in this matter. This declaration describes, generally, USCIS procedures for processing FOIA requests for access to agency records, and the limitations USCIS faces, including staffing and resource constraints of the FOIA program.  The statements contained in this declaration are based on my personal knowledge, my review of relevant documents kept by USCIS in the course of ordinary business, and upon information provided to me by other USCIS employees in the course of my official duties.

### USCIS'S STANDARD FOIA OPERATING PROCEDURES

5.      USCIS is a component of DHS, and is responsible for administering the nation's lawful immigration system.  USCIS is also responsible for maintaining custody of Alien Files ("A-Files") on behalf of DHS and its other component agencies.

6.      An A-File is the official government record that contains information regarding transactions involving an individual as he or she passes through the U.S. immigration and inspection process.  Although USCIS is the official custodian of all A-Files and the system manager for the Alien File/Central Index System, both the files and systems are shared with U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP"), both of which create and contribute documents to A-Files.  A-Files generally consist of, among other things, information relating to the adjudication of benefits, investigation of immigration violations, and

enforcement actions.  The contents of A-Files vary greatly depending on the person, and they may contain documents including but not limited to: Naturalization certificates; birth and marriage certificates; applications, petitions, and requests for immigration determinations or agency action under the immigration and nationality laws; reports of arrests and investigations; statements; other reports; records of proceedings before or filings made with the U.S. immigration courts and any administrative or federal district court or court of appeal; correspondence; and memoranda.  *See generally* 82 Fed. Reg. 43556 (Sept. 18, 2017).

7.     In conducting USCIS's work, aside from A-Files, USCIS employees generate a number of documents that are also of great interest to the public.  While the primary purpose of the FOIA is to shed light on the government's actions and prevent secret laws, the FOIA is also used by people who are applying for immigration or other benefits, researching family history, seeking business information about competitors' contacts with the agency, and other purposes.

8.     Requests for A-File material comprise the vast majority of USCIS's FOIA workload.  In FY 2019, approximately 98% of the FOIA/PA requests submitted to USCIS sought A-File material.  These requesters are seeking copies of information about themselves previously submitted to the government or records that document their interactions with agency officials.  There are also many attorneys who request A-Files on behalf of clients for purposes of the clients' immigration proceedings.

9.     The average A-File includes around 260 pages, but the size of A-Files is increasing and varies significantly based on, among other factors, the number of interactions with U.S. officials and the amount of material that the individual submits to the government.  Indeed, an A-File could be as small as a few pages or as large as over 200,000 pages, depending on the individual's immigration history, criminal history, employment history, prior immigration proceedings, and a variety of other factors.  While there have been recent efforts to digitize some of the forms in A-Files, the records are still mostly paper-based.  The extent of review and redaction required before producing an individual's responsive records varies considerably

depending on the number, size, and content of the documents identified.  The FOIA exemptions that are typically applied to A-File material include 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E), though this also varies greatly depending on the contents of the file.

10.     While the majority of A-Files are stored at the NRC, A-Files might also be located at one of the hundreds of field offices around the country.  To process a FOIA request for an A-File, USCIS must therefore locate and retrieve the file, and then digitize its contents using a high-speed scanner before the documents can be reviewed.

11.     Given the significant number of FOIA requests received by USCIS, and in an effort to process FOIA requests in a manner designed to be fair and expeditious and in accordance with the FOIA statute, USCIS has adopted a policy of processing such requests on a first-in/first-out basis.  This process is further enhanced by the implementation of a regulation providing for expedited processing of requests under given circumstances, and the adoption of a multi-track system of processing which not only allows the agency to process requests on a first-in/first-out basis within each track, but also permits USCIS to respond to relatively simple requests more quickly than requests involving complex and/or voluminous records.

12.     DHS is one of ninety-nine federal agencies subject to the FOIA, but USCIS receives nearly one-fifth of the total requests received.  Plus, in recent years, USCIS has experienced a significant increase in FOIA requests.  For example, during fiscal year ("FY") 2016, USCIS received 166,732 FOIA requests.  That number increased to 190,941 in FY 2017; and in 2018, USCIS received 191,804 total requests, which represents nearly half of the total requests received by DHS and over 21 percent of the total requests received government-wide in FY 2018.

13.     As a result of these increases, FOIA backlogs are a systemic problem throughout the federal government, driven in large part by continued increases in the number of incoming requests. The backlog has also been influenced by an increase in the complexity of requests and the volume of electronic records generated by the agency and other components of DHS.  For example, between FY 2017 and FY 2018, the average number of pages released in response to a request grew from 87

to 93, an increase of approximately seven percent.  And DHS is on track to increase the average number of pages released per request in FY 2019 to more than 100.  Managing the higher volume of records also presents its own challenges with IT infrastructure, technology, and workforce constraints.

14.     USCIS has made reasonable progress on the number of requests processed each year and has undertaken efforts to reduce the backlog, including hiring contractors, authorizing overtime, and implementing a new FOIA processing system.  While these efforts have not eliminated USCIS's backlog, they have resulted in a significant reduction despite the continued increases in the number and complexity of incoming requests.  For example, at the end of FY 18, USCIS had a backlog of approximately 41,329 requests.  As of August 2019, USCIS's backlog has been reduced to 22,122 requests.  This represents a 46% reduction in USCIS's FOIA backlog since the end of FY 18.  In order to achieve this backlog reduction, however, USCIS has had to allocate extra staff to backlog processing.  This has impacted USCIS's ability to process new FOIA requests which, based on current projections, could exceed 200,000 in FY 2019.

15.     The increases in volume and complexity of new FOIA requests will continue to impact USCIS's ability to make timely determinations on its other FOIA requests.  As a result, more of these requests become subject to administrative appeals and litigation in U.S. District Courts.

16.     Further, the ability to process a certain amount of pages can vary significantly due to the individualized nature of FOIA requests and wide variety of records maintained by the agency, including within an A-File.  For example, a request for records within an A-File file containing solely USCIS application material may be processed faster due to the agency's familiarity with the subject material and smaller file size.  By contrast, an A-File pertaining to an individual with interactions with multiple components is likely to be much larger and more complex, and may require consultations with third party agencies and law enforcement personnel in order to process the information and make appropriate redactions.

DECLARATION OF JILL A. EGGLESTON
No. 3:19-cv-03512-WHO

17.     Requests that involve larger volumes of responsive records often require rolling production schedules.  In order to meet its obligations for all requests, appeals, and cases in litigation, and ensure that all of the FOIA matters progress so that each requester can receive responses, USCIS FOIA processors generally process around 500 pages per month for each case involving a rolling production.  Any increase in production in one matter would significantly impact USCIS's ability to process records for productions in other matters.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 5, 2019

JILL A. EGGLESTON
Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center

- 6 -
DECLARATION OF JILL A. EGGLESTON
No. 3:19-cv-03512-WHO