JOSEPH H. HUNT
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
MARSHA STELSON EDNEY, DC Bar No. 414271
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 3:19-cv-03512-WHO<br><br>**Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, by and through undersigned counsel, submit their Objections and Responses to Plaintiffs' First Set of Interrogatories.

**GENERAL RESPONSE**

The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit discovery of matters not privileged that are

relevant to the claims or defenses in this civil action. Fed. R. Civ. P. 26(b)(l). Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, materiality, or any other appropriate ground.

## GENERAL OBJECTIONS

1. Defendants object to the definition of the terms "Defendant" or "Defendants" to the extent it includes attorneys, which implicates the attorney-client privilege and the work-product doctrine.

2. Defendants object to the definition of the term "person" to the extent it includes attorneys, which implicates the attorney-client privilege and the work-product doctrine.

3. Defendants object to the definition of "document" or "documents" because it imposes obligations beyond those contained in the Federal Rules of Civil Procedure and to the extent it includes documents not in Defendants' possession, custody, or control, including documents "to which Defendants otherwise have access."

4. Defendants object to Instruction 14 because it imposes obligations beyond those contained in the Federal Rules of Civil Procedure which does not require Defendants to produce a privilege log at this time.

5. Defendants object to Instruction 19 to the extent it imposes obligations beyond those contained in the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

Provide the number of all A-File FOIA Requests that Defendant USCIS received in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019.

**RESPONSE:** Defendant USCIS objects to this Interrogatory to the extent it seeks information that is not kept in the ordinary course of business. USCIS does not separately track

Defs.' Resp. to Pls.' First Set of Interrogatories                    Case No. 3:19-cv-03512-WHO

Page 2

the number of A-File FOIA Requests it receives from the total of all FOIA requests. Subject to, and without waving these objections, USCIS reviewed information from its tracking systems and was able to determine with reasonable certainty that the number of A-File FOIA Requests received in those fiscal years is:

- FY15: 158,977
- FY16: 162,146
- FY17: 185,471
- FY18: 184,485
- FY19: 186,547

**INTERROGATORY NO. 2**

Provide the number of all A-File FOIA Requests that Defendant USCIS referred to Defendant ICE in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019.

**RESPONSE:** Defendant USCIS states the following number of A-File FOIA Requests have been referred to ICE:

- FY15: 44,889
- FY16: 50,646
- FY17: 53,316
- FY18: 81,041
- FY19: 86,815

**INTERROGATORY NO. 3**

Explain the process, timing, and criteria for determining the applicable processing track (simple, complex, or expedited) for an A-File FOIA Request.

**RESPONSE:** Defendants object to the terms "process, timing, and criteria" as vague, as those terms are undefined and it is unclear what "timing" refers to. Defendants also object to this Interrogatory because it is not limited to any particular Defendant, yet only Defendant USCIS divides A-File FOIA Requests into three tracks for processing. Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), Defendant USCIS hereby refers Plaintiffs to the USCIS Case Create Guide. This document will be produced within a reasonable time.

Defs.' Resp. to Pls.' First Set of Interrogatories                                    Case No. 3:19-cv-03512-WHO

Page 3

**INTERROGATORY NO. 4**

Explain how Defendants define and calculate the "Response Time" for A-File FOIA Requests processed by Defendants USCIS and ICE as that term is used in the 2018 Annual DHS FOIA Report at Section VII, located at https://www.dhs.gov/sites/default/files/publications/dhs_fy2018_foia_report_updated.pdf.

**RESPONSE:** The term "Response Time" for A-File FOIA Requests as used in the annual report is the number of business days between when the FOIA Request is perfected (*i.e.*, meets all requirements for a complete FOIA Request) and the date the final response letter, and any responsive records, are transmitted to the requester via electronic or physical mail or, in USCIS's case, when the final response letter and responsive records go to USCIS's print queue.

**INTERROGATORY NO. 5**

Explain how Defendant USCIS defines and calculates "Days Opened" and "Days to Process" for A-File FOIA Requests as these terms are used in the FY 2018 Raw Data: USCIS, located at https://www.dhs.gov/sites/default/files/publications/USCIS%20FY18%20Raw%20Data.xlsx.

**RESPONSE**:

Defendant USCIS defines and calculates "Days Opened" as used in the FY 2018 Raw Data as the number of business days between the date the FOIA Request was perfected to 9-30-18 (*i.e.*, the case is still open at the end of the FY). "Days to Process" is defined as the number of business days between the date the FOIA Request was perfected to the date when the final record, and any responsive records, go to USCIS's print queue.

Defs.' Resp. to Pls.' First Set of Interrogatories                                                  Case No. 3:19-cv-03512-WHO

Page 4

**INTERROGATORY NO. 6**

Explain how Defendant ICE defines and calculates "Processed Days" for A-File FOIA Requests as this term is used in the FY 2017 Raw Data: ICE, located at https://www.dhs.gov/sites/default/files/publications/FY17%20Raw%20Data%20ICE.xlsx.

**RESPONSE:** Defendant ICE states that "Processed Days" has the same definition as "Response Time" which was previously defined in response to Interrogatory No. 4.

**INTERROGATORY NO. 7**

Explain how Defendants DHS, USCIS, and ICE determine when an A-File FOIA Request is complete.

**RESPONSE:** Defendants object to the term "complete" as vague and undefined. Subject to, and without waiving this objection, Defendant DHS states that it does not make any determination regarding when an A-file FOIA request is complete and defers that determination to ICE and USCIS who process those requests. Defendant ICE states that an A-File FOIA Request is complete once the final response letter and any responsive documents have been transmitted to the requester. Defendant USCIS states that it considers an A-File FOIA Request as complete when USCIS has processed all USCIS documents contained within the A-File and have referred, if necessary, all other documents to the originating federal agency for handling.

**INTERROGATORY NO. 8**

Define the term "processing time" as referenced by counsel during the October 1, 2019, Hearing on Plaintiffs' Motion for Class Certification, *see* Transcript of Proceedings, Dkt. 48, at 14:20 and 14:25.

**RESPONSE:** Defendants object to this Interrogatory as improper under the Federal Rules of Civil Procedure because it does not seek information from a party to the case but rather is requesting Defendants' counsel to define a term she used during oral argument in the October 1,

Defs.' Resp. to Pls.' First Set of Interrogatories Case No. 3:19-cv-03512-WHO

Page 5

2019 hearing.  Fed. R. Civ. P. 33(b)(1)(A) requires only parties to respond to Interrogatories.  In light of this objection, Defendants will not provide a response to this Interrogatory.

**INTERROGATORY NO. 9**

Explain how Defendant USCIS defines the terms "Request Submitted," "Files Requested," "Files Received," "Case in Process," and "Completed," as these terms are used by the online FOIA status checker, located at https://first.uscis.gov/#/check-status.

**RESPONSE:**  Defendant USCIS states that these terms are what USCIS refers to as the "Public Status Code" and are explained in the online status checker as follows:

- Request Submitted - Your request has been received by USCIS;
- Files Requested - Your request has been reviewed and the National Records Center has placed a request for responsive documents;
- Files Received - Your responsive documents have arrived at the National Records Center;
- Case in Process - The National Records Center is processing your responsive documents;
- Completed - Your requested documents are available in your own portal unless you selected an alternative delivery method.

**INTERROGATORY NO. 10**

Provide the number of all A-File FOIA Requests that Defendant USCIS processed to completion in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019.

**RESPONSE:**  Defendant USCIS objects to this Interrogatory to the extent it seeks information that is not kept in the ordinary course of business.  Defendant USCIS does not separately track the number of A-File FOIA Requests processed to completion from all FOIA Requests.  Subject to, and without waving these objections, USCIS reviewed information from its tracking systems and was able to determine with reasonable certainty that the number of A-File FOIA Requests processed to completion for those fiscal years is:

Defs.' Resp. to Pls.' First Set of Interrogatories                                                                          Case No. 3:19-cv-03512-WHO

Page 6

- FY15: 147,389
- FY16: 140,682
- FY17: 184,865
- FY18: 181,485
- FY19: 223,347

**INTERROGATORY NO. 11**

Provide the number of all A-File FOIA Requests that Defendant USCIS processed to completion in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019, where the requests were initially received by Defendant USCIS more than 30 business days prior to the grant.

**RESPONSE:** Defendant USCIS objects to the phrase "more than 30 business days prior to the grant" as vague and further objects to this Interrogatory to the extent it seeks information that is not kept in the ordinary course of business. Defendant USCIS does not separately track A-File Requests from all FOIA Requests nor does it track information by the referenced time period. Subject to, and without waving these objections, Defendant USCIS states information regarding the processing of all FOIA Requests by fiscal years is publicly available in the annual report: https://www.justice.gov/oip/reports-1.

**INTERROGATORY NO. 12**

Provide the number of all A-File FOIA Requests pending with Defendant USCIS as of October 31, 2019, that were initially received by Defendant USCIS more than thirty business days prior to that date.

**RESPONSE:** Defendant USCIS objects to this Interrogatory to the extent it seeks information that is not kept in the ordinary course of business. USCIS does not keep track of the number of A-File FOIA Requests in the manner requested. Subject to, and without waiving the objection, USCIS states that the number of FOIA Requests pending with USCIS as of October 31, 2019 that are more than 30 days old is 14,444.

Defs.' Resp. to Pls.' First Set of Interrogatories      Case No. 3:19-cv-03512-WHO

Page 7

**INTERROGATORY NO. 13**

Provide the number of all A-File FOIA Requests that Defendant ICE processed to completion in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019.

**RESPONSE:** Defendant ICE objects to this Interrogatory to the extent it seeks information that is not kept in the ordinary course of business. ICE does not separately track the number of A-File FOIA Requests processed to completion from all FOIA Requests. Subject to, and without waving these objections, Defendant ICE states that it has processed to completion the total number of FOIA Requests for the following fiscal years:

- FY 15:  101,578
- FY 16:  63,605
- FY 17:  47,979
- FY 18:  67,365
- FY 19:  61,683

**INTERROGATORY NO. 14**

Provide the number of all A-File FOIA Requests which Defendant USCIS referred to Defendant ICE and which were processed to completion in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019, where the requests were initially received by Defendant USCIS more than 30 business days prior to the grant.

**RESPONSE:** Defendant USCIS objects to this Interrogatory as vague and because it seeks information that is not kept in the ordinary course of business. ICE does not separately track of the number of A-File FOIA Requests in the manner requested.

**INTERROGATORY NO. 15**

Provide the number of all A-File FOIA Requests pending with Defendant ICE as of October 31, 2019, that were initially received by Defendant USCIS more than thirty business days prior to that date.

Defs.' Resp. to Pls.' First Set of Interrogatories   Case No. 3:19-cv-03512-WHO

Page 8

**RESPONSE:** Defendant ICE objects to this Interrogatory as vague and further because it seeks information that ICE does not keep in the ordinary course of business. ICE does not separately track of the number of A-File FOIA Requests in the manner requested.

**INTERROGATORY NO. 16**

For FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019, provide the number of times Defendant USCIS invoked "unusual circumstances," as referenced in 5 U.S.C. § 552(a)(6)(B), with respect to A-File FOIA Requests.

**RESPONSE**: Defendant USCIS objects to this Interrogatory because it seeks information that USCIS did not keep in the ordinary course of business until September, 2019. Subject to, and without waiving the objection, USCIS states beginning in September, 2019, it began invoking "unusual circumstances" for all Track 2 and Track 3 A-file FOIA Requests. For the month of September, 2019 (end of FY 2019), USCIS has invoked "unusual circumstances" 12,438 times.

**INTERROGATORY NO. 17**

For FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019, provide the number of times Defendant ICE invoked "unusual circumstances," as referenced in 5 U.S.C. § 552(a)(6)(B), with respect to A-File FOIA Requests.

**RESPONSE:** Defendant ICE objects to this Interrogatory because it seeks information that ICE does not keep in the ordinary course of business. Subject to, and without waiving the objection, ICE states that it is unaware of any instance in which it formally invoked "unusual circumstances" as referenced in 5 U.S.C. § 552(a)(6)(B).

**INTERROGATORY NO. 18**

Define the term "backlog" as used in Dkt. 36-1, Declaration of Jill A. Eggleston, ¶¶ 13 and 14 (including the reference to the "backlog" as of August 2019).

Defs.' Resp. to Pls.' First Set of Interrogatories                                             Case No. 3:19-cv-03512-WHO

Page 9

**RESPONSE:** Defendant USCIS states that the term "backlog" as used in the declaration refers to any FOIA Request that has not been responded to within the statutory time frame set forth in 5 U.S.C. § 552.

**INTERROGATORY NO. 19**

Define the term "backlog" as used in Dkt. 36-2, Declaration of Toni Fuentes, ¶ 11.

**RESPONSE:** Defendant ICE states that the term "backlog" as used in the declaration refers to any FOIA Request that has not been responded to within the statutory time frame set forth in 5 U.S.C. § 552.

**INTERROGATORY NO. 20**

Provide the number of times in FY 2015, FY 2016, FY 2017, FY 2018, and FY 2019, that FOIA Requests for A-Files that have been "as large as over 200,000 pages" have been filed, as stated in Dkt. 36-1, Declaration of Jill A. Eggleston, ¶ 9.

**RESPONSE:** Defendant USCIS objects to this Interrogatory because it seeks information that it does not keep in the ordinary course of business. Subject to, and without waiving the objection, Defendant USCIS states that, to the best of its knowledge, there has been one FOIA Request filed for an A-File that was "as large as over 200,000 pages."

Defs.' Resp. to Pls.' First Set of Interrogatories                    Case No. 3:19-cv-03512-WHO

Page 10

Dated: December 13, 2019

As to Responses, see attached signature pages.

As to objections,    JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 */s/ Cristen C. Handley*
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
MARSHA STELSON EDNEY, D.C. Bar No. 414271
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

Defs.' Resp. to Pls.' First Set of Interrogatories                           Case No. 3:19-cv-03512-WHO

Page 11

**CERTIFICATE OF SERVICE**

I certify that on December 13, 2019, I served a copy of the foregoing document by electronic mail to Trina Realmuto, counsel for Defendants, at TRealmuto@immcouncil.org.

>    */s/ Cristen C. Handley*
>    CRISTEN C. HANDLEY, MO Bar No. 69114
>    Trial Attorney
>    United States Department of Justice
>    Civil Division, Federal Programs Branch
>    1100 L Street, NW
>    Washington, D.C. 20005
>    (202) 305-2677
>    cristen.handley@usdoj.gov

Defs.' Resp. to Pls.' First Set of InterrogatoriesCase No. 3:19-cv-03512-WHO

Page 12

**VERIFICATION**

With respect to information pertaining to United States Department of Homeland Security, based on my personal knowledge, my review of agency records kept in the ordinary course of business, and information provided to me in the course of my official duties, I declare under penalty of perjury that the foregoing responses to these Interrogatories are true and correct to the best of my knowledge, information, and belief.

Date: December 13, 2019

_____
James V.M.I. Holzer
Deputy Chief FOIA Officer
Privacy Office
U.S. Department of Homeland Security
245 Murray Lane, S.W., Mail Stop 0655
Washington, D.C. 20528-0655

## VERIFICATION

With respect to information pertaining to United States Immigration and Customs Enforcement, based on my personal knowledge, my review of agency records kept in the ordinary course of business, and information provided to me in the course of my official duties, I declare under penalty of perjury that the foregoing responses to these Interrogatories are true and correct to the best of my knowledge, information, and belief.

Date: December 12, 2019

*[signature]*

Toni Fuentes, Deputy FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**<u>VERIFICATION</u>**

      With respect to information pertaining to the United States Citizenship and Immigration Services (USCIS), based on information that I obtained in the course of my official duties, I declare under penalty of perjury that the foregoing responses to these Interrogatories are true and correct to the best of my knowledge, information and belief.

Date: 12-16-2019

*Jill A. Eggleston*
Jill A. Eggleston
Associate Center Director
National Records Center
U.S. Citizenship and Immigration Services