JOSEPH H. HUNT
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
MARSHA STELSON EDNEY, DC Bar No. 414271
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>        Plaintiffs,<br><br>                v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>        Defendants. | No. 3:19-cv-03512-WHO<br><br>**Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents** |

Defendants, by and through undersigned counsel, submit their Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents.

### GENERAL RESPONSE

The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit discovery of matters not privileged that are relevant to the claims or defenses in this civil action.  Fed. R. Civ. P. 26(b)(l).  Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, materiality, or any other appropriate ground.

### GENERAL OBJECTIONS

1.  Defendants object to the definition of the term "person" to the extent it includes attorneys, which implicates the attorney-client privilege and the work-product doctrine. Defendants further object to this definition to the extent it seeks personally identifying information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or any other provisions of law protecting personally identifying information, in the absence of a Privacy Act protective order issued by the Court.  *See* 5 U.S.C. § 552a(b)(11).

2.  Defendants object to the definition of the terms "Defendant" or "Defendants" to the extent that definition includes attorneys, which implicates the attorney-client privilege and the work-product doctrine.

3.  Defendants object to the definition of the terms "document" or "documents" because that definition imposes obligations beyond those contained in the Federal Rules of Civil Procedure and to the extent it includes documents not in Defendants' possession, custody, or control, including documents "to which Defendants otherwise have access."

4.  Defendants object to Instructions 17 and 18 because they impose obligations beyond those contained in the Federal Rules of Civil Procedure, which do not require Defendants to provide these details or to produce a privilege log at this time.

5.  Defendants object to Instruction 19 to the extent it imposes obligations beyond those contained in the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 1**

Organizational charts, directories, and/or lists for FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019 of entities, units, and persons within USCIS that are engaged in activities concerning USCIS FOIA processing, staffing, technology, and financing, including the USCIS entities and units employing the individuals referenced in Defendants' Initial Disclosures in paragraphs 1.a. through 1.l., which may include, but is not limited to, any charts that include names, positions, and dates of hire for all permanent employees.

**RESPONSE:**  Defendant USCIS objects to this Request as vague and overly broad to the extent it seeks "lists" and "directories."  Defendant USCIS further objects to this Request because it seeks documents that contain personally identifying information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.  Moreover, such information is not relevant to the claims or defenses in this case.

Subject to these objections, and limited to USCIS's FOIA office, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2**

Organizational charts, directories, and/or lists for FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019 of entities, units, and persons in ICE that are engaged in activities concerning ICE

FOIA processing, staffing, technology, and financing, including the ICE entities and units employing the individuals referenced in Defendants' Initial Disclosures in paragraphs 1.m. through 1.q., which may include, but is not limited to, any charts that include names, positions, and dates of hire for all permanent employees.

**RESPONSE:**  Defendant ICE objects to this Request as vague and overly broad to the extent it seeks "lists" and "directories."  Defendant ICE further objects to this Request because it seeks documents that contain personally identifying information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.  Moreover, such information is not relevant to the claims or defenses in this case.

Subject to these objections, and limited to ICE's FOIA office, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 3

Organizational charts, directories, and/or lists for FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019 of entities, units, and persons in DHS that are engaged in activities concerning USCIS and ICE FOIA processing, staffing, technology, and financing, including the DHS office employing the individual referenced in Defendants' Initial Disclosures in paragraph 1.r., which may include, but is not limited to, any charts that include names, positions, and dates of hire for all permanent employees.

**RESPONSE:**  Defendant DHS objects to this Request as vague and overly broad to the extent it seeks "lists" and "directories."  Defendant DHS further objects to this Request because it seeks documents that contain personally identifying information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.  Moreover, such information is not relevant to the claims or

defenses in this case.

Subject to these objections, and limited to DHS's FOIA office, Defendant DHS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4**

Any document that lists or compiles the names, titles, scope of work, and/or dates of employment for all persons who have engaged in processing FOIA Requests filed with USCIS in the last two fiscal years (Fiscal Years 2018 and 2019), including, but not limited to: (a) interns; (b) outside contractors; (c) FOIA Government Information Specialists; or (d) other DHS employees or contractors.

**RESPONSE:**  Defendant USCIS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "any document." Defendant USCIS further objects to this Request because it seeks documents that contain personally identifying information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.  Moreover, such information is not relevant to the claims or defenses in this case.

Subject to these objections, and limited to USCIS's FOIA office, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

Any document that lists or compiles the names, titles, scope of work, and/or dates of employment for all persons who have engaged in processing FOIA Requests filed with, or referred to, ICE in the last two fiscal years (Fiscal Years 2018 and 2019), including, but not limited to: (a) interns; (b) outside contractors; (c) FOIA Government Information Specialists; or (d) other DHS employees or contractors.

**RESPONSE:**  Defendant ICE objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "any document." Defendant ICE further objects to this Request because it seeks documents that contain personally identifying information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.  Moreover, such information is not relevant to the claims or defenses in this case.

Subject to these objections, and limited to ICE's FOIA office, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

All documents or communications concerning the processing of the individual A-File FOIA Requests filed by Plaintiffs Pao Lopa and Mirabel Carandang.

**RESPONSE:**  Defendants object to this Request as vague and overly broad to the extent it seeks "[a]ll documents or communications."  Moreover, it is unclear what Plaintiffs mean by "documents or communications *concerning the processing*" of an A-File request, as that phrase is vague and the terms "concerning" and "processing" are undefined.  Defendants further object to this Request to the extent it seeks the underlying documents responsive to Plaintiffs Lopa's or Carandang's A-File FOIA requests, as well as to the extent it seeks attorney-work product or information protected by attorney-client privilege or the deliberative-process privilege. Additionally, Defendants object to this Request as overly broad and unduly burdensome to the extent it seeks information related to any administrative appeals filed by Plaintiffs Lopa or Carandang.

Subject to these objections, Defendants USCIS and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.  Defendant DHS does not keep records responsive to this Request in the

ordinary course of business and therefore will not conduct a search or produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 7

All documents or communications concerning the processing of individual A-File FOIA Requests filed by Plaintiffs Zachary Nightingale, Courtney McDermed, and Cheryl David since June 19, 2019, the date Plaintiffs filed this action.

**RESPONSE:** Defendants object to this Request as vague and overly broad to the extent it seeks "[a]ll documents or communications."  Moreover, it is unclear what Plaintiffs mean by "documents or communications *concerning the processing*" an A-File request, as that phrase is vague and the terms "concerning" and "processing" are undefined.  Defendants further object to this Request to the extent it seeks the underlying documents responsive to the Plaintiffs' Nightingale's, McDermed's, or David's A-File FOIA requests filed since June 19, 2019, as well as to the extent it seeks attorney-work product or information protected by attorney-client privilege or the deliberative-process privilege.  Additionally, Defendants object to this Request as overly broad and unduly burdensome to the extent it seeks information related to any administrative appeals filed by Plaintiffs Nightingale, McDermed, or David.

Subject to these objections, Defendants USCIS and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.  Defendant DHS does not keep records responsive to this Request in the ordinary course of business and therefore will not conduct a search or produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 8

All documents concerning USCIS referenced in paragraphs 2.d. and 2.e. of Defendants' Initial Disclosures.

**RESPONSE:** Defendant USCIS objects to this Request to the extent it seeks attorney-

work product or information protected by attorney-client privilege or the deliberative-process privilege.  Defendant USCIS further objects to this Request to the extent it seeks information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

All documents concerning ICE referenced in paragraphs 2.f. and 2.g of Defendants' Initial Disclosures.

**RESPONSE:**  Defendant ICE objects to this Request to the extent it seeks attorney-work product or information protected by attorney-client privilege or the deliberative-process privilege.  Defendant ICE further objects to this Request to the extent it seeks information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**

All documents concerning DHS referenced in paragraph 2 of Defendants' Initial Disclosures.

**RESPONSE:**  Defendant DHS objects to this Request to the extent it seeks attorney-work product or information protected by attorney-client privilege or the deliberative-process privilege.  Defendant DHS further objects to this Request to the extent it seeks information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant DHS will conduct a search and produce non-

privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11**

Annual budgets for the FOIA departments within USCIS, ICE, and DHS since the start of Fiscal Year 2015.

**RESPONSE:** Defendants USCIS, ICE, and DHS object to this Request to the extent it seeks agency proprietary information or information protected by the deliberative-process privilege.

Subject to these objections, Defendants ICE and DHS will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request. USCIS will not conduct a search or produce documents in response to this Request, as its annual budget for its FOIA department since the start of FY 2015 is already publicly available in DHS's annual FOIA reports.

**REQUEST FOR PRODUCTION NO. 12**

All documents concerning funding requests by DHS for USCIS and/or ICE FOIA processing since the start of FY 2015, including, but not limited to, requests associated with the approval and use of overtime, contracts pertaining to USCIS and/or ICE staffing, or other resources needed to comply with FOIA's statutory timeframe.

**RESPONSE:** Defendants object to this Request to the extent it seeks attorney-work product or information protected by the attorney-client privilege or the deliberative-process privilege. Defendants further object to this Request to the extent it seeks agency proprietary information or information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

While preserving these objections, Defendant DHS states that it does not make funding requests for USCIS or ICE FOIA processing and thus Defendants will not conduct searches or produce documents in response to this Request.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**REQUEST FOR PRODUCTION NO. 13**

All documents concerning funding requests by USCIS for FOIA processing since the start of FY 2015, including, but not limited to, requests associated with the approval and use of overtime, contracts pertaining to USCIS staffing, or other resources needed to comply with FOIA's statutory timeframe.

**RESPONSE:**  Defendant USCIS objects to this Request to the extent it seeks attorney-work product or information protected by attorney-client privilege or the deliberative-process privilege.  Defendant USCIS further objects to this Request to the extent it seeks agency proprietary information or information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

All documents concerning funding requests by ICE for FOIA processing since the start of FY 2015, including, but not limited to, requests associated with the approval and use of overtime, contracts pertaining to ICE staffing, or other resources needed to comply with FOIA's statutory timeframe.

**RESPONSE:**  Defendant ICE objects to this Request to the extent it seeks attorney-work product or information protected by attorney-client privilege or the deliberative-process privilege.  Defendant ICE further objects to this Request to the extent it seeks agency proprietary information or information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

1

**REQUEST FOR PRODUCTION NO. 15**

2

3       All documents concerning staffing needs of USCIS for FOIA processing since the start

of FY 2015.

4

5       **RESPONSE:** Defendant USCIS objects to this Request as vague, overly broad, unduly

6   burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll

documents."  Moreover, it is unclear what Plaintiffs mean by "concerning staffing needs," as

7

that phrase is vague and the term "staffing needs" is undefined.  Defendant USCIS further

8

objects to this Request to the extent it seeks attorney-work product or information that is

9

protected from disclosure by attorney-client privilege, the deliberative-process privilege, or the

10

Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying

11

information.

12       Subject to these objections, Defendant USCIS will conduct a search and produce non-

13   privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

14  **REQUEST FOR PRODUCTION NO. 16**

15       All documents concerning staffing needs of ICE for FOIA processing since the start of

16   FY 2015.

17       **RESPONSE:** Defendant ICE objects to this Request as vague, overly broad, unduly

18   burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll

19   documents."  Moreover, it is unclear what Plaintiffs mean by "concerning staffing needs," as

20   that phrase is vague and the term "staffing needs" is undefined.  Defendant ICE further objects

21   to this Request to the extent it seeks attorney-work product or information that is protected from

22   disclosure by attorney-client privilege, the deliberative-process privilege, or the Privacy Act, 5

23   U.S.C. § 552a, and other provisions of law protecting personally identifying information.

24       Subject to these objections, Defendant ICE will conduct a search and produce non-

25   privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

26

**REQUEST FOR PRODUCTION NO. 17**

All documents concerning efforts by DHS to increase efficiencies, or reduce backlogs, in A-File FOIA processing.

**RESPONSE:** Defendant DHS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents." Moreover, it is unclear what Plaintiffs mean by "concerning efforts by DHS," as that phrase is vague and the term "efforts" is undefined. Defendant DHS further objects to this Request to the extent it seeks attorney-work product or information that is protected from disclosure by attorney-client privilege, the deliberative-process privilege, or the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant DHS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18**

All documents concerning efforts by USCIS to increase efficiencies, or reduce backlogs, in A-File FOIA processing.

**RESPONSE:** Defendant USCIS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents." Moreover, it is unclear what Plaintiffs mean by "concerning efforts by USCIS," as that phrase is vague and the term "efforts" is undefined. Defendant USCIS further objects to this Request to the extent it seeks attorney-work product or information that is protected from disclosure by attorney-client privilege, the deliberative-process privilege, or the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19**

All documents concerning efforts by ICE to increase efficiencies, or reduce backlogs, in A-File FOIA processing.

**RESPONSE:**  Defendant ICE objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents."  Moreover, it is unclear what Plaintiffs mean by "concerning efforts by ICE," as that phrase is vague and the term "efforts" is undefined.  Defendant ICE further objects to this Request to the extent it seeks attorney-work product or information that is protected from disclosure by attorney-client privilege, the deliberative-process privilege, or the Privacy Act, 5 U.S.C. § 552a, and other provisions of law protecting personally identifying information.

Subject to these objections, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20**

All documents concerning internal complaints filed by DHS employees related to A-File FOIA processing.

**RESPONSE:**  Defendant DHS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents."  Moreover, it is unclear what Plaintiffs mean by "concerning internal complaints" and "related to A-File FOIA processing," as those phrases are vague and the terms "internal complaints," "related to," and "processing" are undefined.  Defendant DHS further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, deliberative-process privilege, the Privacy Act, 5 U.S.C. § 552a, or other provisions of law protecting personally identifying information.

While preserving these objections, Defendants state that DHS's employees do not process A-File FOIA requests and thus Defendant DHS will not conduct a search or produce

documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21**

All documents concerning internal complaints filed by USCIS employees or contract employees related to A-File FOIA processing.

**RESPONSE:** Defendant USCIS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents." Moreover, it is unclear what Plaintiffs mean by "concerning internal complaints" and "related to A-File FOIA processing," as those phrases are vague and the terms "internal complaints," "related to," and "processing" are undefined. Defendant USCIS further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, deliberative-process privilege, the Privacy Act, 5 U.S.C. § 552a, or other provisions of law protecting personally identifying information.

Based on these objections, Defendant USCIS will not conduct a search or produce documents in response to this Request, because it is entirely unclear what documents Plaintiffs are seeking. Given the ambiguity of the Request, the burden on Defendant USCIS to conduct a reasonable search in response to this Request—assuming such a search is possible at all—outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 22**

All documents concerning internal complaints filed by ICE employees or contract employees related to A-File FOIA processing.

**RESPONSE:** Defendant ICE objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents." Moreover, it is unclear what Plaintiffs mean by "concerning internal complaints" and "related to A-File FOIA processing," as those phrases are vague and the terms "internal complaints," "related to," and "processing" are undefined. Defendant ICE further objects to

this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, deliberative-process privilege, the Privacy Act, 5 U.S.C. § 552a, or other provisions of law protecting personally identifying information.

Based on these objections, Defendant ICE will not conduct a search or produce documents in response to this Request, because it is entirely unclear what documents Plaintiffs are seeking. Given the ambiguity of the Request, the burden on Defendant ICE to conduct a reasonable search in response to this Request—assuming such a search is possible at all—outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR PRODUCTION NO. 23**

The agreement between USCIS and ICE that permitted USCIS to process certain documents in A-Files originally created by ICE, referenced by the U.S. Gov't Accountability Office, in its report entitled *FOIA: DHS Should Take Steps to Improve Cost Reporting and Eliminate Duplicate Processing*, GAO-15-82, at pp. 22 and 33, located at https://www.gao.gov/assets/670/667052.pdf.

**RESPONSE:** Defendants object to this Request to the extent it seeks attorney-work product, proprietary information, or information protected by the attorney-client privilege or the deliberative-process privilege.

Subject to these objections, Defendants USCIS and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request. Defendant DHS was not a party to the agreement identified in this Request and thus will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24**

Any communications relating to renewal of the agreement referenced in Request for Production No. 23 or the adoption of an alternate interagency cooperative agreement between USCIS and ICE, related to processing FOIA Requests for A-Files.

**RESPONSE:**   Defendants object to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ny communications."  Defendants further object to this Request to the extent it seeks attorney-work product, proprietary information, or information protected by the attorney-client privilege or the deliberative-process privilege.

Subject to these objections, Defendants DHS, USCIS, and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.

## REQUEST FOR PRODUCTION NO. 25

Any documents concerning costs or estimating costs that would be or would have been incurred if the agreement referenced in Request for Production No. 23 had been or were to be renewed, as referenced in James Holzer's testimony to the Committee on Homeland Security's Subcommittee on Oversight, Management, & Accountability. *See* The Public's Right to Know: FOIA at the Department of Homeland Security, House, 116th Cong. (2019) (Testimony of James Holzer), https://homeland.house.gov/the-publics-right-to-know-foia-at-the-department-of-homeland-security.

**RESPONSE:**   Defendants object to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ny documents."  Defendants further object to this Request to the extent it seeks attorney-work product, proprietary information, or information protected by the attorney-client privilege or the deliberative-process privilege.

Subject to these objections, Defendants DHS, USCIS, and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26**

Any internal reports discussing USCIS and ICE backlogs, as referenced in the Committee on Homeland Security's Subcommittee on Oversight, Management, & Accountability. *See* The Public's Right to Know: FOIA at the Department of Homeland Security, House, 116th Cong. (2019) (Testimony of James Holzer), https://homeland.house.gov/the-publics-right-to-know-foia-at-the-department-of-homeland-security.

**RESPONSE:**   Defendants object to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ny internal reports." Defendants further object to this Request to the extent it seeks attorney-work product or information protected by the attorney-client or deliberative-process privilege.

Subject to these objections, Defendants DHS, USCIS, and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27**

All documents or communications concerning ICE's omission of statistics relating to USCIS FOIA referrals for FY 2018, as referenced in the 2018 Freedom of Information Report to the Attorney General of the United States and the Director of the Office of Government Information Services (2019) at page 6, located at https://www.dhs.gov/sites/default/files/publications/DHS%20FY2018%20FOIA%20Report.pdf.

**RESPONSE:**   Defendants object to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents or communications." Defendants further object to this Request to the extent it seeks attorney-work product or information protected by the attorney-client or deliberative-process privilege.

Subject to these objections, Defendants DHS and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request. Defendant USCIS does not keep records responsive to this Request in the ordinary course of business, as this Request is about ICE's omission of statistics, not USCIS. Accordingly, Defendant USCIS will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 28**

Defendants' current policies, procedures, practices, training, guidance, or manuals, whether formal or informal, concerning the processing of an A-File FOIA request, including the interagency referral process for A-File FOIA requests.

**RESPONSE:** Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals. Moreover, it is unclear what Plaintiffs mean by "informal" and "concerning the processing," as that term and phrase, respectively, are vague and the terms "informal" and "processing" are undefined. Defendants further object to the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendants DHS, USCIS, and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29**

Defendants' current policies, procedures, practices, training, guidance, or manuals, whether formal or informal, concerning the maintenance and other use of the "A-File/Central Index System," as referenced in Dkt. 36-1, Declaration of Jill A. Eggleston, ¶ 6.

**RESPONSE:** Defendants object to this Request as overly broad, unduly burdensome,

and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, it is unclear what Plaintiffs mean by "informal" and "concerning the maintenance," as that term and phrase, respectively, are vague and the terms "informal" and "maintenance" are undefined.  Defendants further objects to the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request. Defendants DHS and ICE do not keep records responsive to this Request in the ordinary course of business, as the A-File/Central Index System referenced in the Eggleston Declaration is a USCIS system.  Accordingly, DHS and ICE will not conduct searches or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30**

Defendants' current policies, procedures, practices, training, guidance, or manuals, whether formal or informal, concerning the digitizing of A-File paper records, including for purposes of responding to an A-File FOIA Request.

**RESPONSE:**  Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, it is unclear what Plaintiffs mean by "informal," as that term is vague and undefined.  Defendants further object to the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request. Defendants DHS and ICE do not keep records responsive to this Request in the ordinary course

of business, as the relevant digitizing process is performed by USCIS, the custodian of A-Files.

Accordingly, DHS and ICE will not conduct searches or produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 31**

Defendants USCIS's and ICE's current policies, procedures, practices, training,

guidance, or manuals, whether formal or informal, concerning their respective "multi-track"

systems for responding to FOIA requests, including a description or definition of each

processing track and criteria for placing an A-File FOIA Request on a given track.

**RESPONSE:**  Defendants USCIS and ICE object to this Request as overly broad,

unduly burdensome, and disproportionate to the needs of the case to the extent it seeks

"informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, it is

unclear what Plaintiffs mean by "informal," as that term is vague and undefined.  Defendants

USCIS and ICE further object to the extent this Request seeks information protected by the

attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant USCIS will conduct a search and produce non-

privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

Defendant ICE does not keep records responsive to this Request in the ordinary course of

business, as Defendant ICE does not use a "multi-track" system for responding to FOIA

requests.  Accordingly, Defendant ICE will not conduct a search or produce documents in

response to this Request.

**REQUEST FOR PRODUCTION NO. 32**

Defendants' current policies, procedures, practices, training, guidance, or manuals,

whether formal or informal, concerning the interagency consultation process, as referenced in

the Declaration of Jill A. Eggleston, Dkt. 36-1, ¶ 16.

**RESPONSE:**  Defendants object to this Request as overly broad, unduly burdensome,

and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, it is unclear what Plaintiffs mean by "informal," as that term is vague and undefined.  Defendants further object to the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendants DHS, USCIS, and ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33**

Defendants' policies, procedures, practices, templates or samples, training, guidance, or manuals, whether formal or informal, in effect at any time since the start of FY 2015, concerning the invocation and/or application of the "unusual circumstances" exception set forth in 5 U.S.C. § 552(a)(6)(B)(i).

**RESPONSE:**  Defendants object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, it is unclear what Plaintiffs mean by "informal," as that term is vague and undefined.  Defendants further object to the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendants DHS and USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, they identify as responsive to this Request.  Defendant ICE does not keep records responsive to this Request in the ordinary course of business because, as Defendant ICE stated in its response to Plaintiffs' Interrogatory No. 17, Defendant ICE is "unaware of any instance in which it formally invoked 'unusual circumstances.'"  Accordingly, Defendant ICE will not conduct a search or produce documents

1

in response to this Request.

2

**REQUEST FOR PRODUCTION NO. 34**

3

4

Documents related to A-File FOIA Requests in which USCIS has invoked the "unusual

circumstances" exception set forth in 5 U.S.C. § 552(a)(6)(B)(i) in FY 2015, FY 2016, FY

5

2017, FY 2018 and FY 2019.

6

**RESPONSE:** Defendant USCIS objects to this Request as vague, overly broad, unduly

7

burdensome, and disproportionate to the needs of the case, as it is unclear what Plaintiffs mean

8

by "[d]ocuments related to" and that phrase is undefined. Defendant USCIS further objects to

9

this Request to the extent it seeks information protected by the attorney-client privilege, the

10

work-product doctrine, or the deliberative-process privilege.

11

Subject to these objections, Defendant USCIS will conduct a search and produce non-

12

privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

13

**REQUEST FOR PRODUCTION NO. 35**

14

Documents related to A-File FOIA Requests in which ICE has invoked the "unusual

15

circumstances" exception set forth in 5 U.S.C. § 552(a)(6)(B)(i) in FY 2015, FY 2016, FY

16

2017, FY 2018 and FY 2019.

17

**RESPONSE:** Defendant ICE objects to this Request as vague, overly broad, unduly

18

burdensome, and disproportionate to the needs of the case, as it is unclear what Plaintiffs mean

19

by "[d]ocuments related to" and that phrase is undefined. Defendant ICE further objects to this

20

Request to the extent it seeks information protected by the attorney-client privilege, the work-

21

product doctrine, or the deliberative-process privilege.

22

While preserving these objections, Defendant ICE states that it does not keep records

23

responsive to this Request in the ordinary course of business because, as Defendant ICE stated

24

in response to Request For Production No. 33 and in response to Plaintiffs' Interrogatory No.

25

17, Defendant ICE is "unaware of any instance in which it formally invoked 'unusual

26

circumstances.'"  Accordingly, Defendant ICE will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36**

Defendants DHS's and USCIS's policies, procedures, practices, training, guidance, or manuals, whether formal or informal, concerning USCIS's "new FOIA processing system," as referenced in the Declaration of Jill A. Eggleston, Dkt. 36-1, ¶ 14.

**RESPONSE:**  Defendants DHS and USCIS object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, the term "informal" is vague and undefined.  Defendants DHS and USCIS further object to the extent this Request seeks proprietary information or information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request. Defendant DHS does not keep records responsive to this Request in the ordinary course of business, as the "new processing system" referenced in this Request is USCIS's system and not DHS's.  Accordingly, Defendant DHS will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37**

Defendants DHS's and ICE's policies, procedures, practices, training, guidance, or manuals, whether formal or informal, concerning ICE's FOIA case-management system, FOIAXpress, as referenced in Dkt. 36-2, Declaration of Toni Fuentes, ¶ 8.

**RESPONSE:**  Defendants DHS and ICE object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "informal" policies, procedures, practices, training, guidance, or manuals.  Moreover, the term "informal"

is vague and undefined.  Defendants DHS and ICE further object to the extent this Request seeks proprietary information or information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request. Defendant DHS does not keep records responsive to this Request in the ordinary course of business, as the "FOIA case-management system, FOIAXpress" referenced in this Request is ICE's system and not DHS's.  Accordingly, Defendant DHS will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 38**

All documents compiling Defendant USCIS's FOIA backlog statistics in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, by month.

**RESPONSE:**  Defendant USCIS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents."  Moreover, it is unclear what Plaintiffs mean by "compiling," as that term is undefined.  Defendant USCIS further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39**

All documents compiling Defendant ICE's FOIA backlog statistics in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, by month.

**RESPONSE:**  Defendant ICE objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll

documents."  Moreover, it is unclear what Plaintiffs mean by "compiling," as that term is undefined.  Defendant ICE further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40**

All documents compiling the number of A-File FOIA requests that Defendant USCIS received from in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, by month and processing track.

**RESPONSE:**  Defendant USCIS objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents."  Moreover, it is unclear what Plaintiffs mean by "compiling," as that term is undefined.  Defendant USCIS further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

While preserving these objections, Defendant USCIS states that it does not keep records responsive to this Request in the ordinary course of business, as it does not separately track A-File FOIA requests that it receives "by month and processing track."  Accordingly, USCIS will not conduct a search or produce documents in response to this Request.  Defendant USCIS refers Plaintiffs to the DHS Annual Reports, which categorize the number of FOIA records processed by each DHS component on a monthly basis based on the age of the request

**REQUEST FOR PRODUCTION NO. 41**

All documents compiling the number of A-File FOIA requests that Defendant ICE received in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, by month and processing

track.

**RESPONSE:**  Defendant ICE objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "[a]ll documents."  Moreover, it is unclear what Plaintiffs mean by "compiling," as that term is undefined.  Defendant ICE further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

While preserving these objections, Defendant ICE states that it does not keep records responsive to this Request in the ordinary course of business, as it does not use processing tracks for its FOIA requests and, in any event, does not separately track A-File FOIA requests that it receives "by month and processing track."  Accordingly, Defendant ICE will not conduct a search or produce documents in response to this Request.  Defendant ICE refers Plaintiffs to the DHS Annual Reports, which categorize the number of FOIA records processed by each DHS component on a monthly basis based on the age of the request

**REQUEST FOR PRODUCTION NO. 42**

For all A-File FOIA Requests that Defendant USCIS received in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, documents providing the date of filing and date of completion for each received A-File FOIA Request.

**RESPONSE:**  Defendant USCIS objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

While preserving these objections, Defendant USCIS states that it does not separately track individual A-File FOIA requests that it receives by "the date of filing and date of completion."  Moreover, it would be extremely burdensome for Defendant USCIS to search for and produce every A-File FOIA Request that it has received, and every response letter that it

has sent out, since FY 2015.  That burden, coupled with the fact that the documents requested in this Response have little relevance—particularly given that the publicly available DHS Annual Reports identify, for each DHS component, the median, average, lowest, and highest number of days spent processing FOIA requests, and other information similar to the information sought in this Request—outweighs any likely benefit of producing records responsive to this Request.  *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, Defendant USCIS will not conduct a search or produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 43

For all A-File FOIA Requests that Defendant ICE received in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, documents providing the date of filing and date of completion for each received A-File FOIA Request.

**RESPONSE:**  Defendant ICE objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

While preserving these objections, Defendant ICE states that it does not separately track individual A-File FOIA requests that it receives by "the date of filing and date of completion." Moreover, it would be extremely burdensome for Defendant ICE to search for and produce every A-File FOIA Request that it has received, and every response letter that it has sent out, since FY 2015.  That burden, coupled with the fact that the documents requested in this Response have little relevance—particularly given that the publicly available DHS Annual Reports identify, for each DHS component, the median, average, lowest, and highest number of days spent processing FOIA requests, and other information similar to the information sought in this Request—outweighs any likely benefit of producing records responsive to this Request. *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, Defendant ICE will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44**

For all A-File FOIA Requests that Defendant USCIS received in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019, documents compiling the number of those A-File FOIA Requests referred to Defendant ICE, by month and processing track.

**RESPONSE:** Defendants USCIS and ICE object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege. Moreover, it is unclear what Plaintiffs mean by "compiling," as that term is undefined.

While preserving these objections, Defendants USCIS and ICE state that they do not keep records responsive to this Request in the ordinary course of business, as they do not separately track A-File FOIA requests that Defendant USCIS refers to Defendant ICE "by month and processing track." Accordingly, Defendants USCIS and ICE will not conduct a search or produce documents in response to this Request. Defendants USCIS and ICE refer Plaintiffs to the DHS Annual Reports, which categorize the number of FOIA records processed by each DHS component on a monthly basis based on the age of the request.

**REQUEST FOR PRODUCTION NO. 45**

For all A-File FOIA Requests that Defendant USCIS received in FY 2015, FY 2016, FY 2017, FY 2018 and FY 2019 that were referred to ICE, documents compiling the date of filing and date of completion for those referrals.

**RESPONSE:** Defendant USCIS and ICE object to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege. Moreover, it is unclear what Plaintiffs mean by "compiling," as that term is undefined.

While preserving these objections, Defendants USCIS and ICE state that they do not separately track individual A-File FOIA requests that were referred to ICE by "the date of filing

and date of completion for those referrals."  Moreover, it would be extremely burdensome for Defendants USCIS to search for and produce every A-File FOIA Request that it has received and subsequently referred to ICE, and for ICE to produce every response letter that it has sent out for referred A-File FOIA requests, since FY 2015.  That burden, coupled with the fact that the documents requested in this Response have little relevance—particularly given that the publicly available DHS Annual Reports categorize the number of FOIA records processed by each DHS component on a monthly basis based on the age of the request—outweighs any likely benefit of producing records responsive to this Request.  *See* Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants USCIS and ICE will not conduct a search or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46**

All monthly reports by USCIS to the FOIA Compliance and Oversight Team, as referenced in the DHS 2018 Chief Freedom of Information Act Officer Report to the Attorney General, at page 6, located at: https://www.uscis.gov/sites/default/files/files/nativedocuments/ USCIS_FOIA_Request_Guide.pdf.

**RESPONSE:**  Defendant USCIS objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant USCIS will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47**

All monthly reports by ICE to the FOIA Compliance and Oversight Team, as referenced in the DHS 2018 Chief Freedom of Information Act Officer Report to the Attorney General, at page 6, available at https://www.dhs.gov/sites/default/files/publications/2018%2 0Chief%20FOIA%20Officer%20Report.pdf.

**RESPONSE:** Defendant ICE objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the deliberative-process privilege.

Subject to these objections, Defendant ICE will conduct a search and produce non-privileged, non-publicly available documents, if any, it identifies as responsive to this Request.

Dated: December 13, 2019

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Cristen C. Handley*
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
MARSHA STELSON EDNEY, D.C. Bar No. 414271
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on December 13, 2019, I served a copy of the foregoing document by

electronic mail to Trina Realmuto, counsel for Defendants, at TRealmuto@immcouncil.org.

*/s/ Cristen C. Handley*
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov