UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | **No. 3:19-cv-03512-WHO**<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference:**<br>**Date:   April 6, 2021**<br>**Time:   2:00 p.m.**<br>**Before: Hon. William H. Orrick** |

Pursuant to this Court's December 17, 2020 Order, ECF No. 89, Plaintiffs and Defendants respectfully submit the following joint status report regarding the injunction issued against Defendants in the above-captioned matter. This case involves a certified class action under the Freedom of Information Act ("FOIA") in which this Court held that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") engaged in an unlawful pattern or practice of failing to make timely determinations on FOIA requests for "A-Files." On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2. Defendants appealed the Court's Judgment to the U.S. Court of Appeals for the Ninth Circuit. *See* ECF Nos. 94 & 95; *see also USCIS v. Nightingale*, No. 21-15288 (9th Cir.). However, Defendants have not sought to stay the injunctive relief ordered by this Court. The injunction set forth the following:

a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-

day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original). The Court further set a status conference for **April 6, 2021** at 2:00 p.m. and ordered the parties to file a joint status report by **March 30, 2021**. ECF No. 89 at 28 (emphasis in the original).

On March 17, 2021, Defendants timely filed their first Compliance Report and accompanying declarations regarding the injunction. ECF Nos. 97, 97-1, 97-2. This joint status report follows.

### Plaintiffs' Position

Plaintiffs' position is that Defendants' Compliance Report and accompanying declarations: (1) demonstrate that Defendant USCIS has not substantially complied with Part A of the Court's injunctive relief order; (2) demonstrate that Defendants USCIS and ICE have not substantially complied with Part B; and (3) do not comport with the reporting requirements set forth in Part C.

**Part A**

First, Defendant USCIS is not complying with Part A of the Court's injunctive relief order regarding adhering to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C. §§ 552(a)(6)(A) and (B).[1] As an initial matter, an overarching impediment to both this Court's and Plaintiffs' ability to assess Defendant USCIS' compliance with the Court's order is the agency's steadfast insistence on lumping FOIA's

---

[1] Part A of the Court's order is not applicable to Defendant ICE because it is not currently receiving A-File FOIA referrals under the Memorandum of Agreement executed between USCIS and ICE ("2020 MOA").

twenty and thirty-day deadlines together as if they were one deadline, rather than two separate and distinct statutory deadlines; namely, the default twenty-day deadline at 5 U.S.C. § 552(a)(6)(A), and a thirty-day deadline that is contingent upon USCIS' invocation of "unusual circumstances" at 5 U.S.C. § 552(a)(6)(B). *See generally* ECF Nos. 97 at 3 (referencing "timely completion[s]," "the statutory period," and "the statutory deadline"); ECF No. 97-1 at 4 (same). In so doing, Defendant USCIS is failing to inform this Court and Plaintiffs whether it has complied with the relevant twenty-day deadline and, if so, in what number and percentage of cases. This information is necessary to assess compliance with Part A of the Court's injunctive relief order and, as discussed below, violates Part C of the order.

Furthermore, Defendant USCIS does not expressly define what constitutes its "backlog" or "timely completions" of A-File FOIA requests. Presumably, although Plaintiffs seek clarification, Defendant USCIS is continuing to define its backlog to include only requests pending beyond the thirty-day deadline as it has previously done. *See* ECF No. 68-6 at 9-10. If this is the case, Defendant USCIS is categorically invoking the "unusual circumstances" exception of the FOIA statute. As Plaintiffs previously argued, this approach defies the plain language of the statute as well as congressional intent. *See* ECF No. 68-6 at 9-10; 78-3 at 9-10.

Finally, and most importantly, the data Defendant USCIS provided indicates that 9,001, or 28 percent, of new A-File FOIA requests received since the Court's order were not "timely completed." *See* ECF No. 97-1 at 4 ¶10.b (noting that only 23,488 of 32,588 FOIA requests completed between December 17, 2020 and March 16, 2021 were "timely completed"); ECF No. 97-1 at 4 ¶10.c. (indicating that it is too soon to tell whether 16,413 of the 49,001 new FOIA requests received between December 17, 2020, and March 16, 2021,

will be timely completed because they "remain pending within the [undefined] statutory period"). Thus, nearly one-third of all new A-File FOIA requests that USCIS has adjudicated were processed after the more generous thirty-day deadline, and this does not even include the FOIA requests that have not yet been completed. The compliance rate of 72 percent speaks for itself as to Defendants USCIS' failure to demonstrate substantial compliance, as 9,001 FOIA responses were completed beyond what Defendants refer to as the "statutory period." Moreover, this percentage does not address the uncompleted FOIA requests and Defendants' conflation of the twenty and thirty-day periods.

**Part B**

Second, neither USCIS nor ICE complied with Part B of the Court's order requiring elimination of their backlogs within 60 days of the Court's order, i.e., February 16, 2021,[2] nor did they substantially eliminate them. With respect to USCIS, within the 60-day period following the Court's order, USCIS reduced its (presumably thirty-day) backlog by nearly 80 percent from 21,986 to 4,408. ECF 97-1 at 3 ¶9.a. Thus, nearly a fifth of USCIS' backlog remained notwithstanding the Court's order. Similarly, with respect to ICE, within the 60-day period following the Court's order, ICE's backlog decreased 72.6 percent from 19,885 to 5,442. ECF 97-2 at 2, ¶6.a. Thus, nearly a third of ICE's backlog was left unprocessed. Thus, despite the passage of two months, Defendants had not processed 9,001 FOIA requests from the backlog that existed at the time of the Court's order.

**Part C**

Third, because Defendant USCIS continues to fail to delineate between FOIA's twenty and thirty-day deadlines, Plaintiffs are unable to ascertain the total number and

---

[2] Because February 15, 2021, was a federal holiday, the relevant 60-day deadline falls on February 16, 2021. *See* Fed. R. Civ. P. 6(a)(1)(C).

percentage of A-File FOIA requests that USCIS timely completed as well as the number and percentage that remain pending before USCIS that are beyond the twenty and thirty-day statutory periods. The Court specifically asked for the number and percentage "of A-File FOIA requests that were filed and timely completed" and "that remain pending *beyond the twenty or thirty-day statutory periods*, respectively." ECF Nos. 89 at 27 and 90 at 2 (emphasis added). Because they do not include data regarding the twenty-day time period, Defendants' report fails to comply with this Court's order.

For this reason, Plaintiffs request that the Court require Defendants to structure future Compliance Reports as follows:

| Period | | Processing Times | | | Totals | | | | Compliance | |
|---|---|---|---|---|---|---|---|---|---|---|
| FY | Mo. | 0-20 days | 21-30 days | 31+ days | # Requests Received | # Unusual Circum. | # Requests Pending | % Requests Pending | % Completed 0-20 days | % Completed 21-30 days |
| 2021 | Oct | | | | | | | | | |
| | No | | | | | | | | | |
| | Dec | | | | | | | | | |
| | Jan | | | | | | | | | |
| | Feb | | | | | | | | | |
| | Ma | | | | | | | | | |
| | Apr | | | | | | | | | |
| | Ma | | | | | | | | | |
| | Jun | | | | | | | | | |
| | Jul | | | | | | | | | |
| | Au | | | | | | | | | |
| | Sep | | | | | | | | | |
| Total | | | | | | | | | | |

In other litigation requiring compliance with a thirty-day processing deadline, USCIS has produced compliance reports in a format virtually identical to the one suggested above. *See, e.g.*, *Gonzalez Rosario v. United States Citizenship & Immigration Servs.*, 365 F. Supp. 3d 1156, 1163 (W.D. Wash. 2018) (ordering status reports regarding agency compliance with thirty-day processing deadline); compliance report available at:

https://www.americanimmigrationcouncil.org/sites/default/files/litigation_documents/nwirp_v_uscis_defendants_january_2020_compliance_report.pdf.pdf.

### **Defendants' Position**

Defendants' March 17, 2021 compliance report demonstrated their substantial compliance with this Court's injunction. Specifically, the report showed that in 60 days, USCIS had reduced its A-File backlog by almost 80%, from 21,986 to 4,408, and ICE had reduced its referral backlog by approximately 73%, from 19,885 to 5,442. *See* Declaration of Tammy M. Meckley ¶ 9(a), ECF No. 97-1 ("Meckley Decl."); Declaration of Fernando Pineiro ¶ 6(a), ECF No. 97-2 ("Pineiro Decl."). The report further showed that, by 90 days, USCIS had achieved a total reduction of approximately 97%, with less than 600 backlogged requests remaining, and ICE had reached its goal of eliminating its referral backlog entirely but for 47 files with technical issues it was working with USCIS to resolve. Meckley Decl. ¶ 9(b); Pineiro Decl. ¶6(b). What is more, in the same 90 days that USCIS was rapidly reducing its backlog, the agency simultaneously maintained an approximately 72% timely completion rate for the nearly 50,000 new requests for A-Files it received. Meckley Decl. ¶10(a). USCIS underwent significant efforts and adjustments to achieve this progress, including realigning nearly 140 staff members to support the USCIS FOIA Office; approving $1.26 million to bolster personnel resources; taking unprecedented steps to initiate a process for Congressional FOIA appropriations; and implementing new technology and policy measures to address delays in obtaining paper-based A-Files. *See* Compliance Report ¶ 5, ECF No. 97.

With the backlogs now all but eliminated, there is little doubt that Defendants have achieved substantial compliance with the Court's injunction, and it is reasonable to conclude that USCIS is now better positioned moving forward to focus on improving its rate of completing new requests for A-Files within the FOIA's statutory timelines.

Rather than acknowledge this progress and approach Defendants with a reasonable path forward, Plaintiffs nitpick Defendants' efforts and attempt to re-litigate their objection to USCIS's application of the FOIA's 30-business-day deadline for Track 2 and Track 3 A-File requests.[3]  But Plaintiffs already raised this issue in their summary judgment papers, and the Court determined that it need not be decided.  *See* Order at 11 n.6, ECF No. 89.  That is because Plaintiffs themselves chose to define their class members to include only those individuals with requests pending for more than 30 business days.  *Id.*  In other words, individuals with requests pending for 21-to-30 business days are not parties to this case, and at this post-judgment stage Plaintiffs cannot seek to expand their class criteria under the pretext of measuring compliance with an injunction.

In any event, as we have previously explained, the FOIA's 30-business day deadline properly applies to Track 2 and Track 3 A-File requests.  *See* Defs.' Mot. Summ. J. at 13 n.10; *see also* Meckley Decl. ¶ 31, ECF No. 75-2.  The FOIA statute allows agencies an additional 10 business days, totaling 30 business days, to respond to FOIA requests where the agency determines that one of three statutory factors defining "unusual circumstances" is present.  *See* 5 U.S.C. § 552(a)(6)(B)(i), (iii).  Track 2 and Track 3 A-File requests satisfy all three statutory factors.  That is, (1) USCIS must locate and retrieve A-Files from locations around the world, including USCIS and ICE field offices and various Federal Records Centers ("FRCs"); (2) A-Files are generally voluminous and contain numerous distinct records; and (3) USCIS often must consult with other components, such as ICE and CBP, which have substantial interest in the requested documents.  *See* 5 U.S.C. § 552(a)(6)(B)(iii).  Accordingly, even if Plaintiffs'

---

[3]  Track 2 consists of complex requests for A-Files, or those that are seeking more than a few pages of documents; Track 3 consists of requests for A-Files of individuals who can demonstrate that they have an upcoming scheduled immigration hearing.  *See* Meckley Decl. ¶ 21, ECF No. 75-2.

recycled legal arguments were properly presented in this status report, those arguments lack merit under the express terms of the FOIA statute and should be rejected.[4]

Plaintiffs next assert that USCIS has not substantially complied with Part A of the Court's injunction even though, at the same time it was working to virtually eliminate its backlog, it was able to timely resolve 72% of the nearly 50,000 new A-File requests it received in the 90 days following the Court's December Order. Plaintiffs do not indicate what rate would, in their view, constitute substantial compliance. Nor do they explain why a compliance rate of 72% is not substantial; they merely say the number speaks for itself. But the task of determining compliance here is not simple mathematics—indeed, the Court expressly declined to require 100% compliance. Plaintiffs nonetheless focus exclusively on the 72% data point, without even attempting to acknowledge that USCIS achieved that compliance rate while simultaneously reducing its A-File backlog by approximately 97%. For obvious reasons, now that USCIS has substantially reduced its A-File backlog, it is reasonable to conclude that the agency will be better positioned to focus its resources on improving its processing times moving forward. Plaintiffs' myopic focus on the compliance rate as of the first 90 days, particularly when Defendants will file another compliance report 90 days from the previous one, is therefore misplaced.

As to Part B of the Court's injunction, Plaintiffs argue that USCIS and ICE did not substantially eliminate their respective A-File backlogs by the 60-day deadline when USCIS

---

[4] Plaintiffs further argue that USCIS does not define what constitutes its "backlog" or "timely completions" of A-File FOIA requests. *See supra* at 4. Nonsense. USCIS has previously explained to Plaintiffs in response to Interrogatories that the term "backlog" refers to FOIA requests that have not been responded to within the applicable statutory time frame set forth in 5 U.S.C. § 552. And as explained, for requests in Track 1 the applicable statutory time frame is 20 business days, and for requests in Tracks 2 and 3 the applicable statutory time frame is 30 business days.

had reduced its backlog by nearly 80% and ICE had done so by approximately 73%. Meckley Decl. ¶ 9(a); Pineiro Decl. ¶ 6(a). Again, Plaintiffs fail to explain why these unquestionably high percentages over an extremely short timeframe are unsatisfactory, and they likewise do not identify any higher percentage that they would agree shows a substantial backlog elimination. More importantly, however, Plaintiffs miss the forest for the trees. Even if the agencies had not achieved substantial compliance by the 60-day mark (they did), Plaintiffs do not seriously contend that Defendants' compliance report fails to demonstrate substantial compliance with the backlog elimination requirement by the 90-day timeline. Nor could they. Defendants' report shows that, by 90 days following the Court's December Order, USCIS had reduced its A-File backlog by approximately 97%, from 21,986 to less than 600, and ICE had fully eliminated its backlog but for 47 A-Files with technical issues that ICE was working with USCIS to resolve. *See* Meckley Decl. ¶ 9(b); Pineiro Decl. ¶ 6(b). If any of Defendants' numbers speak for themselves, it is the most current numbers, which indisputably establish that Defendants have substantially complied with the Court's backlog-elimination ruling.

Finally, Plaintiffs seek to expand the limited categories of information the Court instructed Defendants to report and to require Defendants to adopt the same reporting format the parties used in a different case that did not even involve the FOIA. *See Gonzalez Rosario v. U.S. Citizenship & Immigration Servs.*, 365 F. Supp. 3d 1156, 1163 (W.D. Wash. 2018) (addressing processing times for asylum applications). The Court's Order states that Defendants must provide (1) "information regarding the number and percentage of A-File FOIA requests that were filed and timely completed," and (2) "the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C.§§ 552(a)(6)(A) and (B)." Order at 27 ¶ (c), ECF No. 89. That is precisely what Defendants have done. USCIS reported (1) that 49,001 new FOIA requests for A-Files were

filed since the December 2020 Order, that 32,588 of those new requests were completed, and that 23,488, or 72%, were timely completed; and (2) that 574 requests, or 3.5%, remain pending beyond the statutory deadlines. *See* Meckley Decl. ¶ 10(a), (d); *see also* Compliance Report ¶ 4, ECF No. 97.

Plaintiffs argue that USCIS should have reported two separate backlogs, one representing requests pending between 21 and 30 days, and a second representing requests pending 31 days or more. In part because individuals with requests pending between 21 and 30 days are not parties to this case, *see supra*, the Government did not understand the Court's Order to require information regarding two distinct backlogs. Nor should the Court require such information now. As we explained in our summary judgment briefing and above, USCIS invokes the "unusual circumstances" provision for Track 2 and Track 3 A-File requests, and thus requests in those queues are subject to the 30-business-day deadline, while requests in Track 1 are subject to the 20-business-day deadline. *See* Defs.' Mot. Summ. J. at 13 n.10; Meckley Decl. ¶ 31, ECF No. 75-2; *see also* 5 U.S.C. § 552(a)(6)(B)(i), (iii). Those respective deadlines—20 business days for Track 1 requests and 30 business days for Track 2 and 3 requests—are accounted for in the backlog numbers and percentages USCIS provided in its declaration supporting Defendants' compliance report. Thus, USCIS complied with the Court's instruction to provide "the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods." Order at 27 ¶ (c), ECF No. 89.[5]

---

[5] Plaintiffs fail to articulate why the numbers Defendants have reported leave them "unable to ascertain the total number and percentage of A-File FOIA requests that USCIS timely completed as well as the number and percentage that remain pending before USCIS that are beyond the twenty and thirty-day statutory periods." *See supra* at 5-6. Again, USCIS provided precisely those figures—*i.e.* 23,488 new requests or 72%, were timely completed, and 574 requests, or 3.5%, remain pending beyond the statutory deadline. *See* Meckley Decl. ¶ 10(a), (d); *see also* Report at ¶ 4, ECF No. 97.

With no credible basis to question Defendants' previous report, and without having ever contacted Defendants to negotiate the contents of Defendants' compliance reports, Plaintiffs now attempt to expand the categories of information required for Defendants' future reports under the guise of a mere formatting proposal. The Court ordered *quarterly* compliance reports with information regarding (1) "the number and percentage of A-File FOIA requests that were filed and timely completed," and (2) "the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods." Order at 27 ¶ (c), ECF No. 89. Yet Plaintiffs now seek a *monthly* breakdown of (1) three distinct categories of processing times, only one of which actually implicates the class members in this case—*i.e.* the 31 + day category, (2) the number of cases where unusual circumstances apply, which Defendants have already explained includes all Track 2 and Track 3 requests, and (3) two separate compliance rates, one for the 0-20 day period (which, again, is not implicated in this class action), and a second for the 21-30 day period. This additional information, which goes far beyond a formatting suggestion, exceeds the scope of the Court's Order and would be burdensome for Defendants to report. The Court should therefore reject Plaintiffs' proposal and allow Defendants to continue submitting compliance reports in the manner required by the Court's order.

Respectfully submitted,

| | |
|---|---|
| s/*Trina Realmuto* | BRIAN M. BOYNTON |
| Trina Realmuto (CA SBN 201088) | Acting Assistant Attorney General |
| Mary Kenney* | |
| Tiffany Lieu* | ELIZABETH J. SHAPIRO |
| National Immigration Litigation Alliance | Deputy Branch Director |
| 10 Griggs Terrace | |
| Brookline, MA 02446 | /s/*Cristen C. Handley* |
| (617) 819-4447 | CRISTEN C. HANDLEY, MO Bar No. 69114 |
| trina@immigrationlitigation.org | MATTHEW SKURNIK, NY Bar No. 5553896 |
| Matt Adams (WSBA No. 28287)* | Trial Attorneys |

| | | |
|---|---|---|
| 1 | Northwest Immigrant Rights Project | United States Department of Justice |
| 2 | 615 Second Avenue, Suite 400<br>Seattle, WA 98104 | Civil Division, Federal Programs Branch<br>1100 L Street, NW |
| 3 | (206) 957-8611 | Washington, D.C. 20005<br>(202) 305-2677 |
| 4 | Emily Creighton (DC 1009922)* | cristen.handley@usdoj.gov |
|   | American Immigration Council | |
| 5 | 1331 G Street NW, Suite 200 | |
|   | Washington, DC 20005 | *Counsel for Defendants* |
| 6 | (202) 507-7540 | |

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
(213) 622-7450

*Counsel for Plaintiffs*

**Admitted pro hac vice*

Dated: March 30, 2021