BRIAN M. BOYNTON
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
CRISTEN C. HANDLEY, MO Bar No. 69114
MATTHEW SKURNIK, NY Bar No. 5553896
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| Zachary NIGHTINGALE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | No. 3:19-cv-03512-WHO<br><br>**DEFENDANTS' SECOND COMPLIANCE REPORT** |

Pursuant to this Court's December 17, 2020 Order and Judgment, ECF Nos. 89 & 90, and its April 6, 2021 Minute Order, ECF No. 100, Defendants respectfully submit the following Second Compliance Report and accompanying declarations regarding the injunction issued against Defendants in the above-captioned matter.

1. This is a certified class action brought under the Freedom of Information Act ("FOIA"). Plaintiffs and class members are noncitizens and attorneys who claim that the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), and U.S. Immigration and Customs Enforcement ("ICE") have engaged in an unlawful pattern or

practice of failing to make timely determinations on FOIA requests for Alien Files ("A-Files").

**The Court's Injunction**

2.     On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2.[1] The injunction established the following three requirements:

(A)   **Adhere to FOIA Timing Requirements:** Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

(B)   **Eliminate the Backlogs:** Within sixty (60) days of this order, defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

(C)   **Quarterly Compliance Reports:** Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due within ninety (90) days of this order.

ECF No. 89 at 27; ECF No. 90 at 1-2.

The Court made clear that Defendants are not required to achieve 100% compliance with the injunction, but instead must reach "substantial compliance within sixty (60) days" of the Order. ECF No. 89 at 24.

**Defendants' First 90 Days of Compliance**

3.     On March 17, 2021, Defendants submitted their first Compliance Report to the Court. Defs.' Compliance Report, ECF No. 97. In it, the agencies described the tremendous progress

---

[1] Defendants filed a notice of appeal of this Court's Judgment to the U.S. Court of Appeals for the Ninth Circuit. ECF No. 94. The appeal has been docketed as Case No. 21-15288. ECF No. 95.

USCIS and ICE had made regarding their respective A-File FOIA backlogs. Specifically, over the 90-day period from the Court's Order and Judgment to Defendants' first Compliance Report, USCIS had reduced its A-File FOIA backlog by approximately 97%, from approximately 21,987[2] requests to approximately 574 requests. *Id.* ¶ 3 (citing Third Declaration of Tammy M. Meckley ¶ 9(b) ("3d Meckley Decl."), ECF No. 97-1). ICE, for its part, had reduced its A-File referral backlog from approximately 19,885 requests to 47 requests—the remainder of which were backlogged due to technical issues ICE was actively working to resolve. *Id.* (citing Third Declaration of Fernando Pineiro ¶ 6 ("3d Pineiro Decl."), ECF No. 97-2).

4.  At the same time that USCIS had nearly eliminated its A-File backlog, the agency continued to receive new requests for A-Files and process both USCIS and ICE documents contained within those A-Files. *Id.* ¶ 4. Over the 90-day period from the Court's Order and Judgment to Defendants' first Compliance Report, USCIS received a total of 49,230 new FOIA requests for A-Files, 32,588 of which were completed in that period, and 23,488 of which were timely completed, reflecting a timely completion rate of approximately 72% for the first reporting period. *Id.* (citing 3d Meckley Decl. ¶10(a)-(b)). At the end of that reporting period, 16,642 A-File requests remained pending within the statutory period (approximately 96.7% of pending requests); and 574 remained pending beyond the statutory deadline (approximately 3.3% of pending requests). *Id.* (citing 3d Meckley Decl. ¶ 10(c)-(d)). The 574 requests that remained pending beyond the statutory deadline comprised USCIS's A-File backlog as of the end of the first reporting period. *Id.* (citing 3d Meckley Decl. ¶ 10(d)).

5.  Based on this progress, the Court stated that it "appreciates the government's significant improvement in its compliance," and that it is "confident that the government is making

---

[2] Some numbers from the previous report have received minor updates in this report. *See* 4th Meckley Decl. at 2-3 n. 1-2. These updates do not materially impact the percentages or other data provided in either report. *Id.*

this issue a priority to solve." April 6, 2021 Minute Order. The Court also stated that "additional improvement is still necessary," and that it "expects further significant reductions in the backlog." *Id.* The Court declined Plaintiffs' request to change the Government's reporting requirements or set a specific benchmark for substantial compliance. *Id.*

**Defendants' Second 90 Days of Compliance**

6. During the second 90-day compliance period, from March 17, 2021 to June 15, 2021, USCIS and ICE have continued to substantially comply with the Court's injunction by further reducing their backlogs and increasing the rate of timely completing new A-File requests. *See* Fourth Declaration of Tammy M. Meckley ¶¶ 6, 7(c) ("4th Meckley Decl."); Fourth Declaration of Fernando Pineiro ¶ 6 ("4th Pineiro Decl."). Specifically, through yesterday, June 14, 2021, USCIS has reduced its A-File FOIA backlog from approximately 574 requests to approximately 244 requests. 4th Meckley Decl. ¶ 6. This marks a total reduction of approximately 98.9 percent since the Court's Order and Judgment on December 17, 2020. *Id*. Further, as explained below, the approximately 244 requests that remain in USCIS's backlog consist primarily of a category of especially complex cases that almost always take significant time to process. *Id.* ¶¶ 8-10. For ICE's part, the agency has resolved the technical problems with processing its remaining 47 requests and eliminated its A-File FOIA backlog entirely. 4th Pineiro Decl. ¶ 6(c). This marks a 100% reduction in ICE's backlog since the injunction was issued.

7. At the same time that ICE has fully eliminated its backlog and USCIS has continued to reduce its own backlog, USCIS has received and timely processed almost every new request the agency has received and processed in the current reporting period. Specifically, since March 17, 2021, USCIS received approximately 62,844 new requests for A-Files. 4th Meckley Decl. ¶ 7(c). Of those requests, approximately 46,338 were completed and approximately 46,004 were timely completed, reflecting a timely completion rate of approximately 99.3% for the current reporting

1  period. *Id.* At this time, approximately 16,444 requests remain pending within the statutory deadline (approximately 98.5% of pending requests), and approximately 244 requests remain pending beyond the statutory deadline (approximately 1.5% of pending requests). *Id.* ¶ 7(d), (e). The approximately 244 requests that remain pending beyond the statutory deadline comprise USCIS's current A-File FOIA backlog. *Id.* ¶ 7(e).

8.  In light of the above figures—and in particular, ICE's zero backlog, USCIS's backlog of only 244 requests, and USCIS's timely completion rate of approximately 99.3% for the current reporting period—Defendants respectfully submit that they have more than substantially complied with the Court's injunction.

### Description of USCIS's Remaining Backlog

9.  USCIS's remaining backlog of approximately 244 A-File FOIA requests consists primarily of especially complex requests that almost always take significant time to process. *Id.* ¶¶ 8-10. The majority of these requests—approximately 216 out of approximately 244—are from applicants for EB-5 visas. *Id.* ¶ 9. EB-5 visas are a special form of visa that require applicants to submit business and commercial information demonstrating that they will make certain investments in the United States that will provide jobs. *Id.* This business and commercial information is stored in the EB-5 applicants' A-Files, which are typically exceptionally large, averaging approximately 2,078 pages, and at times reaching up to over 7,000 pages. *Id.* ¶¶ 9-10.

10. In addition, when the business and commercial information contained in these A-Files is confidential, it is subject to special procedural requirements before it can be released to requestors. *Id.* ¶ 10. In accordance with Executive Order No. 12600, relevant businesses must have the opportunity to review proposed disclosures and object to the proposed application—or non-application—of FOIA Exemption (b)(4), which covers "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4); 4th

Meckley Decl. ¶ 10.  This is a time-consuming process and significantly extends the time necessary to process EB-5 applicants' A-Files.  4th Meckley Decl. ¶ 10.

11. Processors of these A-Files must start by locating the relevant businesses' current addresses—an often lengthy process because many such businesses were incorporated years ago and have either been dissolved or incorporated into other businesses.  *Id.*  USCIS must then provide written notice to each relevant business of the agency's intent to release the confidential information.  *See* 6 CFR § 5.7(c)(1).  Each business must be afforded a minimum of 10 business days to review the material and object to any disclosure.  *Id.* § 5.7(e)(1).  USCIS must consider these objections and any specific grounds the businesses provide for why the information should not be disclosed.  *Id.* § 5.7(f).  If USCIS still intends to disclose the information, it must provide written notice to each business, including the reasons why the business's objections were not sustained, a description of the information to be disclosed, and a specified disclosure date.  *Id.* § 5.7(g).  At each stage of this process, the agency must also provide notice to the requester.  *Id.* § 5.7(i).  In light of this time- and labor-intensive process, A-File requests submitted by EB-5 applicants often, indeed almost always, take significantly longer to complete than other requests for A-Files.  4th Meckley Decl. ¶¶ 8, 10.

12. Finally, the remaining 28 backlogged A-File FOIA requests are pending the receipt of responsive records.  *Id.* ¶ 11.

### USCIS's Continued Efforts to Comply With the Court's Injunction

13. In order to achieve USCIS's backlog reduction and near-perfect timely processing rate for the current compliance period, the agency has continued to undertake significant efforts with respect to its FOIA program.  Many of these efforts were described in Defendants' first Compliance Report, and include increased resources, more personnel, and new procedures and technology.  Defs.' Compliance Report ¶ 5.  Since the last Compliance Report, USCIS has continued to improve its FOIA program.

14. Most significantly, USCIS has hired additional personnel. In January 2021, USCIS was authorized to fill 22 permanent FOIA processing positions. 3d Meckley Decl. ¶ 15(b). During the previous compliance period, USCIS filled eight of those positions. *Id.* USCIS has now filled an additional nine positions, and is in the process of hiring for the remaining five permanent positions. 4th Meckley Decl. ¶ 14(a). USCIS has also filled additional one-year term positions authorized under the 2020 Memorandum of Agreement. At the time of the last compliance report, six out of 25 of these positions had been filled. *Id.* ¶ 14(b) (citing 3d Meckley Decl. ¶ 15(c)). USCIS has now filled 20 of these positions, with five additional candidates currently pending security clearances. *Id.*

15. USCIS has also continued to pursue above-guidance appropriations for its FOIA program. On June 14, 2021, USCIS submitted a request to DHS for $188.5 million for Fiscal Years 2023 through 2027. *Id.* ¶ 14(c).

16. Moving forward, USCIS expects that its efforts will continue to sustain its FOIA performance, including maintaining its reduced backlog and its high compliance rate. *Id.* ¶¶ 15, 17. USCIS is also committed to identifying new areas for improvement, closely monitoring its FOIA response times, and identifying new issues that may require additional resources. *Id.* ¶ 16.

Dated: June 15, 2021                            Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Acting Assistant Attorney General

                                                ELIZABETH J. SHAPIRO
                                                Deputy Branch Director

                                                /s/ *Cristen C. Handley*
                                                CRISTEN C. HANDLEY, MO Bar No. 69114
                                                MATTHEW SKURNIK, NY Bar No. 5553896
                                                Trial Attorneys
                                                United States Department of Justice

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*