UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>   Plaintiffs,<br><br>   v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>   Defendants. | No. 3:19-cv-03512-WHO<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference:**<br>Date:   July 6, 2021<br>Time:   2:00 p.m.<br>Before: Hon. William H. Orrick |

Plaintiffs and Defendants respectfully submit the following joint status report regarding the injunction issued against Defendants in the above-captioned matter. This case involves a certified class action under the Freedom of Information Act ("FOIA") in which this Court held that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") engaged in an unlawful pattern or practice of failing to make timely determinations on FOIA requests for "A-Files." On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2. Defendants appealed the Court's Judgment to the U.S. Court of Appeals for the Ninth Circuit. *See* ECF Nos. 94 & 95; *see also USCIS v. Nightingale*, No. 21-15288 (9th Cir.). However, Defendants have not sought to stay the injunctive relief ordered by this Court. The injunction set forth the following:

a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original).

On March 17, 2021, Defendants timely filed their first Compliance Report and accompanying declarations regarding the injunction. ECF Nos. 97, 97-1, 97-2. On March 30, 2021, the parties filed a joint status report, ECF No. 98, and on April 6, 2021, the Court held a case management conference, ECF No. 100.

On June 15, 2021, Defendants timely filed their Second Compliance Report and accompanying declarations regarding the injunction. ECF Nos. 104, 104-1, 104-2. This joint status report follows.

### **Plaintiffs' Position**

Plaintiffs' position is that Defendants' Second Compliance Report and accompanying declarations demonstrate that Defendant USCIS presently is in substantial compliance with the Court's order as the agency reports that Defendant USCIS has improved its rate of compliance from 72 percent to 99.3 percent. ECF No. 104 at 4–5; ECF No. 104-1 at ¶ 7.c. Plaintiffs look forward to future compliance reports which will continue to allow them to verify that Defendant USCIS continues to sustain this level of compliance.

Plaintiffs continue to note that an overarching impediment to both this Court's and Plaintiffs' ability to assess Defendant USCIS' compliance with the Court's order is the agency's steadfast insistence on combining FOIA's twenty and thirty-day deadlines as if they were one deadline, rather than two separate and distinct statutory deadlines; namely, the default twenty-day deadline at 5 U.S.C. § 552(a)(6)(A), and a thirty-day deadline that is contingent upon USCIS' invocation of "unusual circumstances" at 5 U.S.C. § 552(a)(6)(B). *See generally* ECF 104; 104-1; 97; 97-1.  Furthermore, Defendant USCIS does not expressly define what constitutes its "backlog" or "timely completions" of A-File FOIA requests. *Id.* Plaintiffs continue to seek clarification whether Defendant USCIS is defining its backlog to

include only requests pending beyond the thirty-day deadline as it has previously done and, as such is impermissibly categorically invoking the "unusual circumstances" exception of the FOIA statute. *See* ECF No. 68-6 at 9-10; ECF No. 68-6 at 9-10; 78-3 at 9-10.

### Defendants' Position

As Plaintiffs agree, Defendants' Second Compliance Report demonstrates their continued substantial compliance with this Court's injunction.

Specifically, the report shows that, over the latest compliance period, USCIS has achieved a rate of approximately 99.3% for timely completing incoming A-File FOIA requests. *See* 2nd Compliance Report ¶ 7, ECF No. 104 (citing 4th Meckley Decl. ¶ 7(c)). At the same time, ICE has eliminated its backlog entirely, and USCIS has further reduced its backlog to approximately 244 requests, marking a total reduction of approximately 98.9% since the Court's Order and Judgment on December 17, 2020.[1] *Id.* ¶ 6 (citing 4th Meckley Decl. ¶ 6 & 4th Declaration of Fernando Pineiro ¶ 6(c)). USCIS's continued substantial compliance is a product of the many efforts it has taken to improve its FOIA program, including increased resources, more personnel, and new procedures and technology. 1st Compliance Report ¶ 5, ECF No. 97 (citing 3d Meckley Decl.¶¶ 11-25); 2nd Compliance Report ¶ 14 (citing 4th Meckley Dec. ¶14(a) & (b)) (describing recent additional hiring).

Despite Defendants' undisputed substantial compliance with the Court's injunction, Plaintiffs recycle their objection to USCIS's application of the FOIA's 30-business-day deadline to Track 2 and Track 3 A-File requests. But the Court has already addressed this objection on two separate occasions. *See* Order at 11 n.6, ECF No. 89 (declining to decide the

---

[1] As Defendants explained, USCIS's remaining backlog consists primarily of requests from applicants for EB-5 visas—a category of especially complex cases that almost always take significant time to process. 2nd Compliance Report ¶¶ 9-12.

issue and noting that Plaintiffs' certified classes only cover individuals whose A-File requests have been pending for more than 30 business days); Minute Order, ECF No. 100 (stating that the Court "is not inclined to change the reporting requirements at present"). Again, Plaintiffs themselves chose to define their classes such that individuals with requests pending for 21-to-30 business days are not parties to this case. They cannot now, for a third time, attempt to expand their class criteria under the pretext of measuring compliance with the Court's injunction.

In any case, as Defendants have explained, the FOIA's 30-business-day deadline properly applies to Track 2 and Track 3 requests, because such requests typically satisfy all three statutory factors for "unusual circumstances" (although only one factor is necessary). *See* 5 U.S.C. § 552(a)(6)(B)(i), (iii). Namely, (1) USCIS must locate and retrieve A-Files from locations around the world, including USCIS and ICE field offices and various Federal Records Centers; (2) A-Files are generally voluminous and contain numerous distinct records; and (3) USCIS often must consult with other components, such as ICE and CBP, which have substantial interest in the requested documents. *See* 5 U.S.C. § 552(a)(6)(B)(iii). Plaintiffs' recurrent objection once again lacks merit under the express terms of the FOIA statute.

Plaintiffs also reiterate their assertion that USCIS has not defined what constitutes its "backlog" or "timely completions" of A-File FOIA requests. That is incorrect. As Defendants explained in both their interrogatory responses and their last status report, the term "backlog" refers to FOIA requests that have not received responses within the applicable statutory time frame set forth in 5 U.S.C. § 552—which for Track 1 requests is 20 business days, and for Track 2 and Track 3 requests is 30 business days. *See* Joint Status Report at 9 n.4, ECF No. 98. "Timely completion" is the flip side of the same coin, and obviously means requests

completed within the applicable statutory deadline. Accordingly, Defendants' approach is neither "impermissibl[e]" nor "[un]define[d]." *Supra*, 3-4.

In sum, Defendants have continued to substantially comply with the Court's injunction, and no change in reporting requirements is warranted.

|  |  |
|---|---|
|  | Respectfully submitted, |
| s/*Trina Realmuto*<br>Trina Realmuto (CA SBN 201088)<br>Mary Kenney*<br>Tiffany Lieu*<br>National Immigration Litigation Alliance<br>10 Griggs Terrace<br>Brookline, MA 02446<br>(617) 819-4447<br>trina@immigrationlitigation.org<br><br>Matt Adams (WSBA No. 28287)*<br>Northwest Immigrant Rights Project<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>(206) 957-8611<br><br>Emily Creighton (DC 1009922)*<br>American Immigration Council<br>1331 G Street NW, Suite 200<br>Washington, DC 20005<br>(202) 507-7540<br><br>Stacy Tolchin (CA SBN 217431)<br>Law Offices of Stacy Tolchin<br>634 S. Spring St., Suite 500A<br>Los Angeles, CA 90014<br>(213) 622-7450<br><br>*Counsel for Plaintiffs* | BRIAN M. BOYNTON<br>Acting Assistant Attorney General<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>/s/*Matthew Skurnik*<br>MATTHEW SKURNIK, NY Bar No. 5553896<br>CRISTEN C. HANDLEY, MO Bar No. 69114<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>(202) 616-8188<br>matthew.skurnik@usdoj.gov<br><br>*Counsel for Defendants* |

*Admitted pro hac vice

Dated: June 29, 2021