BRIAN M. BOYNTON
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
CRISTEN C. HANDLEY, MO Bar No. 69114
MATTHEW SKURNIK, NY Bar No. 5553896
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| Zachary NIGHTINGALE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | No. 3:19-cv-03512-WHO<br><br>**DEFENDANTS' THIRD COMPLIANCE REPORT** |

Pursuant to this Court's December 17, 2020 Order and Judgment, ECF Nos. 89 & 90, and its July 6, 2021 Minute Order, ECF No. 107, Defendants respectfully submit the following Third Compliance Report and accompanying declarations regarding the injunction issued against Defendants in the above-captioned matter.

1. This is a certified class action brought under the Freedom of Information Act ("FOIA"). Plaintiffs and class members are noncitizens and attorneys who claim that the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), and U.S. Immigration and Customs Enforcement ("ICE") have engaged in an unlawful pattern or

practice of failing to make timely determinations on FOIA requests for Alien Files ("A-Files").

**The Court's Injunction**

2. On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2.[1] The injunction established the following three requirements:

(A) **Adhere to FOIA Timing Requirements:** Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C. §§ 552(a)(6)(A) and (B);

(B) **Eliminate the Backlogs:** Within sixty (60) days of this order, defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

(C) **Quarterly Compliance Reports:** Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due within ninety (90) days of this order.

ECF No. 89 at 27; ECF No. 90 at 1-2.

The Court made clear that Defendants are not required to achieve 100% compliance with the injunction, but instead must reach "substantial compliance within sixty (60) days" of the Order. ECF No. 89 at 24.

**Defendants' Substantial Compliance in the Previous Reporting Period**

3. The parties and the Court agree that Defendants achieved substantial compliance with the injunction as of the end of the last reporting period. *See* Joint Status Report at 3, ECF No. 105;

---

[1] Defendants filed a notice of appeal of this Court's Judgment to the U.S. Court of Appeals for the Ninth Circuit. ECF No. 94. Defendants have since voluntarily dismissed the appeal. ECF No. 110.

Minute Order at 1, ECF No. 107.  At that time, USCIS had reduced its A-File FOIA backlog by approximately 98.9 percent since the Court's Order and Judgment on December 17, 2020, from around 21,987 to around 244 remaining requests.  *See* 2d Compliance Report ¶¶ 6 (citing Fourth Declaration of Tammy M. Meckley ¶ 6 ("4th Meckley Decl.")), ECF No. 104-1.  USCIS had also achieved a timely completion rate of approximately 99.3% for the 46,338 requests received and processed during the second reporting period.  *Id.* ¶ 7 (citing 4th Meckley Decl. ¶ 7(c)).  ICE, for its part, had eliminated its A-File FOIA backlog entirely by the end of the second reporting period, from around 19,885 requests as of the Court's Order and Judgment to zero as of June 15, 2021.  *Id.* ¶¶ 3, 6 (citing 3d Declaration of Fernando Pineiro ¶ 6 and 4th Declaration of Fernando Pineiro ¶ 6(c), respectively).

**Defendants' Continued Substantial Compliance in the Present Reporting Period**

4.     USCIS has continued to substantially comply with the Court's injunction in the present reporting period by further reducing its A-File backlog and sustaining a similarly high rate of timely completing new A-File requests.  *See* Fifth Declaration of Tammy M. Meckley ¶¶ 6, 8 ("5th Meckley Decl.").  Specifically, as of the end of the day yesterday, USCIS's A-File backlog consists of approximately 92 requests.  *Id.* ¶ 6(a).  This marks a total reduction of approximately 99.58% since the Court's Order and Judgment on December 17, 2020.  *Id.*

5.     While USCIS has continued to reduce its backlog, the agency has likewise continued to timely process nearly all of the A-File requests it received and processed in the current reporting period.  Since June 15, 2021, USCIS received approximately 67,918 new requests for A-Files.  *Id.* ¶ 8(a).  Of those requests, approximately 47,965 were completed and approximately 47,551 were timely completed, reflecting a timely completion rate of approximately 99.14% for the current reporting period.  *Id.*  At this time, approximately 19,906 requests remain pending within the statutory timeframe (approximately 99.54% of pending requests), *id.* ¶ 8(b), and approximately 92

requests remain pending beyond the statutory timeframe (approximately 0.46% of pending requests), *id.* ¶ 8(c). The approximately 92 requests that remain pending beyond the statutory timeframe comprise USCIS's current A-File FOIA backlog. *Id.* ¶ 8(c).

6. ICE's A-File FOIA backlog remains at zero. *See* Fifth Declaration of Fernando Pineiro ¶ 6 ("5th Pineiro Decl."). As the Court is aware, ICE was able to rapidly eliminate its backlog primarily due to an inter-agency Memorandum of Agreement with USCIS signed in 2020 ("2020 MOA"), whereby USCIS processes all ICE documents that are contained within an A-File rather than referring those documents to ICE for processing. *See* Defs.' Mot. for Summ. Judg. at 18-19, ECF No. 75. Consistent with their stated commitment to keep that agreement in place, *see id.* at 19, USCIS and ICE recently renewed the MOA for the upcoming fiscal year. *See* 5th Meckley Decl. ¶ 9(c); 5th Pineiro Decl. ¶ 7.

7. In light of these figures—and in particular, ICE's zero backlog, USCIS's backlog of only 92 requests, and USCIS's timely completion rate of approximately 99.14% for the current reporting period—Defendants respectfully submit that they remain in more than substantial compliance with the Court's injunction.

Dated: September 15, 2021                    Respectfully submitted,

                                                                BRIAN M. BOYNTON
                                                                Acting Assistant Attorney General

                                                                ELIZABETH J. SHAPIRO
                                                                Deputy Branch Director

                                                                /s/*Cristen C. Handley*
                                                                CRISTEN C. HANDLEY, MO Bar No. 69114
                                                                MATTHEW SKURNIK, NY Bar No. 5553896
                                                                Trial Attorneys
                                                                United States Department of Justice
                                                                Civil Division, Federal Programs Branch
                                                                1100 L Street, NW

Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*