UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG, <br><br>    Plaintiffs, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br>    Defendants. | No. 3:19-cv-03512-WHO <br><br> **JOINT STATUS REPORT** <br><br> **Status Conference:** <br> **Date:** April 12, 2022 <br> **Time:** 2:00 p.m. <br> **Before:** Hon. William H. Orrick |

Plaintiffs and Defendants respectfully submit the following joint status report regarding the injunction issued against Defendants in the above-captioned matter. This case involves a certified class action under the Freedom of Information Act ("FOIA") in which this Court held that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") engaged in an unlawful pattern or practice of failing to make timely determinations on FOIA requests for "A-Files." On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2. The injunction set forth the following:

   a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

   b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

   c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original).

Since the injunction issued in December 2020, Defendants have filed five compliance reports, the parties have filed five joint status reports (this filing being the fifth), and the Court has held three case management conferences, with a fourth to be held on April 12, 2022.

**Plaintiffs' Position**

Defendants' Fifth Compliance Report and accompanying Seventh Declaration of Tammy M. Meckley demonstrate that Defendant USCIS is making progress but remains significantly removed from returning to a 99% compliance rate. The following chart demonstrates the agency's performance over the last five compliance reports:

| Compliance Report | USCIS A-File Backlog | Total new requests | Total of new requests completed | Total of new requests *timely* completed | Timely completion rate | Currently pending A-File requests |
|---|---|---|---|---|---|---|
| First, ECF 97 (Dec. 20, 2020-Mar. 16, 2021) | 574 | 49,001 | 32,588 | 23,488 | Approx. 72% | 16,413 and 574 beyond statutory deadline |
| Second, ECF 104 (Mar. 17-June 15, 2021) | 244 | 62,844 | 46,338 | 46,004 | 99.3% | 16,444 and 244 beyond statutory deadline |
| Third, ECF 113 (June 15-Sept. 14) | 92 | 67,918 | 47,965 | 47,551 | 99.14% | 19,906 and 92 beyond statutory deadline |
| Fourth, ECF 119 (Sept. 15-Dec. 14, 2021) | 2,978 | 65,612 | 41,545 | 21,374 | 51.4% | 21,122 and 2,978 beyond statutory deadline |
| Fifth, ECF 125 (Dec. 15, 2021-Mar. 14, 2022) | 120 | 63,973 | 40,174 | 28,978 | 72.13% | 23,685 and 120 beyond statutory deadline |

After Defendants demonstrated substantial compliance in the Second and Third Compliance Reports, compliance rates dropped off significantly in the Fourth Compliance Report, where almost half of the FOIA productions failed to comply with this Court's order. Defendants have improved compliance since their last status report by approximately 20%, from 51.4% to 72.13%. However, the current processing rate of 72.13% is more than 20% less

than the compliance rates Defendants achieved between March to September of last year, which were 99.3% and 99.14%, as reflected in Second and Third Compliance Reports. Indeed, the current compliance rate of 72.13% is only .13% higher than the compliance rate Defendants achieved in the very first quarter following the Court's order, which required Defendants to eliminate the existing backlog.

Plaintiffs are pleased that USCIS is converting 25 temporary one-year positions to permanent positions and seeking to hire 24 fulltime, permanent positions and hope that the permanency of those position will help increase and stabilize compliance rates. However, Plaintiffs remain concerned that the other measures used to improve compliance rates during this quarter, including overtime funding and temporarily assigning employees from USCIS's Refugee, Asylum, and International Operations Directorate (RAIOD) and from within USCIS to FOIA processing, are the types of stop-gap measures that have failed to sustain substantial compliance rates in the past and which led to this Court issuing a permanent injunction.

### Defendants' Position

USCIS has addressed the temporary challenges it faced in the fall and, as a result, has reduced its backlog to a level consistent with the first three compliance reports. Namely, during the latest reporting period, USCIS reduced its A-File backlog from approximately 2,978 requests to approximately 120 requests. *See* Fifth Compliance Report ¶¶ 3–4, ECF No. 125 (citing Seventh Declaration of Tammy M. Meckley ("7th Meckley Decl.") ¶ 5). This puts USCIS's current backlog in line with the low backlogs reported during the first nine months under this Court's injunction. *See* ECF Nos. 97, 104, 113 (reporting backlogs of approximately 574 requests, 244 requests, and 92 requests, respectively).

As Defendants explained, *see* Fifth Compliance Report ¶¶ 6–7, USCIS achieved this result through multiple efforts, including obtaining approval for overtime work and detailing 18 personnel to work on FOIA matters from other parts of the agency. *Id*. While Plaintiffs disregard these efforts as "stop-gap measures," *infra* at 4, they concede Defendants have also undertaken additional, more-long term measures. Specifically, to help maintain its low

backlog in the future, USCIS has now converted the 25 one-year term positions under the ICE Memorandum of Agreement to 25 permanent positions, and has obtained authorization to hire an additional 24 fulltime, permanent personnel. Fifth Compliance Report ¶¶ 8–9. Plaintiffs are rightly "pleased" with these steps, *infra* at 4, which the agency anticipates will allow it to maintain its compliance with the Court's injunction moving forward.

Plaintiffs nonetheless complain that USCIS's timely completion rate this quarter has been 72.13%, rather than the over 99% figures reported in the second and third compliance reports. *Infra* at 3–4. But Plaintiffs fail to consider that, much like the first compliance period, USCIS has had to process recent incoming requests at the same time it reduced an existing backlog. Now that USCIS has reduced the backlog to approximately 120 requests, and assuming it maintains that low backlog, the agency anticipates reporting an even greater timely completion rate by the next compliance report—just as it did following the first compliance report. *See* 7th Meckley Decl. ¶ 6. And, significantly, for the requesters the Plaintiffs have repeatedly highlighted as the most vulnerable—those with an upcoming scheduled immigration hearing (*i.e.*, Track 3 requests)—USCIS on average processed the requests in only 12.46 business days this period, well in advance of any statutory deadlines. *Id.* ¶ 7(c).

While USCIS did experience a temporary reduction in compliance, the Court should not miss the forest for the trees. Since the injunction was issued, USCIS's backlog has been nearly eliminated, from approximately 21,986 requests to approximately 120 requests; ICE's backlog has been entirely eliminated, from approximately 19,885 requests to zero; and USCIS, an agency that receives hundreds of thousands of FOIA requests per year, has in multiple quarters reported timely completion rates above 99%. That is an overwhelming improvement. When USCIS ran into challenges in fall 2021, it took swift action to address the problem, substantially reducing its backlog by the next quarter. And the agency has now authorized long-term changes to help it to continue these results in the future. By any measure, this Court can be satisfied that its injunction has produced a material change in conduct by the defendant agencies and remedied the unlawful pattern and practiced alleged by Plaintiffs.

|   |   |
|---|---|
| | Respectfully submitted, |
| s/*Trina Realmuto* | BRIAN M. BOYNTON |
| Trina Realmuto (CA SBN 201088) | Principal Deputy Assistant Attorney General |
| Mary Kenney* | |
| National Immigration Litigation Alliance | ELIZABETH J. SHAPIRO |
| 10 Griggs Terrace | Deputy Branch Director |
| Brookline, MA 02446 | |
| (617) 819-4447 | /s/*Matthew Skurnik* |
| trina@immigrationlitigation.org | MATTHEW SKURNIK, NY Bar No. 5553896 |
| Matt Adams (WSBA No. 28287)* | Trial Attorney |
| Northwest Immigrant Rights Project | United States Department of Justice |
| 615 Second Avenue, Suite 400 | Civil Division, Federal Programs Branch |
| Seattle, WA 98104 | 1100 L Street, NW |
| (206) 957-8611 | Washington, D.C. 20005 |
| | (202) 616-8188 |
| Emily Creighton (DC 1009922)* | matthew.skurnik@usdoj.gov |
| American Immigration Council | |
| 1331 G Street NW, Suite 200 | |
| Washington, DC 20005 | *Counsel for Defendants* |
| (202) 507-7540 | |

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
(213) 622-7450

*Counsel for Plaintiffs*

*Admitted pro hac vice

Dated: April 5, 2022.