UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　Defendants. | **No. 3:19-cv-03512-WHO**<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference:**<br>**Date:**　October 15, 2024<br>**Time:**　2:00 p.m.<br>**Before:** Hon. William H. Orrick |

Plaintiffs and Defendants respectfully submit the following joint status report regarding the injunction issued against Defendants in the above-captioned matter.  This case involves a certified class action under the Freedom of Information Act ("FOIA") in which this Court held that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") engaged in an unlawful pattern or practice of failing to make timely determinations on FOIA requests for "A-Files."  On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants.  *See* ECF Nos. 89 at 27 & 90 at 1-2.  The injunction set forth the following:

a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original).

Since the injunction issued in December 2020, Defendants have filed fifteen compliance reports, the parties have filed eleven joint status reports (this filing being the eleventh), and the Court has held ten case management conferences, with an eleventh to be held on October 15, 2024.

2

Joint Status Report                                                                                              Case No. 3:19-cv-03512-WHO

**Plaintiffs' Position**

Defendants' Fifteenth Compliance Report and Seventeenth Declaration of Tammy Meckley demonstrate that Defendant USCIS remains in substantial compliance with the Court's order as the agency reports that Defendant USCIS has a completion rate of 99.62 percent for the current reporting period. ECF No. 173 at 3; ECF No. 173-1 at ¶ 8. Plaintiffs look forward to continued compliance reports with details regarding the number of requests, average processing times and backlogs as well as ongoing updates about funding and overtime measures employed to address the number of requests.

**Defendants' Position**

In the two reporting periods since the last status conference held in this case, USCIS has continued its streak of nearly perfect compliance with this Court's injunction. Specifically, as noted in Defendants' Fourteenth Compliance Report and supporting declaration, at the end of the reporting period from March 15, 2024 to June 14, 2024, USCIS reported an A-File backlog of approximately 14 requests and a timely completion rate of approximately 98.07%. *See* Sixteenth Declaration of Tammy M. Meckley ¶¶ 9, 10, ECF No. 171-1. At the end of the reporting period from June 15, 2024 to September 14, 2024, USCIS reported an A-File backlog of approximately 22 requests an a timely completion rate of approximately 99.62%. *See* Seventeenth Declaration of Tammy M. Meckley ¶¶ 8, 9, ECF No. 173-1. These reports establish that Defendants have remained in substantial compliance with the Court's injunction.

As Defendants noted in the parties' previous joint status report, the record as a whole demonstrates that, through its sustained resource and technological investments, USCIS has made systemic improvements to its FOIA program and is committed to continuing to satisfy its FOIA obligations. *See* Joint Status Report at 4, ECF No. 168. Since December 2020, USCIS has improved its A-File backlog from nearly 22,000 requests to less than 100 requests

in every reporting period for nearly the last two years.  That is, in December 2022, following an unexpected surge in requests, USCIS reported an A-File backlog of approximately 76 requests.  *See* Defs.' Eighth Compliance Report ¶ 6, ECF No. 147.  In the seven compliance reports submitted since December 2022, USCIS's A-File backlog has not risen above 11 requests as of the end of a reporting period.[1]  Moreover, in that same nearly two-year period, USCIS's timely completion rate has been consistently above 99% for every compliance period except for the period between June 2023 and September 2023, when it was approximately 88.51%.[2]  While 88.51% is lower than USCIS's near-perfect timely completion rates in the other periods, average processing times show that untimely cases are completed just one or two days beyond the statutory timelines and thus do not indicate significant delays.  *See* Defs.' Eleventh Compliance Report ¶ 6, ECF No. 156.  On top of all this, the record demonstrates that USCIS has consistently provided requesters with the greatest need—*i.e.* those in Track 3—responses well within the statutory timelines.[3]

---

[1] *See* Ninth Compliance Report ¶ 5, ECF No. 151 (backlog of 3 requests); Tenth Compliance Report ¶ 5, ECF No. 155 (backlog of 6 requests); Eleventh Compliance Report ¶ 5, ECF No. 156 (backlog of 2 requests); Twelfth Compliance Report ¶ 4, ECF No. 163 (backlog of 10 requests); Thirteenth Compliance Report ¶ 4, ECF No 167 (backlog of 11 requests); Fourteenth Compliance Report ¶ 4, ECF No. 171 (backlog of 14 requests); Fifteenth Compliance Report ¶ 4, ECF No. 173 (backlog of 22 requests).

[2] *See* Eighth Compliance Report ¶ 7, ECF No. 147 (99.37% timely completion); Ninth Compliance Report ¶ 6, ECF No. 151 (99.81% timely completion); Tenth Compliance Report ¶ 6, ECF No. 155 (99.64% timely completion); Eleventh Compliance Report ¶ 6, ECF No. 156 (88.51% timely completion); Twelfth Compliance Report ¶ 5, ECF No. 163 (99.27% timely completion); Thirteenth Compliance Report ¶ 5, ECF No. 167 (99.31% timely completion); Fourteenth Compliance Report ¶ 5, ECF No. 171 (98.07% timely completion); Fifteenth Compliance Report ¶ 5, ECF No. 173 (99.62% timely completion).

[3] *See* Eighth Compliance Report ¶ 7, ECF No. 147 (10.44 business days for Track 3); Ninth Compliance Report ¶ 6, ECF No. 151 (7.82 business days for Track 3); Tenth Compliance Report ¶ 6, ECF No. 155 (8.4 business days for Track 3); Eleventh Compliance Report ¶ 6, ECF No. 156 (8.5 business days for Track 3); Twelfth Compliance Report ¶ 5, ECF No. 163 (8.26 business days for Track 3); Thirteenth Compliance Report ¶ 5, ECF No. 167 (7.42 business days for Track 3); Fourteenth Compliance Report ¶ 5, ECF No. 171 (4.46 business days for Track 3); Fifteenth Compliance Report ¶ 5, ECF No. 173 (4.39 business days for Track 3).

In light of the record of substantial compliance, on July 9, 2024, Defendants presented Plaintiffs with a proposal in an effort to conclude this litigation. The parties have since exchanged counter-offers, and discussions are ongoing. The parties agree to file a joint status report notifying the Court of the status of their discussions by November 20, 2024.

Respectfully submitted,

| | |
|---|---|
| s/*Trina Realmuto* | BRIAN M. BOYNTON |
| Trina Realmuto (CA SBN 201088) | Principal Deputy Assistant Attorney General |
| Mary Kenney* | |
| National Immigration Litigation Alliance | ELIZABETH J. SHAPIRO |
| 10 Griggs Terrace | Deputy Branch Director |
| Brookline, MA 02446 | |
| (617) 819-4447 | /s/*Cristen C. Handley* |
| trina@immigrationlitigation.org | CRISTEN C. HANDLEY, MO Bar No. 69114 |
| | Trial Attorney |
| Matt Adams (WSBA No. 28287)* | United States Department of Justice |
| Northwest Immigrant Rights Project | Civil Division, Federal Programs Branch |
| 615 Second Avenue, Suite 400 | 1100 L Street, NW |
| Seattle, WA 98104 | Washington, D.C. 20005 |
| (206) 957-8611 | (202) 305-2677 |
| | Cristen.Handley@usdoj.gov |
| Emily Creighton (DC 1009922)* | |
| American Immigration Council | *Counsel for Defendants* |
| 1331 G Street NW, Suite 200 | |
| Washington, DC 20005 | |
| (202) 507-7540 | |
| | |
| Stacy Tolchin (CA SBN 217431) | |
| Law Offices of Stacy Tolchin | |
| 634 S. Spring St., Suite 500A | |
| Los Angeles, CA 90014 | |
| (213) 622-7450 | |

*Counsel for Plaintiffs*

**Admitted pro hac vice*

Dated: October 8, 2024