UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 3:19-cv-03512-WHO<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference:**<br>Date:   December 3, 2024<br>Time:   2:00 p.m.<br>Before: Hon. William H. Orrick |

Plaintiffs and Defendants respectfully submit the following joint status report regarding the injunction issued against Defendants in the above-captioned matter.  This case involves a certified class action under the Freedom of Information Act ("FOIA") in which this Court held that U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Department of Homeland Security ("DHS") engaged in an unlawful pattern or practice of failing to make timely determinations on FOIA requests for "A-Files."  On December 17, 2020, following briefing and oral argument, this Court entered summary judgment in favor of Plaintiffs on their FOIA pattern or practice claims and issued a nationwide injunction against Defendants.  *See* ECF Nos. 89 at 27 & 90 at 1-2.  The injunction set forth the following:

  a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

  b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

  c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the number and percentage of A-File FOIA requests that were filed and timely completed as well as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original).

Since the injunction issued in December 2020, Defendants have filed fifteen compliance reports, the parties have filed twelve joint status reports (this filing being the twelfth), and the Court has held ten case management conferences, with an eleventh to be held on December 3, 2024.

**Plaintiffs' Position**

Defendants' Fifteenth Compliance Report and Seventeenth Declaration of Tammy Meckley demonstrate that Defendant USCIS remains in substantial compliance with the Court's order as the agency reports that Defendant USCIS has a completion rate of 99.62 percent for the current reporting period. ECF No. 173 at 5; ECF No. 173-1-1 at ¶8. Plaintiffs are concerned that the agency is continuing to rely on overtime and additional contract work in order to achieve this level of compliance. *See* ECF No. 173-1 at ¶¶ 14, 15 (attesting that, between June 2, 2024 and August 23, 2024, employees worked approximately 13,927.5 hours of overtime, and that USCIS is relying on additional contract work for processing between March 30, 2024 and March 29, 2025). Plaintiffs generally are also concerned that the newly anticipated Department of Government Efficiency will not prioritize FOIA compliance.

Plaintiffs remain committed to ongoing discussions with Defendants to reduce the expenditure of resources by the agency and this Court with respect to the permanent injunction. As noted by Defendants below, due to the holidays, existing commitments, and end-of-year leave schedules, Plaintiffs join Defendants in asking this Court to permit them to file a further joint status report by January 10, 2025 regarding the status of their discussions.

**Defendants' Position**

In the two reporting periods since the last status conference held in this case, USCIS has continued its streak of nearly perfect compliance with this Court's injunction. Specifically, as noted in Defendants' Fourteenth Compliance Report and supporting declaration, at the end of the reporting period from March 15, 2024 to June 14, 2024, USCIS reported an A-File backlog of approximately 14 requests and a timely completion rate of approximately 98.07%. *See* Sixteenth Declaration of Tammy M. Meckley ¶¶ 9, 10, ECF No. 171-1. At the end of the reporting period from June 15, 2024 to September 14, 2024, USCIS reported an A-File backlog of approximately 22 requests an a timely completion rate of approximately 99.62%. *See*

3

Seventeenth Declaration of Tammy M. Meckley ¶¶ 8, 9, ECF No. 173-1.  Defendants' next compliance report is due by December 16, 2024.

As noted in the parties' prior joint status report, ECF No. 174 at 4-5, in light of Defendants' record of substantial compliance with the Court's injunction, on July 9, 2024, Defendants presented Plaintiffs with a proposal in an effort to conclude this litigation.  The parties have since exchanged counter-offers and engaged in discussions, including a telephonic meet and confer on November 22, 2024.  Those discussions remain ongoing.  Given the upcoming holidays, and to account for end-of-year leave schedules, the parties propose that they file a further joint status report notifying the Court of the status of their discussions by January 10, 2025.  Additionally, Defendants would appreciate the Court's views on appropriate next steps should settlement discussions reach an impasse, and thus respectfully request that the December 3, 2024 status conference in this case remain on the Court's calendar.

Respectfully submitted,

s/*Trina Realmuto*
Trina Realmuto (CA SBN 201088)
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org

Matt Adams (WSBA No. 28287)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

Raul Pinto (NC No. 42310)*
American Immigration Council
PMB2026
2001 L Street N.W., Suite 500 Washington, DC 20036
(202) 507-7549

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/*Cristen C. Handley*
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
Cristen.Handley@usdoj.gov

*Counsel for Defendants*

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
634 S. Spring St., Suite 500A
Los Angeles, CA 90014
(213) 622-7450

*Counsel for Plaintiffs*

*Admitted pro hac vice

Dated: November 26, 2024