UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | No. 3:19-cv-03512-WHO<br><br>**PLAINTIFFS' MOTION FOR A CASE MANAGEMENT CONFERENCE** |

Plaintiffs respectfully move this Court pursuant to Local Rule 16-10(c) to set a case management conference regarding Defendants' Eighteenth Compliance Report (ECF 181). Defendants report that, over the last three months, the backlog of requests for requests for immigration cases files (A-Files) under the Freedom of Information Act (FOIA) has skyrocketed from a low of 9 on March 14, 2025 to 12,571 on June 14, 2025, the highest it has been since this Court issued its permanent injunction in December 2020. Over the same period, U.S. Citizenship and Immigration Services' (USCIS) timely completion rate for A-File FOIA requests has fallen to a near all-time low of 51.45%. Given the critical importance of access to A-Files for noncitizens—particularly in this period of increased immigration enforcement—this Court's oversight and enforcement of Defendants' substantial compliance with the injunction is necessary. Defendants' position on this motion is set forth below.

1

Pls.' Mot. for Case Mngmt. Conf.                                    Case No. 3:19-cv-03512-WHO

This case is a certified class action under the FOIA against Defendants U.S. Citizenship and Immigration Services (USCIS), U.S. Immigration and Customs Enforcement (ICE), and U.S. Department of Homeland Security (DHS). On December 17, 2020, this Court found that Defendants had engaged in an unlawful pattern or practice of failing to make timely determinations on A-File FOIA requests and entered summary judgment in favor of Plaintiffs and a permanent injunction against Defendants. *See* ECF Nos. 89 at 27 & 90 at 1-2. The injunction set forth the following:

a. <u>Adhere to FOIA Timing Requirements</u>: Defendants are permanently enjoined from further failing to adhere to the statutory deadlines for adjudicating A-File FOIA requests, as set forth in 5 U.S.C.§§ 552(a)(6)(A) and (B);

b. <u>Eliminate the Backlogs</u>: **Within sixty (60) days of this order,** defendants shall make determinations on all A-File FOIA requests in USCIS's and ICE's backlogs; [and]

c. <u>Quarterly Compliance Reports</u>: Until further order, defendants shall provide this court and class counsel with quarterly reports containing information regarding the *number and percentage of A-File FOIA requests that were filed and timely completed as we*ll as the number and percentage of cases that remain pending beyond the twenty or thirty-day statutory periods, respectively 5 U.S.C. §§ 552(a)(6)(A) and (B). The first compliance report is due **within ninety (90) days** of this order.

ECF No. 89 at 27 (emphasis in the original); ECF No. 90 at 1-2 (emphasis in the original).

Since that time, Defendants have filed eighteen compliance reports, the parties have filed thirteen joint status reports, and the Court has held eleven case management conferences, most recently on December 3, 2024. ECF 177. This Court originally scheduled a further case management conference for January 14, 2025. *Id*. After Defendants moved to reschedule the conference to January 28, 2025, *see* ECF 179, the Court cancelled it,

2

Pls.' Mot. for Case Mngmt. Conf.                                   Case No. 3:19-cv-03512-WHO

indicating that the Court would reschedule the conference at "a later date based upon the Court's availability and convenience." ECF 180.

Subsequently, in the most recent joint status report filed January 24, 2025, Plaintiffs raised concerns over Defendants' continued reliance on overtime and additional contract work to comply with the injunction, predicted that the increased enforcement efforts of the current administration would increase "the already critical importance of access to A-Files" for class members but that the current administration would not prioritize resources for FOIA processing and compliance. ECF 181 at 3.

Unfortunately, Plaintiffs' concerns were well-founded. On June 16, 2025, Defendants reported that USCIS's timely completion rate fell from 99.39% for the period December 15, 2024 through March 14, 2025, to 59.39% for the subsequent 3 months, while its backlog increased from 9 to 12,571 FOIA requests, significantly higher than at any point since injunction issued. ECF 183 at 3. Defendants claim that USCIS's failure to substantially comply with the injunction was because it "simultaneously experienced both a further increase in the number of new A-File requests as well as extraordinary new constraints related to agency resources and staffing, which have adversely impacted the agency's performance." *Id*.

This Court repeatedly has recognized that delays in responding to FOIA requests for A-files have "real life consequences," including "undermin[ing] the fairness of immigration proceedings" and depriving class members of information necessary "to defend against removal, to obtain benefits, and to gain citizenship." ECF No. 89; *see also* ECF 47 at 2-4. The more than 12,000 class members whose FOIA requests are backlogged are experiencing just such hardships. Plaintiffs request that the Court schedule a case management conference

3

Pls.' Mot. for Case Mngmt. Conf.   Case No. 3:19-cv-03512-WHO

at its earliest convenience to ensure future and ongoing substantial compliance with the injunction.

On July 8, 2025, Defendants, through counsel Cristen Handley, communicated Defendants' position as follows: Defendants do not oppose Plaintiffs' request for a status conference but respectfully request that the conference take place after Defendants file their next compliance report, which is due by September 15, 2025. This would provide the parties and the Court the benefit of additional reporting data and would avoid significant pre-existing scheduling conflicts for the Government in July and August, including (but not limited to) counsel for Defendants being out of the country August 1-18. Should the Court determine that a status conference before the next report is necessary, Defendants can be available on July 29, September 2, or September 9.

Respectfully submitted,

s/ *[Trina Realmuto*
Trina Realmuto (CA SBN 201088)
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
776 Green St., Suite 210
Pasadena, CA 91101
(213) 622-7450

Matt Adams (WSBA No. 28287)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

Raul Pinto (DC No. 90013180)*
American Immigration Council
PMB2026
2001 L Street N.W., Suite 500 Washington, DC 20036
(202) 507-7549

*Counsel for Plaintiffs and Class Members*

*Admitted pro hac vice*

Dated: July 8, 2025

4

Pls.' Mot. for Case Mngmt. Conf.                                          Case No. 3:19-cv-03512-WHO