Trina Realmuto (CA SBN 201088)
Mary Kenney (DC 1044695)*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org

*(Additional Counsel for Plaintiffs Listed in Signature Block)*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; and Maribel CARANDANG,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 3:19-cv-03512-WHO<br><br>**Case Management Conference**<br>**Date:   Jan. 6, 2026**<br>**Time:  2:00 p.m.**<br>**Judge William H. Orrick** |

**NOTICE OF "PROTECTED WHISTLEBLOWER DISCLOSURE REGARDING USCIS VIOLATIONS OF THE FREEDOM OF INFORMATION ACT, REGULATIONS, AND *NIGHTINGALE* COURT ORDER"**

On behalf of Plaintiffs and members of the nationwide class, undersigned counsel file this notice to bring to the Court's attention a whistleblower disclosure, released today, concerning the Court's order in this case. The whistleblower disclosure, entitled "Protected Whistleblower Disclosure Regarding USCIS Violations of the Freedom of Information Act, Regulations, and *Nightingale* Court Order" and dated December 19, 2025, accompanies this filing as Exhibit A. The disclosure contains an alarming description of USCIS' efforts to "fake" compliance with this Court's permanent injunction. *See* Gov't Accountability Project, *Disclosure Reveals USCIS Closed FOIA Requests to Fake Court Compliance* (Dec. 19, 2025), https://whistleblower.org/press/disclosure-reveals-uscis-closed-foia-requests-to-fake-court-compliance.[1]

The disclosure contains the following statements:

- In its December 15, 2025 compliance report, USCIS claimed that since its September 15, 2025 submission the agency has reduced its A-File FOIA backlog by 99.96% to only two cases and attributed this success to staffing measures. This purported elimination occurred while the agency lost roughly one-quarter of its FOIA personnel and endured a 43-day federal shutdown that impacted the availability of external support from other components of the Department of Homeland Security (DHS). These circumstances alongside Mr. Armstrong's disclosures suggest the reported reduction does not reflect timely, good-faith FOIA processing but rather mass closures of requests and other procedural mechanisms that remove requests from the pending inventory without reasonable searches or release of responsive records. Ex. A at 1 (footnote omitted).

- This disclosure addresses serious concerns that USCIS is not only failing to meet [its statutory] obligations but actively circumventing them. The disclosure details these practices, their impact on individuals, and the evidence demonstrating the agency's intent to evade judicial scrutiny ahead of its December 15, 2025 reporting deadline. *Id.* at 3-4.

- This new [March 4, 2024] policy meant that USCIS was failing to conduct a reasonable search for a record by categorically closing requests for these documents even though

---

[1]   *See also* Sean Michael Newhouse, *USCIS' Arbitrarily Strict FOIA Policy Is Keeping Some Migrants from Receiving Their Immigration Records, Whistleblower Alleges*, Gov't Exec. (Dec. 19, 2025), https://www.govexec.com/oversight/2025/12/uscis-arbitrarily-strict-foia-policy-keeping-some-migrants-receiving-their-immigration-records-whistleblower-alleges/410293/ ("Sen. Dick Durbin, D-Ill., the ranking member of the Senate Judiciary Committee, said that USCIS' actions violate the spirit of the *Nightingale* court order and may run afoul of FOIA requirements.").

Notice of Whistleblower Disclosure                                           No. 3:19-cv-03512-WHO

responsive documents may exist in the file. *Id.* at 5.

- NRC policy changes implemented in May 2025 resulted in FOIA processors redacting entire forms from immigration A-Files citing (b)(6) and (b)(7) privacy and law enforcement exemptions, even though the withheld information was initially provided to DHS by the noncitizen. *Id.*

- [T]he May 2025 policy also directs the withholding of any correspondence that is not directly to or from the requester, even correspondence sent by or to their attorney from USCIS. *Id.* at 5-6.

- These May 2025 policy changes additionally direct USCIS to inappropriately designate certain documents as "out of scope." *Id.* at 6.

- The apparent intent of this policy change is to process requests as fast as possible while sacrificing release of content to which requesters are legally entitled. *Id.*

- [M]anagement sent emails demonstrating their motive to find ways to maximize case closure as a means to reduce the FOIA backlog and manufacture compliance with the text and spirit of Judge Orrick's order. *Id.*

- Additional policy changes first disseminated on September 16, 2025, the day following the submission of a compliance report [in *Nightingale*], have resulted in FOIA requests being closed for "failure to comply" or citing no responsive records even when FOIA staff have located a responsive record. *Id.* at 7.

- [A] policy change communicated via email on September 19, 2025 requires requests that provide either no address or their attorneys' address to be closed for failure to comply. *Id.* at 8.

- The September guidance requires closure where the requester's surname information does not exactly match USCIS's records, including where USCIS's record reflects a compound surname (e.g., "Santos Perez") but the requester provides only one surname (e.g., "Santos") or vice versa. *Id.*

- Per the September 2025 guidelines, a request should be closed citing no responsive record if a requester provides an erroneous "Alien Registration Number" (A-Number) despite matches to other verification of identity information. *Id.*

- The September guidance enables the closure of requests as "Failure to Comply" when the month and date of the requester's birth date are inverted, even though many countries outside of the United States list dates in day/month/year order. *Id.*

- [U]nder the September policy guidance, FOIA Assistants and Case Processors are to close requests citing no responsive records for minor discrepancies in this optional [verification of identity] information even when a responsive record exists. *Id.* at 9.

- [Senior Advisor] Baxley told Mr. Armstrong [the whistleblower] that the new process was

meant to "enhance" and "streamline" the process; Mr. Armstrong understood that this meant to close as many cases as possible to create the appearance of *Nightingale* compliance. *Id.* at 10.

- Two and a half months into FY 2026, USCIS closed more cases for failure to comply as in FY 2025 and over 23% of all cases for no record as in FY 2025[.] *Id.*

- Further, these policy changes do nothing to change outcomes for potentially thousands of requesters whose requests were closed during the last September 15–December 15, 2025 reporting period, many of whom may have needed their A-Files for immigration proceedings like in the cases listed. *Id.* at 13.

- USCIS FOIA leadership have communicated that these policy changes are intended to keep FOIA response times low so that Judge Orrick will find the NRC in compliance with his orders and relieve the government of its ongoing reporting requirements. *Id.*

- The timing and substance of the policy changes, combined with the implausibility of stated rationale, support the conclusion that leadership's true objective is to create the appearance of *Nightingale* compliance rather than to address any legitimate operational concern. *Id.* at 14.

- Importantly, there is no corresponding increase in complexity to justify this reclassification. Instead, the policy appears designed to artificially maintain compliance with the *Nightingale* injunction by shifting more requests into slower tracks, thereby creating the appearance of meeting statutory timelines while undermining FOIA's mandate for prompt disclosure. *Id.* at 15.

- Mr. Armstrong explicitly noted his concern that the policy is not aligned with the spirit of Judge Orrick's *Nightingale* order, and violates the requirements of the FOIA Improvement Act of 2016 that instructs agencies not to withhold information absent a reasonably foreseeable harm to an interest protected by an exemption. *Id.* at 16.

- Mr. Armstrong understood this to be both a gag order and retaliation through a significant change in his working conditions as his job duties include resolution of problems and significant customer service issues involving interpretation of the law. *Id.*

The disclosure raises serious concerns about Defendants' compliance with this Court's order. Undersigned counsel have not yet been able to obtain the exhibits cited in the disclosure but is seeking to obtain them and will submit them if we receive them, along with their position on next steps, with the upcoming Joint Status Report, due on December 29, 2025.

//

//

Notice of Whistleblower Disclosure                                    No. 3:19-cv-03512-WHO
3

Respectfully submitted,

<u>s/ Trina Realmuto</u>
Trina Realmuto (CA SBN 201088)
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org

Matt Adams (WSBA No. 28287)*
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org

Stacy Tolchin (CA SBN 217431)
Law Offices of Stacy Tolchin
776 E Green St., Suite 210,
Pasadena, CA 91101
(213) 622-7450
stacy@tolchinimmigration.com

Raul Pinto (DC Bar No. 90013180)*
American Immigration Council
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7549

*Counsel for Plaintiffs and Class Members*

**Admitted pro hac vice*

Dated: December 19, 2025