BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ELIZABETH J. SHAPIRO
Deputy Branch Director
CRISTEN C. HANDLEY, MO Bar No. 69114
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 305-2677
cristen.handley@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| Zachary NIGHTINGALE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | No. 3:19-cv-03512-WHO<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE, ECF NO. 193** |

As explained in the previous Case Management Statement, over the last five years, Defendants have demonstrated their good-faith commitment to satisfying their obligations under the Freedom of Information Act ("FOIA") and maintaining substantial compliance with this Court's December 2020 injunction. *See* ECF No. 195 at 4. The record shows long periods of uninterrupted substantial compliance, and in the limited instances when compliance has decreased, Defendants have been candid with the Court by acknowledging the decrease, explaining the reasons therefor, and detailing their efforts to expeditiously improve compliance. *See id.* Most recently, Defendants'

timely completion rate decreased from approximately 99.39% reported in March 2025 to approximately 59.39% reported in June 2025, and the A-File FOIA backlog increased in that period from approximately 9 requests to approximately 12,741 requests. *Compare* Seventeenth Compliance Report ¶¶ 4-5, ECF No. 182, *with* Eighteenth Compliance Report ¶¶ 4-5, ECF No. 183 ("Eighteenth Report"). This was due to the significant staffing and other resource constraints explained in Defendants' June 2025 report and accompanying declaration. *See* Eighteenth Report ¶ 6; Third Declaration of M. David Arnold ¶¶ 10-13, ECF No. 183-1. Over the following six months, through USCIS efforts including a staffing reorganization, assistance from other agency components, hiring solicitations, and maximizing overtime hours, the timely completion rate returned to approximately 99% by mid-December 2025, and the backlog decreased to approximately two (2) requests. *See* Twentieth Compliance Report ¶¶ 4-6, ECF No. 192; Fifth Declaration of M. David Arnold ¶¶ 5-7, 12, 13-18, ECF No. 192-1.

On December 19, 2025, Plaintiffs filed a Notice of "Protected Whistleblower Disclosure Regarding USCIS Violations of the Freedom of Information Act, Regulations, and *Nightingale* Court Order," along with the accompanying Disclosure. *See* ECF Nos. 193 & 193-1. The Disclosure contains allegations by a USCIS employee related to the reliability of Defendants' December 2025 compliance report, including allegations that the data provided in the report reflects "apparent efforts by NRC [i.e. National Records Center] leadership to manufacture compliance" with this Court's injunction. *See* ECF No. 193-1 at 1. In support, the Disclosure alleges that "NRC leadership implemented policy changes," which the Disclosure cites as occurring between March 2024 and December 2025, that "result[ed] in the premature closing of possibly thousands of FOIA requests, often despite the existence or identification of responsive records." *See id.* at 1-2; *see also id.* at 5-15 (describing alleged policy changes). The Disclosure cites 47 exhibits (totaling 272 pages), which the whistleblower's counsel first provided counsel for the parties via e-mail on December 29, 2025,

and again on December 30, 2025 with supplemental redactions.[1]

In an effort to demonstrate USCIS's good faith and to provide the Court with information in response to Plaintiffs' Notice and the Disclosure in advance of tomorrow's status conference, Defendants respectfully submit the attached Sixth Declaration of M. David Arnold.[2]  As explained in the declaration, "USCIS has not taken any actions, whether the actions alleged in the [Disclosure] or otherwise, with the purpose or intent of avoiding or imitating compliance with the injunction" in this case.  *See* Sixth Declaration of M. David Arnold ¶ 42.  "To the contrary," the declaration explains, "each action that USCIS has undertaken to implement the FOIA has been made in a good faith attempt to comply with the FOIA," *id.* ¶ 5, and all of USCIS's "legal obligations, including the injunction," *id.* ¶ 42.  The "declaration is not intended to be a comprehensive response" to every allegation in the Disclosure; it addresses the Disclosure's principal allegations, corrects factual inaccuracies in the Disclosure, and explains USCIS's reasons for revising certain FOIA guidance and taking other actions pursuant to FOIA regulations—all in order to show this Court that USCIS has acted in good faith in all of its efforts to comply with the injunction.  *See id.* ¶¶ 4-7, 42.  The declaration is accompanied by exhibits consisting of what Defendants understand to be the "policies," "guidance," and similar materials alleged in the Disclosure (some of which are already contained in whole or in part in the Disclosure's exhibits).  *See id.* at Exhs. A-I.

As noted in the Case Management Statement, in a further effort to show their good faith, Defendants are amenable to negotiating with Plaintiffs over informational requests they may have regarding the Disclosure.  *See* ECF No. 195 at 6.  To be sure, Defendants' offer to negotiate is made for purposes of avoiding or minimizing the need for discovery-related motion practice; Defendants

---

[1] Counsel for the parties are conferring about the appropriate procedure for filing these exhibits given that they contain unredacted personally identifying information of third parties (including the whistleblower) and potentially privileged information.

[2] Defendants were unable to submit this response and declaration last week, as they had originally anticipated, due to holiday leave schedules.  *See* ECF No. 195 at 6.

do not agree that "compliance discovery," *see id.*, is necessary or appropriate, and they will oppose any motion Plaintiffs may file for such discovery.

Dated: January 5, 2026					Respectfully submitted,

							BRETT A. SHUMATE
							Assistant Attorney General
							Civil Division

							ELIZABETH J. SHAPIRO
							Deputy Branch Director

							/s/*Cristen C. Handley*
							CRISTEN C. HANDLEY, MO Bar No. 69114
							Trial Attorney
							United States Department of Justice
							Civil Division, Federal Programs Branch
							1100 L Street, NW
							Washington, D.C. 20005
							(202) 305-2677
							cristen.handley@usdoj.gov

							*Counsel for Defendants*