# EXHIBIT A



**National Immigration Litigation Alliance**
*Immigrant justice through the courts*

January 22, 2026

Cristen C. Handley
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
Via Email: Cristen.Handley@usdoj.gov

   Re: *Nightingale v. USCIS*, No. 3:19-cv-03512-WHO (N.D. Cal.)
      Informal Discovery Requests

Dear Ms. Handley,

As previously discussed, in an attempt to avoid formal discovery, Plaintiffs are sending this informal request for records and information to better understand the whistleblower's allegations and Defendants' response.

Given that U.S. Citizenship and Immigration Services (USCIS) and the Department of Homeland Security (DHS) have the best understanding of what records are available, we ask that they give the broadest meaning to the term records as used below and that they construe it as including, but not limited to: USCIS Freedom of Information Act (FOIA) Processing Guide, USCIS Policy and Procedure Manual (PPM), System of Records Notices (SORN), FOIA Bulletins, and Policy and Training (PoaT) reminders, as well as communications, correspondence, texts, electronic communications via any platform, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

Plaintiffs' informal discovery requests are as follows:

**March 2024 Cuban policy** – Disclosure at 5 & Exh. 1, 41; Arnold Dec. ¶¶ 10-13 & Exh. B.

- With respect to the Cuban policy, please state whether, if the I-94 and/or other entry documents for Cubans are in the A-File but the request does not mention the A-File or other documents (i.e., it only mentions the I-94 and/or other entry documents), the agency will search the A-File for the I-94/other entry documents.

- State any and all reasons why the treatment addressed by this policy change is applied to Cubans.

- State whether similar treatment of processing I-94 and/or other entry documents has been applied to nationalities besides Cubans.

- State whether a similar special treatment with respect to other types of FOIA requests or FOIA processing (including intake) has been applied to a specific nationality.

**May 2025 policy re: redacting entire forms and withholding attorney correspondence** – Disclosure at 5-6 & Exh. 2, 41; Arnold Dec. ¶¶ 15-17 & Exh. C.

- State whether USCIS is producing an entirely unredacted Form I-213.

- State whether USCIS is producing a partially redacted Form I-213. If so, please state what portions of the form are redacted.

- State whether USCIS is redacting the entirety of Form I-213.

- Produce a copy of the agency guidance regarding disclosure of attorney correspondence that Arnold indicated in ¶ 17 of his declaration that "will be issued expeditiously."

- Produce any records provided to FOIA staff that would advise them of the guidance referenced in the bullet above.

**May 2025 policy re: out of scope** – Disclosure at 6 & Exh. 2, 4, 16, 33, 41; Arnold Dec. ¶¶ 15, 18-19 & Exh. C-D.

- Produce any records that define what the phrase "out of scope" means.

- Produce any records that explain to FOIA personnel/contract workers how and/or when to treat a record as "out of scope."

- Produce any records that explain the basis for adopting a policy that treats certain records as "out of scope."

- State whether a document that is determined to be "out of scope" is not processed and thus the requestor is not informed of its existence.

**November 2022 regulatory change re: country of citizenship or residency** – Disclosure at 6-7 & Exh. 3; Arnold Dec. ¶¶ 20-22.

- Produce any records since November 16, 2022, relating to USCIS' instruction to FOIA staff (including intake processors and FOIA processors) for processing a request that either includes or omits country of citizenship or residency.

- State the status of Arnold's representation (¶ 22) that USCIS is currently amending the Form G-639 and the digital FOIA intake process to add a field for requiring country of citizenship or residency.

**Policy changes of September 16, 2025 and later re: closing cases at case creation/intake stage** – Disclosure at 7-13, Exh. 5-7, 9, 12, 17, 19-21, 24-28, 31-32, 40, 45-47; Arnold Dec. ¶¶ 23-35 & Exh. E-G.

- Produce any records, including guidance or training materials, confirming instructions to "close" cases where the name provided is not an exact match, including but not limited to instructions for intake personnel to close cases before processing.

- Produce any records, including guidance or training materials, confirming instructions to "close" cases where the optional A-number provided does not match, including but not limited to instances when other documents provided by the Requester match the correct A-number.

- State whether a request will be closed if the optional A-number provided form does not match but where the requestor provides another document that contains the correct A-number.

- State whether a case will be closed if there is any optional information provided that does not match, including but not limited to, parents' names, even where records are located that match the required information provided.

- Produce any records, including guidance or training materials on application of 8 U.S.C. § 1367 to requesters providing attorney addresses.

- Produce any records confirming the reasons for case closures as mentioned in the Arnold declaration that most closures occurred due to a failure to provide the individual's address "combined" with missing verification of identity (VOI).

- Produce any and all records that explain the circumstances under which the Significant Incident Reports (SIRs) referenced in the Arnold declaration occurred and whether the new policies address such SIRs.

- Produce any and all records that address the legality of implementing the second round of policy changes from September 16, 2025, onward, referenced in the whistleblower's disclosure, regarding closing cases at case creation/intake stage.

Please let us know if you would like to discuss any of these requests further. We would appreciate it if you could advise when we should expect a response to these requests.

//

3

Thank you for your attention to matter,

| | |
|---|---|
| s/ *Trina Realmuto* | |
| Trina Realmuto | Stacy Tolchin |
| Mary Kenney | LAW OFFICES OF STACY TOLCHIN |
| NATIONAL IMMIGRATION | 776 E. Green Street, Suite 210 |
|     LITIGATION ALLIANCE | Pasadena, CA 91101 |
| 10 Griggs Terrace | (213) 622-7450 |
| Brookline, MA 02446 | stacy@tolchinimmigration.com |
| (617) 819-4447 | |
| trina@immigrationlitigation.org | |
| mary@immigrationlitigation.org | |
| | Raul Pinto |
| Matt Adams | AMERICAN IMMIGRATION COUNCIL |
| NORTHWEST IMMIGRANT RIGHTS PROJECT | 2001 L Street NW, Suite 500 |
| 615 Second Avenue, Suite 400 | Washington, DC 20036 |
| Seattle, WA 98104 | (202) 507-7549 |
| (206) 957-8611 | rpinto@immcouncil.org |
| matt@nwirp.org | |

*Counsel for Plaintiffs and Class Members*