|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT FOR THE | |
| 2 | NORTHERN DISTRICT OF CALIFORNIA | |
| 3 | SAN FRANCISCO DIVISION | |

| | |
|---|---|
| Zachary NIGHTINGALE; Courtney McDERMED; Cheryl DAVID; Pao LOPA; Maribel CARANDANG,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | No. 3:19-cv-03512-WHO<br><br>**Defendants' Consent Administrative Motion to Seal Pursuant to Local Rule 79-5** |

Pursuant to Local Rule 79-5 and this Court's Standing Order on Administrative Motions to Seal, Defendants respectfully move the Court for leave to file under seal seven exhibits that contain privileged information. The seven exhibits were among 47 exhibits attached to a whistleblower disclosure submitted to Congress on December 19, 2025 and filed by Plaintiffs in this Court the same day. *See* ECF Nos. 193 & 193-1. On December 29 and 30, 2025, the whistleblower's counsel provided copies of the 47 exhibits, with limited redactions for certain personally identifiable information ("PII"), to counsel for the parties. After conferring and agreeing to additional PII redactions for Government employees and third parties, the parties filed Joint Notices on January 22, 2026 and January 30, 2026, submitting a total of 40 of the 47 exhibits to the public docket. *See* ECF No. 199 (submitting 36 exhibits); ECF No. 200 (submitting 4 exhibits).

As to the remaining seven exhibits, shown in the table below, each exhibit contains information that is subject to the deliberative process privilege, and two exhibits also contain information that is subject to the attorney-client privilege. Defendants accordingly seek leave

to file under seal the versions of these seven exhibits provided by the whistleblower's counsel, which contain only limited PII redactions and no redactions for privileged information.[1] In support of this motion to seal, Defendants submit the accompanying Seventh Declaration of M. David Arnold, which explains that the exhibits contain privileged information.

| Document | Designating Entity | Basis for sealing |
|---|---|---|
| Exhibit 3 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege. A redacted version is being publicly filed herein. |
| Exhibit 7 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege and the attorney-client privilege. A redacted version is being publicly filed herein. |
| Exhibit 13 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege. A redacted version is being publicly filed herein. |
| Exhibit 23 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege. A redacted version is being publicly filed herein. |
| Exhibit 29 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege. A redacted version is being publicly filed herein. |
| Exhibit 30 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege. A redacted version is being publicly filed herein. |
| Exhibit 40 | USCIS | Contains unredacted PII and information that is subject to the deliberative process privilege and the attorney-client privilege. A redacted version is being publicly filed herein. |

In an effort to make publicly available non-privileged information that can reasonably be segregated from privileged information, Defendants are also submitting to the public docket copies of each of the seven exhibits identified above, with redactions for privileged information (as well as additional PII redactions similar to those in the previously filed exhibits). *See* ECF Nos. 199 & 200.[2] Defendants have conferred with Plaintiffs regarding this motion. Plaintiffs'

---

[1] To assist the Court's review, the seven exhibits being filed under seal also contain transparent, "redline" redactions identifying the information that is redacted in the public versions.

[2] To the extent that any of these publicly filed exhibits contain, in unredacted form, personally identifying information of the whistleblower that may otherwise be protected from public disclosure by the Privacy Act, 5 U.S.C. § 552a, the Whistleblower Protection Act, 5 U.S.C. § 2302 *et seq.*, or other laws governing

position is as follows: "Plaintiffs do not oppose the motion to seal because these exhibits have been filed on the public docket with specific redactions to which the Plaintiffs have agreed." Defendants understand that the whistleblower objects to this motion to seal.

    Defendants certify that they have reviewed and complied with this Court's Standing Order and that they have reviewed and complied with Civil Local Rule 79-5.

Dated:  February 7, 2026        Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General
    Civil Division

    ELIZABETH J. SHAPIRO
    Deputy Branch Director

    */s/Cristen C. Handley*
    CRISTEN C. HANDLEY, MO Bar No. 69114
    Trial Attorney
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street, NW
    Washington, D.C. 20005
    (202) 305-2677
    Cristen.Handley@usdoj.gov

    *Counsel for Defendants*

---

the use and disclosure of information by the United States, the whistleblower has authorized and consented to the release of the information.