

# U.S. Department of Justice
## Civil Division

1100 L Street NW
Washington, DC 20005

(202) 598-3398
John.J.Halloran.Jr@usdoj.gov

March 23, 2026

Trina Realmuto
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446

**Sent via e-mail**

**Re:** *Nightingale v. USCIS et al.*, **No. 3:19-cv-3512 (N.D. Cal.)**

Dear Counsel:

I write to provide additional responses from Defendant U.S. Citizenship and Immigration Services ("USCIS") regarding certain of your requests in your January 22, 2026 letter in the above-referenced case. As previously explained, Defendants are amenable to negotiating in good faith regarding your requests for purposes of avoiding or minimizing the need for discovery-related motion practice in this matter. *See, e.g.*, ECF No. 195 at 6. Defendants have also noted that many of your requests broadly seek "any records" regarding various topics, which are akin to the kind of formal discovery requests that this informal process is intended to avoid. *See* ECF No. 201 at 16. Accordingly, Defendants explained that they will not provide "any records" but will provide responsive, non-privileged, electronic files or information that can reasonably be obtained without lengthy electronic-database searches and collections. *See id.* Consistent with those positions, and with Defendants' agreement to provide responsive, non-privileged information to you on a rolling basis, Defendant USCIS's second set of responses is below. Defendants reserve the right to supplement and/or revise these responses as appropriate as further information becomes available.

**Policy changes of September 16, 2025 and later re: closing cases at case creation/intake stage** – Disclosure at 7-13, Exh. 5-7, 9, 12, 17, 19-21, 24-28, 31-32, 40, 45-47; Arnold Dec. ¶¶ 23-35 & Exh. E-G.

- **Produce any records confirming the reasons for case closures as mentioned in the Arnold declaration that most closures occurred due to a failure to provide the individual's address "combined" with missing verification of identity (VOI).**

    o **Response:** As noted in the Sixth Declaration of M. David Arnold, ¶ 34, ECF No. 196-1, the December 19, 2025 Government Accountability Project letter to Congress ("Letter") accurately reflected that the FOIA Office had closed significantly more cases for failure to comply with DHS regulations since September 2025, but that the number of cases closed for no record found had not experienced a significant change following the September 2025 guidance as reflected in the data provided in the Letter. Paragraph 35 provides insight into that increase of closures for failure to comply based on a preliminary review of an Excel spreadsheet report that is being produced as part of this second release, along with emails explaining how that data was pulled. While

**EXHIBIT B**

RE: *Nightingale v. USCIS et al.*, No. 3:19-cv-3512 (N.D. Cal.)
March 23, 2026
Page 2

the Excel spreadsheet consists of two sheets, only the first sheet is being provided in PDF format, as it provides the aggregate summary of the reasons for closure. The second sheet, which provides thousands of lines of case-by-case FOIA request data, which was the source of the aggregate data, is not being produced as the information relied upon is already reflected in the aggregate data being provided and it would require time-consuming redactions of personally identifying information and line-by-line review of multiple columns of data.

- **Produce any and all records that explain the circumstances under which the Significant Incident Reports (SIRs) referenced in the Arnold declaration occurred and whether the new policies address such SIRs.**

  - **Response:** Responsive documents have already been made available pursuant to the Joint Notice of Filing Exhibits, ECF No. 199, Exhibit 8, ECF No. 199-6. The FY2025 VOI SIRS document that was relied upon for the Sixth Declaration of M. David Arnold, ¶ 31, ECF No. 196-1 is also being produced as part of this release. This document has been marked Confidential pursuant to the protective order issued in this litigation.

- **State whether a request will be closed if the optional A-number provided form does not match but where the requestor provides another document that contains the correct A-number.**

  - **Response:** Currently, when a requestor provides multiple alien numbers for a subject of record within the FOIA request (either in the digital request or supporting documentation), the case will not be closed solely for a mismatch of the alien number. The initial September 16, 2025 guidance did not account for requesters providing multiple alien numbers and stated that if the alien number provided in the request did not match, the request would be closed. The guidance was updated via the VOI Quick Guide Walkthrough and Updates on December 10, 2025, to clarify that, if multiple alien numbers are provided in a request (either in the digital request or supporting documentation), it will generally be processed if at least one of the alien numbers provided matches the alien number in the record.

- **State whether a case will be closed if there is any optional information provided that does not match, including but not limited to, parents' names, even where records are located that match the required information provided.**

  - **Response:** As stated in response to the above request addressing treatment of a mismatched alien number, at least one of the alien numbers provided by the requestor must match; if not, the case will be closed. If the parents' names provided by the requestor do not match (or do not fall within any of the exceptions), the case will be closed.

RE:  *Nightingale v. USCIS et al.*, No. 3:19-cv-3512 (N.D. Cal.)
March 23, 2026
Page 3

**March 2024 Cuban policy** – Disclosure at 5 & Exh. 1, 41; Arnold Dec. ¶¶ 10-13 & Exh. B.

- **With respect to the Cuban policy, please state whether, if the I-94 and/or other entry documents for Cubans are in the A-File but the request does not mention the A-File or other documents (i.e., it only mentions the I-94 and/or other entry documents), the agency will search the A-File for the I-94/other entry documents.**

    o **Response:** If a requestor seeks only the I-94 and/or other entry documents, USCIS typically will not conduct a search because the request is not seeking USCIS records and such records are generally not maintained within the Alien File.  I-94 and entry documents are created and maintained by CBP.  Our response to requestors advises them to contact CBP for this information and that many entry/exit documents are available on a CBP public website.

- **State any and all reasons why the treatment addressed by this policy change is applied to Cubans.**

    o **Response**:  Beginning in January 2024, USCIS received a large influx of requests from Cubans seeking their I-94s and other entry documents.  USCIS implemented the policy in March 2024, in response to this influx and after determining that these records were not USCIS records and conferring with CBP.  While initially the policy applied only to Cuban-born individuals due to the influx of requests from this specific population, the policy was later expanded to all nationalities.

- **State whether similar treatment of processing I-94 and/or other entry documents has been applied to nationalities besides Cubans.**

    o **Response:** The policy regarding I-94 and other entry documents is applied to all FOIA requests received by USCIS regardless of the subject of record's nationality.

- **State whether a similar special treatment with respect to other types of FOIA requests or FOIA processing (including intake) has been applied to a specific nationality.**

    o **Response**: There are no USCIS FOIA processing guidelines or policies that apply to a specific nationality.

RE:  *Nightingale v. USCIS et al.*, No. 3:19-cv-3512 (N.D. Cal.)
March 23, 2026
Page 4

Sincerely,

*/s/John J. Halloran, Jr.*
Trial Attorney
United States Department of Justice