

# U.S. Department of Justice
## Civil Division

1100 L Street NW
Washington, DC 20005

(202) 598-3398
John.J.Halloran.Jr@usdoj.gov

March 27, 2026

Trina Realmuto
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446

**Sent via e-mail**

**Re:** *Nightingale v. USCIS et al.*, **No. 3:19-cv-3512 (N.D. Cal.)**

Dear Counsel:

I write to provide additional responses from Defendant U.S. Citizenship and Immigration Services ("USCIS") regarding certain of your requests in your January 22, 2026 letter in the above-referenced case. As previously explained, Defendants are amenable to negotiating in good faith regarding your requests for purposes of avoiding or minimizing the need for discovery-related motion practice in this matter. *See, e.g.*, ECF No. 195 at 6. Defendants have also noted that many of your requests broadly seek "any records" regarding various topics, which are akin to the kind of formal discovery requests that this informal process is intended to avoid. *See* ECF No. 201 at 16. Accordingly, Defendants explained that they will not provide "any records" but will provide responsive, non-privileged, electronic files or information that can reasonably be obtained without lengthy electronic-database searches and collections. *See id.* Consistent with those positions, and with Defendants' agreement to provide responsive, non-privileged information to you on a rolling basis, Defendant USCIS's third set of responses is below. Defendants reserve the right to supplement and/or revise these responses as appropriate as further information becomes available.

**May 2025 policy re: out of scope** – Disclosure at 6 & Exh. 2, 4, 16, 33, 41; Arnold Dec. ¶¶ 15, 18-19 & Exh. C-D.

- Produce any records that define what the phrase "out of scope" means.

    o **USCIS's Response:** *See* enclosed May 16, 2025 Freedom of Information Act and Privacy Act Case Processing Guide excerpt addressing the definition of "out of scope." This most recent version of the Case Processing Guide does not include the interim guidance issued addressing treatment of foreign language documents as addressed in the Sixth Declaration of M. David Arnold, ¶¶ 18-19, ECF No. 196-1.

- Produce any records that explain to FOIA personnel/contract workers how and/or when to treat a record as "out of scope."

    o **USCIS's Response:** For purposes of this response, USCIS is interpreting this request as being limited to the treatment of foreign language documents as addressed in the Sixth Declaration of M. David Arnold, ¶¶ 18-19, ECF No. 196-1. Responsive documents have already been made available as Exhibit D to that declaration. *See*

**EXHIBIT C**

RE: *Nightingale v. USCIS et al.*, No. 3:19-cv-3512 (N.D. Cal.)
March 27, 2026
Page 2

> Exhibit D, ECF No. 196-5. *See also* enclosed June 11, 2025 RE_Untranslated documents email.

- Produce any records that explain the basis for adopting a policy that treats certain records as "out of scope."

    o **USCIS's Response**: For purposes of this response, USCIS is interpreting this request as being limited to the treatment of foreign language documents as addressed in the Sixth Declaration of M. David Arnold, ¶¶ 18-19, ECF No. 196-1. Responsive documents have already been made available as Exhibit D to that declaration. *See* Exhibit D, ECF No. 196-5.

- State whether a document that is determined to be "out of scope" is not processed and thus the requestor is not informed of its existence.

    o **Response:** The term "out-of-scope" pertains to documents that do not relate to the subject and/or the information being requested, so requestors are not informed of their existence. The untranslated version of a foreign document is determined to be "out-of-scope" because USCIS cannot determine whether it is responsive. Translated versions of foreign documents are provided if responsive.

**Policy changes of September 16, 2025 and later re: closing cases at case creation/intake stage** – Disclosure at 7-13, Exh. 5-7, 9, 12, 17, 19-21, 24-28, 31-32, 40, 45-47; Arnold Dec. ¶¶ 23-35 & Exh. E-G.

- Produce any records, including guidance or training materials, confirming instructions to "close" cases where the name provided is not an exact match, including but not limited to instructions for intake personnel to close cases before processing.

- Produce any records, including guidance or training materials, confirming instructions to "close" cases where the optional A-number provided does not match, including but not limited to instances when other documents provided by the Requester match the correct A-number.

- Produce any records, including guidance or training materials on application of 8 U.S.C. § 1367 to requesters providing attorney addresses.

    o **USCIS's Supplemental Response to the Above Three Requests:** Additional responsive documents are enclosed herein, to include:

        - Quick Guide to New VOI December 12, 2025 email

        - December 11, 2025 Automated Transcript Training Session (session 1)

        - December 11, 2025 Automated Transcript Training Session (session 2)

        - February 17, 2026 VOI Guidance Update Automated Transcript (session 1)

        - February 17, 2026 VOI Guidance Update Automated Transcript (session 2)

RE: *Nightingale v. USCIS et al.*, No. 3:19-cv-3512 (N.D. Cal.)
March 27, 2026
Page 3

- Questions from todays training email, dated February 17, 2026
- FW (for discussion at 8:00) Email dated February 17, 2026

- Produce any and all records that address the legality of implementing the second round of policy changes from September 16, 2025, onward, referenced in the whistleblower's disclosure, regarding closing cases at case creation/intake stage.

  o **USCIS's Response:** For purposes of this response, and consistent with Defendants' agreement to provide non-privileged responsive information, USCIS did not search for privileged records addressing the legality of implementing the above-cited policy changes, to include records subject to the attorney-client privilege, work product doctrine or the deliberative process privilege and have, therefore, identified no responsive records besides those records that have already been made available to Plaintiffs.

Sincerely,

*/s/John J. Halloran, Jr.*
Trial Attorney
United States Department of Justice