Diana L. Christian
California State Bar No. 236726
Admitted, U.S. District Court for the
Northern District of California
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501
Telephone: (206) 535-2395 / (202) 227-3590
Email: DianaC@whistleblower.org
Counsel for Proposed Amici Curiae
Timothy Turner and
Government Accountability Project

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

ZACHARY NIGHTINGALE, et al.,
Plaintiffs,
v.
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, et al.,
Defendants.

**Case No. 3:19-cv-03512-WHO**
**Hon. William H. Orrick**

# ADMINISTRATIVE MOTION FOR LEAVE TO APPEAR AS AMICI CURIAE AND FILE AMICUS CURIAE BRIEF

Pursuant to Northern District of California Civil Local Rule 7-11(a), proposed amici curiae Timothy Turner and Government Accountability Project ("GAP") respectfully request leave to appear as amici curiae and file the accompanying amicus brief in support of Plaintiffs. The proposed brief, Mr. Turner's August 25, 2026 declaration, and the supporting exhibits are submitted with this motion. Plaintiffs do not oppose the requested relief; Defendants oppose it.

## I. THE REQUEST SATISFIES CIVIL LOCAL RULE 7-11

This motion specifies the relief requested and the reasons for it. A proposed order is submitted with the motion. Because Defendants oppose the request, the parties could not

stipulate to the relief; the accompanying Declaration of Diana L. Christian explains why a stipulation could not be obtained. See N.D. Cal. Civ. L.R. 7-11(a).

## II. AMICI HAVE DISTINCT INTERESTS AND RELEVANT EXPERTISE

Mr. Turner is a former National Records Center employee with direct knowledge of USCIS Freedom of Information Act processing systems, including the FIRST system, production and closure practices, administrative appeals, and staffing. His declaration presents internal data bearing on whether the quarterly compliance reports ordered by this Court continue to measure timely production of A-Files rather than the entry of closure codes.

GAP is a nonprofit organization that represents and supports whistleblowers and promotes government and corporate accountability and transparency. GAP has an institutional interest in enforcement of FOIA's statutory deadlines and in the integrity of court-ordered supervisory mechanisms that depend on accurate agency reporting. Its perspective is informed by whistleblower experience and public-interest FOIA advocacy.

## III. THE PROPOSED BRIEF WILL ASSIST THE COURT

Under published Ninth Circuit authority, district courts have broad discretion to permit amicus participation. See *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). The Ninth Circuit has recognized the traditional role of an amicus in assisting in matters of public interest, supplementing the efforts of counsel, and drawing the court's attention to relevant law or considerations. *Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

The proposed brief offers information and analysis not supplied by the parties' existing submissions. It compares the Director's reported compliance metrics with data from the agency's own FIRST system; explains the operational distinction between producing records and closing requests without production; analyzes the increase in administrative appeals and the reported

two-tier appeals practice; and places those developments alongside staffing information. This perspective bears directly on whether the Court's quarterly reporting mechanism continues to measure the relief ordered in the permanent injunction.

The proposed amici do not ask the Court to expand or modify the injunction. They seek only to assist the Court in evaluating compliance with the existing order and whether further examination is warranted. The brief identifies amici's interests and follows the disclosure model of Federal Rule of Appellate Procedure 29: no party's counsel authored the brief, and no party or party's counsel funded its preparation or submission. Allowing the filing will provide focused assistance without altering the parties' rights or the governing schedule.

## CONCLUSION

For these reasons, Timothy Turner and Government Accountability Project respectfully request leave to appear as amici curiae and file the accompanying amicus brief, together with Mr. Turner's declaration and supporting exhibits.

Dated: August 27, 2026

/s/ Diana L. Christian
Diana L. Christian

Counsel for Proposed Amici Curiae
Timothy Turner and
Government Accountability Project