BRETT A. SHUMATE
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
STEVEN M. CHASIN (D.C. Bar# 495853)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0747
Email: steven.m.chasin2@usdoj.gov
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| Zachary NIGHTINGALE, *et al.*,<br>Plaintiffs,<br>v.<br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br>Defendants. | No. 3:19-cv-03512-WHO<br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE TO APPEAR AS AMICI CURIAE AND FILE AMICUS CURIAE BRIEF** |

Defendants hereby oppose the Administrative Motion for Leave to Appear as Amici Curiae and File Amicus Curiae Brief (ECF 225) (the "Motion") by Mr. Timothy Turner and Government Accountability Project (the "Proposed Amici"), filed in support of Plaintiffs.

## INTRODUCTION

The United States Department of Justice generally does not oppose motions seeking leave to file amicus briefs in cases in which it serves as counsel. But here, the proposed amicus brief essentially asks this Court to hold Defendants in contempt. The brief argues that "the record supports issuance of an order to show cause," which "is the ordinary procedural vehicle for initiating civil-contempt proceedings" (*see* Proposed Br. of Amici Curie in Supp. of Pls., ECF 225-2 ("Proposed Brief") at 28 (cleaned up))—and repeatedly expounds on what the "moving party" must show for contempt. *See id.* at 21, 27; *see also generally id.* at 8, 21-24. But "an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it,

nor can it file any pleadings or motions in the case." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005). In effect, the Proposed Amici seek de facto intervention, under the guise of an amicus brief. The Court should deny the Motion outright on this basis alone.

Separately, this case is now essentially a discovery proceeding where the parties are informally collaborating and resolving fact-related issues—there no longer is any underlying legal dispute. Neither side has a motion pending with the Court. Rather, over the past nine months (after entering final judgment for Plaintiffs on their FOIA pattern or practice claims, and a permanent injunction against Defendants in 2020), this Court repeatedly has directed the Parties to work *informally* "to resolve as many issues" as they can. *See* ECF 214; *see also* ECF 198. As Plaintiffs recently stated, the parties continue to "further narrow the issue in dispute." *See* ECF 229. *See also* ECF 203 (Court's observation that "[t]he parties have worked well and collaboratively . . . ."). The Court should not allow the Proposed Amici to interfere with this informal but productive process, and impose unnecessary briefing and layers of formality—especially when it is undisputed that Plaintiffs' counsel is capable of representing the class.

In any event, if the Court is disinclined to deny the Motion, at a minimum then, the Court should set limits on Proposed Amici's participation, as explained further below.

**STANDARDS FOR AMICUS CURIAE PARTICIPATION**

The Ninth Circuit has explained that "amici fulfill[] the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).[1] "[A]micus briefs are a vehicle for offering supplemental legal arguments in support of a party's position," and "should not concentrate on, or even address, the

[1] The Motion inaccurately broadens *Miller-Wohl*, claiming that amicus "draw[] the court's attention to relevant . . . considerations." *See* Motion at 2. Rather, the Ninth Circuit actually stated that amici "draw the court's attention to *law* that escaped consideration." *See* 694 F.2d at 204 (emphasis added).

facts offered by the parties and properly before the court." *Miss. Prods. v. Cincinnati Ins. Co.*, 2021 WL 5305864, at *4 (D. Or. Nov. 15, 2021).[2] While this Court has noted that "[d]istrict courts may 'exercise great liberality' in admitting amicus brief," *City & Cnty. of San Francisco v. Trump*, 816 F. Supp. 3d 1017, 1026 n.4 (N.D. Cal. 2026) (Orrick, J.) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007))—it nevertheless has denied amicus participation where inappropriate. *See Mandel v. Bd. of Trs. of Cal. State Univ.*, 2018 WL 5458739, at *11 n.21 (N.D. Cal. Oct 29, 2018) (Orrick, J.) (denying motion for leave because proposed amicus's focus "is not key to the resolution of the pending motions.").

**ARGUMENT**

To begin, the Motion misleadingly asserts that "the proposed amici do not ask the Court to expand or modify [this Court's previously entered permanent] injunction," and instead, "seek only to assist the Court in evaluating compliance . . . and whether further examination is warranted." Motion at 3. Rather, from the beginning, the Proposed Brief purports to "set[] out the governing legal standards for civil contempt of a structural injunction, including the 'all reasonable steps' standard, the impossibility defense . . . and the basis for an order to show cause." Proposed Brief at 8. Then, the brief repeatedly asserts that "[t]he *moving party* must show a violation [by the alleged contemnor] . . . by clear and convincing evidence." *See id. at* 27 (emphasis added), also *id*. at 21. But as explained above, the Proposed Amici (even if allowed to appear) cannot be a "moving party"—they would not even be a "party" in the first place. *See NGV Gaming*, 355 F.

[2] "[A]n amicus who argues facts should rarely be welcomed . . . . [A] district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless . . . the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). *See also Tiara Corp. v. Ullenberg Corp.*, 1987 WL 16612, at *2 (N.D. Ill. Sep. 1, 1987) ("Since the principal function of the district court is resolving issues of fact, district courts should go slow in accepting amicus briefs without the joint consent of the parties . . . .") (citing *Stasser*, 432 F.2d at 569); *United States v. City of New Orleans*, 2022 WL 4465534, at *2 (E.D. La. Sep. 26, 2022) ("factual assertion that the City is in substantial compliance with the Consent Decree" "underpin[s] the arguments raised in the proposed amicus brief," weighing against amicus participation).

Supp. 2d at 1068. Nevertheless, Proposed Amici effectively try to step into the shoes of a "moving party," claiming that they have satisfied the required showing for relief in a matter in which it is not a party. *See* Proposed Brief at 28 ("The Turner Declaration and the defendants' quarterly filings supply a sufficient evidentiary basis for an order to show cause."); *id*. (due to "burden shift[ing]," Defendants "must then demonstrate either all reasonable steps or factual impossibility, neither of which are demonstrable based on the record before the Court."); *see also id*. at 29.

All of this strays so far afield from the proper role of amicus that the Motion should be denied outright. *See, e.g., Twitch Interactive, Inc. v. Fishwoodco GmbH,* 2023 WL 3751798, at *6 (N.D. Cal. May 31, 2023) (denying leave to file amicus brief, in opposition to petition to confirm arbitration awards, because the "[m]ovants' proposed brief exceeds the traditional, limited role of an amicus curiae": the movants "essentially seek vacatur of the subject JAMS arbitration awards, in the guise of an amicus brief . . . ."), *R. & R. adopted in relevant part*, 2023 WL 7458374, at *5 (N.D. Cal. Nov. 9, 2023). At bottom, Proposed Amici have never sought intervention, and the Court should decline to allow them to evade the requirements of Fed. R. Civ. Proc. 24, merely by their appearing under the guise of amici.

Second, the Proposed Brief seeks to short-circuit and interrupt the ongoing, informal resolution process—both productive and efficient—that the Court directed. Importantly, the Parties *already* are using the Court-directed informal resolution process to address concerns identified in the Proposed Brief. Specifically, in their recent September 18 filing, Plaintiffs recounted that their informal responses and requests to Defendants (sent on September 16) "indicat[ed] that additional items had been resolved, identif[ied] the remaining outstanding issues, *and rais[ed] a few additional issues arising from the proposed amicus brief and exhibits*, ECF 225." *See* ECF 229 at 2 (emphasis added). Proposed amici never cite any reason why the Parties should not continue to resolve these issues on their own, pursuant to the court-directed informal mechanism. Nor do they explain how it would be productive to divert Defendants' attention from this ongoing process, which aims to obviate altogether any motion to enforce by Plaintiffs.

Notably, Fed. R. App. P. 29—upon which the Motion expressly relies (*see* Motion at 2) and which district courts routinely apply[3]—contemplates that an amicus brief is tethered to a "*principal brief*."[4] As explained, no brief by either side is pending in this case—rather, the parties have been endeavoring to narrow and eliminate issues so as to obviate Plaintiffs filing a motion to enforce, pursuant to the pending briefing schedule. *See* ECF 222, *see also* ECF 229. This warrants, at a minimum, that the Court deny the Motion without prejudice to refiling, if and when Plaintiffs file a Motion to Enforce (which again, the parties are actively working to obviate).

Finally, in the event the Court is disinclined to deny the Motion, then "the [C]ourt . . . [should] take[] this opportunity to remind the [Proposed Amici] of the limits of amicus participation." *NGV Gaming*, 355 F. Supp. 2d at 1068, *id.* at 1069 (caveating that proposed amicus may "participate as amicus curiae in accordance with the parameters set out herein."); *Greater Hells Canyon Council v. Stein*, 2018 WL 438924, at *2 (D. Or. Jan. 16, 2018) (limiting amicus participation because "[t]he Court is mindful . . . of the additional demand that further argument adds to this matter's already considerable briefing."). Here, if the Court does allow the Proposed Amici to appear, their participation should be limited to their already-filed Proposed Briefing—with no rights to further briefing or participation in any status conferences or hearings. *See generally*, Fed. R. App. P. 29(a)(7)-(8). In the meantime, Defendants intend to continue focusing on responding to Plaintiffs' informal requests, including, as noted above, responding to the concerns which Plaintiffs raise from the Proposed Brief—in advance of the (requested) November 2, 2026, deadline for Plaintiffs' motion to enforce. *See* ECF 229-1.

---

[3] *See e.g., Yered v. E. Me. Healthcare Sys*., 2026 WL 2690045 (D. Me. Sep. 14, 2026) (relying on Fed. R. App. P. 29 where, as here, neither the Federal Rules of Civil Procedure nor the District Court's Local Rules address the filing of amicus curiae briefs); *Greater Hells Canyon Council v. Stein*, 2018 WL 438924, *2 (D. Or. Jan. 16, 2018) (applying Fed. R. App. P. 29).

[4] *See* Fed. R. App. P. 29(a)(6) (Time for Filing) ("An amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed.").

Dated: September 24, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN (D.C. Bar#495853)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0747
Email: steven.m.chasin2@usdoj.gov

*Counsel for Defendants*